UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DR. DELOIS BLAKELY, BISHOP SHIRLEY
PITTS, MS. MARGARET CALLENDER

Plaintiff(s)

07 CV 3951 (DC)

Vs.

NEW YORK CITY CORPORATION COUNSEL,
MICHAEL A. CORDOZO; NEW YORK CITY
CORPORATION ASSISTANT COUNSEL,
LESLIE SPITALNICK; 100 CHURCH STREET,
NY, NY 10007; MARTHA E. STARK, NY CITY
COMMISSIONER OF FINANCE, 66 JOHN
STREET, 3RD FLOOR, NEW YORK, NY 10038;
SHAUN DONOVAN, NY CITY HPD
COMMISSIONER THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION
& DEVELOPMENT HPD, 100 GOLD STREET,
ROOM 1R, NEW YORK, NY 10038; MYRIAM
ELLIS, IN HER OFFICIAL CAPACITY AS HPD
REPRESENTATIVE, 100 GOLD STREET, ROOM
1R, NEW YORK, NY 10038; MARK MATTHEW,
100 GOLD STREET, ROOM 1R, NEW YORK, NY
10038

Defendant(s)

------------------------------------------------------------------------x

# CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

MICHAEL A. CARDOZO
Corporation Counsel
  of the City of New York
Attorney for City Defendants
100 Church Street, Room 5-154
New York, New York 10007
(212) 788-0461

June 29, 2007

GABRIEL TAUSSIG
MARK M. MUSCHIENHEIM
CHRISTINA L. HOGGAN
  Of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................. 3

ARGUMENT ...................................................................................................... 5

POINT I

PLAINTIFFS DO NOT HAVE STANDING TO PURSUE THEIR CLAIMS AS THEY DO NOT OWN THE SUBJECT PREMISES ................................................................. 5

POINT II

PLAINTIFFS' 18 U.S.C. §§ 241, 242 AND 245 AND 42 U.S.C. § 3631 CLAIMS FAIL TO STATE A CAUSE OF ACTION AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE CAUSE OF ACTION .......................................... 7

1. 18 U.S.C. §§ 241, 242 and 245 ..................................... 7

2. 42 U.S.C. § 3631 ......................................................... 7

POINT III

PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983 ...................................................... 8

POINT IV

AS PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST CITY DEFENDANTS UNDER FEDERAL LAW, THIS COURT LACKS SUBJECT MATTER JURISDICTION .................................................. 10

1. Challenges to tax assessments and HPD annual registration fee for rent stabilized units .......................................... 11

2. Challenging water and wastewater charges .................... 12

3. Challenging HPD Emergency Repair Charges ................ 13

**Page**

4.  Challenging DOB fees for an illuminated sign permit ..................13

5.  Challenging annual registration fees for rent stabilized units........13

POINT V

EVEN IF THIS COURT RETAINS JURISDICTION
OVER THE STATE LAW CLAIMS, THE
ALLEGATIONS AGAINST THE CITY DEFENDANTS
SHOULD BE DISMISSED AS THEY FAIL TO STATE A
CAUSE OF ACTION UNDER STATE LAW .........................................14

1.  Plaintiffs fail to state a cause of action as to the relief
    sought ..........................................................................................15

2.  Plaintiffs are not authorized to unilaterally declare that
    HDFC is a tax exempt entity.......................................................16

CONCLUSION...................................................................................................... 17

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                <u>**Pages**</u>

<u>24 Hour Fuel Oil Corp. v. Long Island Rail Road Co.</u>,
    903 F. Supp. 393 (E.D.N.Y. 1995) ...................................................................11

<u>78 South First Street Housing Development Fund Corp. v. Crotty</u>,
    75 N.Y.2d 982 (1990) ...................................................................12, 15

<u>Albany v. Assessors of Town of Coeymans</u>,
    253 App. Div. 436.............................................................................16

<u>Alfaro Motors, Inc. v. Ward</u>,
    814 F.2d 883 (2d Cir. 1987)...............................................................9

<u>Birmingham v. Ogden</u>,
    70 F. Supp. 2d 353 (S.D.N.Y. 1999)...................................................12

<u>Braga v. United States HUD</u>,
    1996 U.S. Dist. LEXIS 16723 (S.D.N.Y. 1996)......................................7

<u>Braga v. United States HUD</u>,
    1996 U.S. Dist. LEXIS 15897 (1996)...................................................8

<u>Brandstein v. White Lamps, Inc.</u>,
    20 F. Supp. 369, 370 (S.D.N.Y. 1937) ................................................6

<u>Brooklyn Bridge Park Coalition v. Port Auth.</u>,
    951 F. Supp. 383   (E.D.N.Y. 1997) ....................................................11

<u>Cok v. Cosentino</u>,
    876 F.2d 1 (1st Cir. R.I. 1989)...........................................................7

<u>Dugar v. Coughlin</u>,
    613 F. Supp. 849 (S.D.N.Y 1985) ......................................................7

<u>Fine v. City of New York</u>,
    529 F.2d 70, 73 (2d Cir. 1975) ..........................................................9

Fiorino v. Turner,
       476 F. Supp. 962 (D.Ma. 1979) ..................................................................7

Giordano v. City of New York,
       274 F.3d 740 (2d Cir. 2001)....................................................................11

Gladstone, Realtors v. Village of Bellwood,
       441 U.S. 91, 99 (1979) ..............................................................................6

Gomez v. Toledo,
       446 U.S. 635, 638 (1980) ..........................................................................8

Harlow v. Fitzgerald,
       457 U.S. 800 (1982) ..................................................................................9

Jones v. Niagara Frontier Transp. Authority,
       722 F.2d 20, 22 (2d Cir. 1983)
       cert denied 479 U.S. 932(1986) ................................................................6

Koch v. Yunich,
       533 F.2d 80, 85 (2d Cir. 1976) ..................................................................9

Lujan v. Defenders of Wildlife,
       504 U.S. 555, 560 (1992) ..........................................................................5

Marinoff v. United States Department of Housing & Urban Development,
       892 F. Supp. 493 (S.D.N.Y 1995) ............................................................7

Marinoff v. United States Department of Housing & Urban Development,
       892 F. Supp. 493 (S.D.N.Y 1994),
       aff'd 78 F.3d 64, 1996 (2d Cir. N.Y. 1996)..............................................7

Matter of City of Little Falls v. Board of Assessors,
       68 A.D.2d 734......................................................................................16

Matter of Raer Corp. v Village Board of Trustees,
       78 A.D.2d 989......................................................................................16

Matter of Rokowsky v Finance Administrator,
       41 N.Y.2d 574......................................................................................16

People ex rel. Northchester Corp. v. Miller,
       288 N.Y. 163 (1942)..............................................................................11

Roffman v. City of New York,
       2002 U.S. Dist. LEXIS 23665 (S.D.N.Y. 2002)......................................8

Sauls v. Bristol-Myers Co.,
   462 F. Supp. 887 (S.D.N.Y 1979) ...................................................................7

Shapiro, Bernstein & Co. v. Continental Record Co.,
   386 F.2d 426, 427 (2d Cir. 1967) ..................................................................6

Simon v. Eastern Kentucky Welfare Rights Org.,
   426 U.S. 26, 38, 41 (1976) ..............................................................................6

Southwest Express Co. v. ICC,
   670 F.2d 53, 55 (5th Cir. 1982) ....................................................................6

Sterling Estates Inc. v. Board of Assessors,
   66 N.Y.2d 122 (1985) ..............................................................................12, 15

United States v Colvin,
   353 F.3d 569 (7th Cir. Ind. 2003),
   cert den 125 S Ct 308 (204) ..........................................................................8

United States v Magleby,
   420 F.3d 1136 (10th Cir. Utah 2005),
   cert den 126 S. Ct. 1879 (2006) ....................................................................8

United States v May,
   359 F.3d 683 (4th Cir. N.C. 2004)................................................................8

United States v Stewart,
   65 F.3d 918 (11th Cir. Ala. 1995),
   cert den 516 US 1134 (1996) ........................................................................8

Valencia v. Lee,
   316 F.3d 299 (2d Cir. 2003).........................................................................11

Valley Forge Christian College v. Americans United for Separation of Church & State
   Inc.,
   454 U.S. 464 (1982) .......................................................................................5

Verbeek v. Teller,
   114 F. Supp. 2d 139 (E.D.N.Y. 2000) .......................................................12

Wittenberg v. New York,
   135 A.D.2d 132 (1st Dep't), aff'd 73 N.Y.2d 753 (1988) .........................13

**Statutes**                                                                                    **Pages**

9 NYCRR § 2523.7 ..................................................................................................13

9 NYCRR § 2527 et seq. .......................................................................................14

18 U.S.C. § 241 ...................................................................................................2, 7

18 U.S.C. § 242 ...................................................................................................2, 7

18 U.S.C. § 245 ...................................................................................................2, 7

28 U.S.C. § 1367(a) ..............................................................................................11

28 U.S.C. § 1367(c) ..............................................................................................11

42 U.S.C. §1983 ...............................................................................2, 3, 8, 9, 10

42 U.S.C. § 3631 ..............................................................................................2, 7, 8

Fed. R. Civ. Pr 12(b)(6) ..........................................................................................2

NYC Administrative Code § 11-409 ......................................................................3

NYC Administrative Code § 11-412.1 ..................................................................16

NYC Administrative Code § 11-412.1(c) ..............................................................16

NYC Administrative Code § 11-412.1(d) ..............................................................16

NYC Administrative Code § 26-212(6)(a) ............................................................13

NYC Administrative Code §26-250 ......................................................................13

NYC Administrative Code § 26-517 ......................................................................13

NYC Administrative Code § 26-517.1 .............................................................13, 14

NYC Administrative Code § 27-2125 ....................................................................13

NYC Administrative Code § 27-2129 ....................................................................13

NYC Charter §§ 163-166................................................................................11, 12, 15

NYC Charter § 648 ................................................................................................13

NYC Charter §§ 666(6)(a) ............................................................................................ 13

NYCPLR. § 7801-04 ...................................................................................... 12, 13, 14

NYCPLR. § 7801 ......................................................................................................... 12

NYCPLR. § 7802(a) ..................................................................................................... 12

NYCPLR. § 7803 ......................................................................................................... 12

NYC Public Authorities Law § 1045-g ....................................................................... 12

NYC Public Authorities Law § 1045-j ........................................................................ 12

NY Private Housing Finance § 577 ....................................................................... 16, 17

NY Private Housing Finance § 577(a) ............................................................. 2, 15, 16

NY Private Housing Finance § 577(1)(a) .................................................................... 16

NY Private Housing Finance § 577(3)(a) .................................................................... 17

NYS Finance Law Article 11 .................................................................................. 2, 14

Real Property Tax Law § 706(2) ................................................................................. 16

Real Property Tax Law Article 7 ...................................................................... 11, 12, 15, 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DR. DELOIS BLAKELY, BISHOP SHIRLEY
PITTS, MS. MARGARET CALLENDER

Plaintiff(s)                                                    **07 CV 3951**

Vs.

NEW YORK CITY CORPORATION COUNSEL,
MICHAEL A. CORDOZO; NEW YORK CITY
CORPORATION ASSISTANT COUNSEL,
LESLIE SPITALNICK; 100 CHURCH STREET,
NY, NY 10007; MARTHA E. STARK, NY CITY
COMMISSIONER OF FINANCE, 66 JOHN
STREET, 3RD FLOOR, NEW YORK, NY 10038;
SHAUN DONOVAN, NY CITY HPD
COMMISSIONER THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION
& DEVELOPMENT HPD, 100 GOLD STREET,
ROOM 1R, NEW YORK, NY 10038; MYRIAM
ELLIS, IN HER OFFICIAL CAPACITY AS HPD
REPRESENTATIVE, 100 GOLD STREET, ROOM
1R, NEW YORK, NY 10038; MARK MATTHEW,
100 GOLD STREET, ROOM 1R, NEW YORK, NY
10038

Defendant(s)

------------------------------------------------------------------------x

# CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

## PRELIMINARY STATEMENT

Defendants LESLIE SPITALNICK, Assistant Corporation Counsel of the City of

New York; MARTHA E. STARK, Commissioner of the New York City Department of Finance

("DOF"); SHAUN DONOVAN, Commissioner of the New York City Department of Housing

Preservation and Development ("HPD"); MYRIAM ELLIS, in her official capacity as an HPD

employee; and MARK MATTHEW, in his official capacity as an HPD employee, by their

attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, and MICHAEL A.

CORDOZO, Corporation Counsel of the City of New York, appearing pro-se, respectfully submit this memorandum of law in support of their motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), on the ground that Plaintiffs fail to state a cause of action upon which relief can be granted.

*Pro Se* Plaintiffs commenced this action by Summons and Complaint dated May 21, 2007. A copy of the Summons and Complaint are annexed to the Accompanying Declaration as Exhibit "M." The complaint alleges, *inter alia*, that Defendants in commencing an in rem tax foreclosure action against 477 West 142nd Street, New York, New York (the "subject premises") violated 18 U.S.C. § 241, 242 and 245, as well as 42 U.S.C. § 3631 and 42 U.S.C. §1983. Based on the alleged violations, Plaintiffs seek an order 1) appointing an attorney to "review [the] New York State Tax Laws as [they] relate[] to corporations organized Article 11 of New York State Finance Law," 2) appointing an independent accountant to configure a tax bill for the subject premises which the City would be enjoined from foreclosing on for a period of at least six months so as to permit Plaintiffs to obtain grants to pay the outstanding taxes, 3) "turn[ing] 477 West 142nd Street, HDFC over to the New Future Foundation, Inc.," and 4) monetary damages in the amount of ten million dollars. See Complaint ¶¶ 23-27. Additionally, Plaintiffs unilaterally declare that 477 West 142nd Street HDFC ("HDFC") is tax exempt pursuant to New York Private Housing Finance ("NY Private Housing Finance") § 577(a).

As set forth below, Plaintiffs fail to state a cause of action as Plaintiffs do not have standing to bring the instant action insofar as they do not own the subject premises. Further, even if the Court were to find that Plaintiffs had standing to bring the instant action, they fail to state a cause of action under 18 U.S.C. § 241, 242 and 245 and 42 U.S.C. § 3631 as the statutes do not provide for a private cause of action. Additionally, Plaintiffs fail to state a cause

of action under 42 U.S.C. §1983 as they do not set forth how or which of their constitutional rights were violated. Thus, as Plaintiffs fail to state a cause of action under federal law, the Complaint should be dismissed in its entirety.

## STATEMENT OF RELEVANT FACTS

On January 9, 2004, the City commenced an in rem tax foreclosure action, *In Rem Tax Foreclosure Action No. 46, Borough of Manhattan*, Index No. 580001/04 (Solomon, J.) ("Manhattan 46"), against delinquent tax parcels, including the subject premises. As of January 9, 2004, the outstanding taxes other charges against the subject premises was $302,370.03. The lien was comprised of delinquent taxes, unpaid water and wastewater charges and other unpaid charges[1] dating back to November 1992. As of September 21, 2006, the amount of delinquent property taxes and related charges had increased to $475,172.96. Copies of the relevant pages of the List of Delinquent Taxes regarding the subject premises and DOF website showing the amount of taxes and other charges owed on the subject premises as of September 21, 2006 are annexed to the Accompanying Declaration as Exhibits "A" and "B."

On April 29, 2004, HDFC, the owner of the subject premises, served the City with an Answer in Manhattan 46, thereby resulting in the severance of subject premises from the in rem foreclosure action pursuant to Administrative Code § 11-409. A copy of the Answer is annexed to the Accompanying Declaration as Exhibit "C."

On or about December 22, 2006, the City moved for summary judgment against the subject premises seeking a judgment of foreclosure. A copy of the Motion for Summary Judgment is annexed to the Accompanying Declaration as Exhibit "D."

---

[1] The other unpaid charges were for expenses incurred as a result of HPD Emergency Repair Charges, HPD annual registration fees for rent stabilized units, and DOB fees for an illuminated sign permit.

On or about April 16, 2007, Shirley Pitts, as Vice President and a shareholder of HDFC, opposed the City's motion for summary judgment.  While HDFC did not submit independent opposition papers, Ms. Pitts' opposition, based on a communication from her attorney to the Court, was treated as HDFC's opposition papers.  A copy of Ms. Pitts' opposition is annexed to the Accompanying Declaration as Exhibit "E."  See also a copy of the April 23, 2007 Decision and Order is annexed to the Accompanying Declaration as Exhibit "F."

On April 19, 2007, the City served Ms. Pitts with its reply papers.  A copy of the City's reply is annexed to the Accompanying Declaration as Exhibit "G."

By Decision and Order dated April 23, 2007, the Court granted the City's motion for summary judgment and directed the City to settle judgment upon notice.  See Exhibit "F" annexed to the Accompanying Declaration.

On or about May 21, 2007, the City filed a Proposed Judgment of Foreclosure with the Clerk of the Court for settlement, signature and entry.  A copy of the signed Proposed Judgment of Foreclosure is annexed to the Accompanying Declaration as Exhibit "H."

On or about May 24, 2007, HDFC moved for re-argument seeking among other things to vacate the April 23, 2007 Decision and Order.  HDFC asserted that it had not submitted opposition to the City's motion for summary judgment due to a series of miscommunications.  As part of its moving papers, HDFC set forth its opposition to the City's motion for summary judgment.  A copy of HDFC's motion to reargue is annexed to the Accompanying Declaration as Exhibit "I."

On or about June 6, 2007, the City served opposition papers upon HDFC.  A copy of the City's opposition is annexed to the Accompanying Declaration as Exhibit "J."

On or about June 8, 2007, HDFC served the City with a Reply Affirmation in further support of its motion. A copy of the reply affirmation is annexed to the Accompanying Declaration as Exhibit "K."

By Decision dated June 11, 2007, the Court vacated the April 23, 2007 Decision and Order and reconsidered the City's motion for summary judgment. After reviewing the parties submissions, including HDFC's opposition, the Court granted the City's motion for summary judgment finding that HDFC "ha[d] not proffered evidence of inaccuracy of calculation and what correct amount is due." A copy of the June 11, 2007 Decision is annexed to the Accompanying Declaration as Exhibit "L." Additionally, the Court signed the City's Proposed Judgment of Foreclosure. See Exhibit "H" annexed to the Accompanying Declaration.

## ARGUMENT

## POINT I

### PLAINTIFFS DO NOT HAVE STANDING TO PURSUE THEIR CLAIMS AS THEY DO NOT OWN THE SUBJECT PREMISES

The doctrine of standing addresses the question of whether a plaintiff is entitled to have the court decide the merits of its claims. "Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To have standing, a party must "'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S.

464 (1982) citing Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979); Simon v.

Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38, 41 (1976).

      1.      Here, Plaintiffs do not have standing to bring the instant suit as they do not

own the subject premises which was the subject of the in rem tax foreclosure action. See a copy

of the Deed for the subject premises annexed to the Accompanying Declaration as Exhibit "N."

Rather, HDFC owns the subject premises. As such, Plaintiffs cannot demonstrate that they have

suffered an actual or threatened injury as a result of the City's imposition and enforcement of

liens on the subject premises. Accordingly, their claims should be dismissed.

      To the extent Plaintiffs seek to bring the action on behalf of HDFC, they are not

authorized to do so. "[I]t is established that a corporation, which is an artificial entity that can

only act through agents, cannot proceed pro se." Jones v. Niagara Frontier Transp. Authority,

722 F.2d 20, 22 (2d Cir. 1983) cert denied 479 U.S. 932(1986) citing Shapiro, Bernstein & Co.

v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967); Southwest Express Co. v. ICC, 670

F.2d 53, 55 (5th Cir. 1982); Brandstein v. White Lamps, Inc., 20 F. Supp. 369, 370 (S.D.N.Y.

1937) "Since, of necessity, a natural person must represent the corporation in court, [the Second

Circuit] ha[s] insisted that that person be an attorney licensed to practice law before our courts."

Id. citing Shapiro Bernstein & Co., 386 F.2d at 427; Brandstein, 20 F. Supp. at 370.

      Consequently, as Plaintiffs have not personally suffered injuries as a result of the

City's actions and as they may not represent HDFC, the instant action should be dismissed in its

entirety.

## POINT II

### PLAINTIFFS' 18 U.S.C. §§ 241, 242 AND 245 AND 42 U.S.C. § 3631 CLAIMS FAIL TO STATE A CLAIM AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION

Even if the Court were to find that Plaintiffs have standing, Plaintiffs' claims still 18 U.S.C. §§ 241, 242 and 245 and 42 U.S.C. § 3631 do not provide for a private right of action. Rather, as set forth below, they are criminal statutes utilized by federal prosecutors.

### 1. 18 U.S.C. §§ 241, 242 and 245

Plaintiffs, relying upon 18 U.S.C. §§ 241, 242 and 245, assert that Defendants, in commencing an in rem foreclosure action against the subject premises violated their civil rights. While 18 U.S.C. §§ 241, 242 and 245 "relate to deprivation of civil rights, ...there is no private right of action under any of these statutes." See Dugar v. Coughlin, 613 F. Supp 849, 852 (S.D.N.Y 1985). See also Sauls v. Bristol-Myers Co., 462 F. Supp. 887 (S.D.N.Y 1979). Rather, 18 U.S.C. §§ 241, 242 and 245 are federal criminal statutes which are enforceable by United States Attorney's Office. See Cok v. Cosentino, 876 F.2d 1 (1st Cir. R.I. 1989); Fiorino v. Turner, 476 F. Supp. 962 (D.Ma. 1979). Accordingly, since 18 U.S.C. §§ 241, 242 and 245 do not provide for a private right of action and as Plaintiffs are not authorized to enforce such, they fail to state a claim and their claims should be dismissed.

### 2. 42 U.S.C. § 3631

Plaintiffs, relying on 42 U.S.C. § 3631, assert that their civil rights were violated. Title 42 U.S.C. § 3631 does not provide for a private right of action. See eq. Marinoff v. United States Dep't of Hous. & Urban Dev., 892 F. Supp. 493 (S.D.N.Y 1995), adopting Marinoff v. United States Dep't of Hous. & Urban Dev., 892 F. Supp. 493 (S.D.N.Y 1994), aff'd 78 F.3d 64, 1996 (2d Cir. N.Y. 1996); Braga v. United States HUD, 1996 U.S. Dist. LEXIS 16723

(S.D.N.Y 1996), adopting Braga v. United States HUD, 1996 U.S. Dist. LEXIS 15897 (1996). Rather, it sets forth criminal penalties, including prison sentences, which may be imposed as a result of a federal prosecution for "[w]hoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with" a person housing obtaining housing due to a persons "race, color, religion, sex, handicap.... [or] familial status." See eq United States v Stewart, 65 F3d 918 (11th Cir. Ala. 1995), cert den 516 US 1134 (1996); United States v Colvin, 353 F3d 569 (7th Cir. Ind. 2003), cert den 125 S Ct 308 (204); United States v May 359 F3d 683 (4th Cir. N.C. 2004); United States v Magleby, 420 F3d 1136 (10th Cir. Utah 2005), cert den 126 S. Ct. 1879 (2006). Consequently, as 42 U.S.C. § 3631 does not provide a private right of action and as Plaintiffs are not authorized to enforce such, their claim fails and should be dismissed.

## POINT III

### PLAINTIFFS FAIL TO STATE A CLAIM UNDER 42 U.S.C. § 1983

"Section 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" Gomez v. Toledo, 446 U.S. 635, 638 (1980). "To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Roffman v. City of New York, 2002 U.S. Dist. LEXIS 23665, *10 (S.D.N.Y. 2002). See also Gomez, 446 U.S. at 640.

"[I]t is well settled that to state a civil rights claim under 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which

are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) citing Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976); Fine v. City of New York, 529 F.2d 70, 73 (2d Cir. 1975)).

Here, Plaintiffs allege that the liens imposed against the subject premises were "punitive, suspicious, and racially motivated." See Complaint at ¶ 10. Such is not sufficient to assert a 42 U.S.C. § 1983 claim as it is a "broad, simple, and conclusory statement[]." See Alfaro Motors, Inc., 814 F.2d at 887. Moreover, Plaintiffs fails to assert which of their constitutional rights were violated due to the imposition and enforcement of liens on the subject premises. Due to these deficiencies in the pleadings, Plaintiffs fail to state a claim, and their claim should be dismissed.[2]

Further, even if the Court were to find that Plaintiffs could maintain a 42 U.S.C § 1983 claim, Defendants Michael A. Cardozo and Leslie Spitalnick are immune from liability. The United States Supreme Court "ha[s] recognized a qualified immunity defense for... state officials sued under 42 U.S.C. § 1983." Johnson v. Fankell, 520 U.S. 911, 914 (1997) "[O]fficials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id at 914-15 citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)."

---

[2] To the extent the Court interprets Plaintiffs' Complaint as alleging that their 13th and 14th Amendment rights as well as their Constitutional right to contract would be violated if they filed for tax amnesty for the subject premises as a 42 U.S.C. §1983 claim, Plaintiffs fail to state a cause of action. Plaintiffs do not allege that their rights have been actually violated. Instead, Plaintiffs hypothesis that if they opted to participate in the tax amnesty program, that their rights would be violated. Such is not sufficient to state a 42 U.S.C. § 1983 cause of action since Plaintiffs do not allege an actual.

This "qualified immunity" defense is valuable to officials asserting it for two reasons. First, if it is found applicable at any stage of the proceedings, it determines the outcome of the litigation by shielding the official from damages liability. Second, when the complaint fails to allege a violation of clearly established law or when discovery fails to uncover evidence sufficient to create a genuine issue whether the defendant committed such a violation, it provides the defendant with an immunity from the burdens of trial as well as a defense to liability.

Id at 915.

Here, Mr. Cardozo and Ms. Spitalnick's actions in commencing an in rem tax foreclosure action against the subject premises did not violate Plaintiffs statutory or constitutional rights.  Instead, Mr. Cardozo and Ms. Spitalnick, acted in accordance with Administrative Code § 11-401, et seq which permits the City to commence an in rem tax foreclosure where a property has outstanding tax liens.  Indeed, no reasonable person would have reason to know that this course of action would violate any of Plaintiffs' clearly established statutory or constitutional rights.[3]  Accordingly, the 42 U.S.C § 1983 claim should be dismissed, if not in its entirety, as to Mr. Cardozo and Ms. Spitalnick.

## POINT V

### AS PLAINTIFFS FAIL TO STATE A CLAIM AGAINST CITY DEFENDANTS UNDER FEDERAL LAW, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

This Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims, i.e., their attempt to challenge the calculation of the tax lien which is presently

---

[3] Notably, as set forth in this motion, Defendants contend that Plaintiffs' statutory and constitutional rights were not violated.

being foreclosed upon. The District Court's power to decide state claims is governed by 28 U.S.C. § 1367(a), which provides: "[i]n any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c) provides that the court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In the instant case, presuming the federal claims are dismissed, the assertion of supplemental jurisdiction over the state law claims is not appropriate. See Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); Giordano v. City of New York, 274 F.3d 740, 754-755 (2d Cir. 2001); Brooklyn Bridge Park Coalition v. Port Auth., 951 F. Supp. 383  (E.D.N.Y. 1997); 24 Hour Fuel Oil Corp. v. Long Island Rail Road Co., 903 F. Supp. 393, 399 (E.D.N.Y. 1995). Therefore, as Plaintiffs' federal claims should be dismissed, this Court should refrain from exercising supplemental jurisdiction. Notably, there are special proceedings afforded under New York State Law through which parties can challenge the liens assessed against the subject premises.

## 1. Challenges to tax assessments

A party seeking to challenge real property taxes may commence a proceeding pursuant to Real Property Tax Law Article 7 tax certiorari which is the exclusive remedy for challenging a tax assessment. See New York City Charter ("NYC Charter") §§ 163-166; People

ex rel. Northchester Corp. v. Miller, 288 N.Y. 163, 169 (1942); Sterling Estates Inc. v. Board of Assessors, 66 N.Y.2d 122 (1985); 78 South First Street Hous. Dev. Fund Corp. v. Crotty, 75 N.Y.2d 982 (1990). As set forth in NYC Charter § 163, in order to challenge a tax assessment, a party must first file an application with the New York City Tax Commission challenging the tax assessment and obtain a final agency determination. Upon receiving a final agency determination, the applicant can commence a Real Property Tax Law Article 7 tax certiorari in New York Supreme Court proceeding prior to October 25 of each tax year at issue. See NYC Charter §§ 163-166.

## 2. Challenging water and wastewater charges

Similarly, a procedure is available to a customer who disagrees with a water and wastewater bill issued by New York City Department of Environmental Protection ("DEP"), pursuant to Public Authorities Law §§1045-g and j, the New York City Water Board has established a three-step administrative appeals process by which customers may challenge DEP bills. After exhausting this process, a party may commence a CPLR Article 78 proceeding in New York Supreme Court in order to challenge the final agency determination.[4] See New York Civil Practice Law and Rules ("CPLR") §§ 7801-04.

---

[4] New York State created a special proceeding by which parties may challenge final agency determinations. This special proceeding is codified in Article 78 of the CPLR. See CPLR § 7801, 7803. See also Verbeek v. Teller, 114 F. Supp. 2d 139, 142 (E.D.N.Y. 2000) (an "Article 78 is 'a novel and special creation of state law' and 'a purely state procedural remedy.' Article 78 provides a special proceeding for judicial review of action by every court, tribunal, board, corporation, officer, or other person, or aggregation of persons....' N.Y.C.P.L.R. § 7802(a). 'It cannot be said that an Article 78 proceeding ... is a suit of a civil nature at common law or in equity.' Rather, Article 78 actions were 'designed for the state courts, and are best suited to adjudication there.'" (quoting Birmingham v. Ogden, 70 F. Supp. 2d 353, 372 (S.D.N.Y. 1999).).

### 3. Challenging HPD Emergency Repair Charges

Pursuant to New York City Administrative Code ("Administrative Code") §§ 27-2125 and 27-2125, where an owner fails to correct Housing Maintenance Code violations, HPD is authorized to do so and impose a lien on the property for the cost incurred in effectuating the repairs.  In accordance with Administrative Code § 27-2129 an owner may, within a thirty-day time period, protest the recovery of expenses by HPD.  After availing themselves of this administrative procedure and receiving a final agency determination, a party, if aggrieved, may commence an Article 78 proceeding in New York Supreme Court.  See CPLR §§ 7801-04.

### 4. Challenging DOB fees for an illuminated sign permit

Administrative Code § 26-212(6)(a) sets forth the fees associated with obtaining and annually renewing a DOB illuminated sign permit.  Where a permittee alleges they have been aggrieved by a determination made by DOB, here, the assessment of an illuminated sign permit fee, they are able to appeal the determination to the New York City Board of Standards and Appeals ("BSA").  See NYC Charter §648 and §666(6)(a) and NYC Administrative Code §26-250.  Parties aggrieved by the BSA's determination, may commence Article 78 proceedings in New York Supreme Court.  See CPLR §§ 7801-04.

### 5. Challenging annual registration fees for rent stabilized units

Pursuant to Administrative Code § 26-517, owners of housing units which are subject to rent stabilization are required to annually register stabilized units with the New York State Division of Housing and Community Renewal ("DHCR").  See also 9 New York City Rules and Regulations ("NYCRR") § 2523.7.  In return for administering the City's rent stabilization program, DHCR charges the city a fee.  Wittenberg v. New York, 135 A.D.2d 132 (1st Dep't) aff'd 73 N.Y.2s 753 (1988).  Pursuant to Administrative Code § 26-517.1, in order to offset the fee charged by DHCR, the City is permitted to recoup an annual fee of $10 per unit

registered with the DHCR from the property owners. Consequently, as HPD bases the annual

fee charged to property owners on the DHCR registry list, owners seeking to challenge the

imposition of the fee are permitted to administratively challenge the registry list with the DHCR

so as to amend the registry list. See 9 NYCRR § 2527 et seq. Upon receiving a determination

from DHCR, an owner can request that HPD recalculate the annual registration fee in accordance

with Administrative Code § 26-517.1 utilizing the new registration list. Alternatively, if the

owner is aggrieved by the determination and seeks further modifications to the DHCR registry

list, the owner may commence Article 78 proceedings in New York Supreme Court. See CPLR

§§ 7801-04.

## POINT VI

**EVEN IF THIS COURT RETAINS JURISDICTION OVER THE STATE LAW CLAIMS, THE ALLEGATIONS AGAINST THE CITY DEFENDANTS SHOULD BE DISMISSED AS THEY FAIL TO STATE A CLAIM**

Even if the Court decides to exercise supplemental jurisdiction over Plaintiffs'

state law claims, the claims should be dismissed under state law because Plaintiffs fail to state a

claim which relief can be granted under state law. Plaintiffs seek an order 1) appointing an

attorney to "review [the] New York State Tax Laws as [they] relate[] to corporations organized

Article 11 of New York State Finance Law," 2) appointing an independent accountant to

configure a tax bill for the subject premises which the City would be enjoined from foreclosing

on for a period of at least six months so as to permit Plaintiffs to obtain grants to pay the

outstanding taxes, 3) "turn[ing] 477 West 142nd Street, HDFC over to the New Future

Foundation, Inc.," and 4) monetary damages in the amount of ten million dollars. See Complaint

¶¶ 23-27. Additionally, Plaintiffs unilaterally declare that HDFC is tax exempt pursuant to NY

Private Housing Finance § 577(a). As set forth below, Plaintiffs fail to state a cause of action for the relief sought and are not authorized to unilaterally declare that HDFC is tax exempt.

## 1. Plaintiffs fail to state a cause of action as to the relief sought

Plaintiffs seek an order 1) appointing an attorney to review the New York State Tax Laws, 2) appointing an independent accountant to configure a tax bill for the subject premises which the City would be enjoined from foreclosing so as to permit Plaintiffs to obtain grants to pay the outstanding taxes, 3) "turn[ing] 477 West 142nd Street, HDFC over to the New Future Foundation, Inc.," and 4) monetary damages in the amount of ten million dollars. See Complaint ¶¶ 23-27. However, Plaintiffs cite to no law upon which they base their claim. Consequently, Plaintiffs fail to state a cause of action upon which relief can be granted.

However, to the extent, it appears Plaintiffs are potentially seeking order 1) appointing an attorney to review the New York State Tax Laws and 2) appointing an independent accountant to configure a tax bill for the subject premises which the City would be enjoined from foreclosing on so as to permit Plaintiffs to obtain grants to pay the outstanding taxes, pursuant to Real Property Tax Law Article 7, they still fail to state a cause of action. As set forth above Real Property Tax Law Article 7 permits a party who has challenged a tax assessment with DOF to subsequently commence a judicial proceeding before the New York State Supreme Court prior to October 25 of each tax year at issue. See NYC Charter §§ 163-166. See also 78 South First Street Hous. Dev. Fund Corp., 75 N.Y.2d at 982; Sterling Estates Inc., 66 N.Y.2d at 126.

"Because of the important purposes to be served by administrative review, the Legislature has specified that protest is a condition precedent to a proceeding under Real Property Tax Law article 7 by providing that a petition seeking review 'must show that a complaint was made in due time to the proper officers to correct such assessment'" Sterling

Estates, Inc., 66 N.Y.2d at 126 citing Real Property Tax Law § 706(2).  "Failure to comply with

that requirement requires dismissal of the aggrieved taxpayer's petition."  Id. citing Matter of

Raer Corp. v Village Bd. of Trustees, 78 A.D.2d 989; Matter of City of Little Falls v Board of

Assessors, 68 A.D.2d 734, 738-740, Albany v Assessors of Town of Coeymans, 253 App Div

436; Matter of Rokowsky v Finance Administrator, 41 NY2d 574, 577).  Here, Plaintiffs have

not shown that they made timely challenged the tax assessment with DOF.  Consequently, even

if Plaintiffs are seeking the relief sought pursuant to Real Property Tax Law Article 7, their claim

fails and should be dismissed.[5]

## 2. Plaintiffs are not authorized to unilaterally declare that HDFC is a tax exempt entity

To the extent, Plaintiffs seek to unilaterally declare HDFC to be a tax exempt

entity pursuant to NY Private Housing Finance § 577(a), Plaintiffs fail to state a cause of action.

While unclear whether Plaintiffs are alleging tax exemption pursuant subdivision (1)(a) or (3)(a)

of NY Private Housing Finance § 577, neither subdivision would permit Plaintiffs to unilaterally

declare HDFC to be a tax exempt entity.  Pursuant to NY Private Housing Finance § 577(1)(a),

"[t]he local legislative body of any municipality in which a project of a housing development

fund company is... located may exempt the real property in such project from local and

municipal taxes..."  As Plaintiffs are not the "local legislative body" of New York City, they are

---

[5] It is worth noting that, pursuant to Administrative Code § 11.412.1, interested parties are
provided an opportunity to redeem a property which is the subject of a foreclosure.  Pursuant to
Administrative Code § 11-412.1(c), the foreclosure judgment provides that the DOF has eight
months, commencing from the date the judgment is entered, in which to transfer class one and
class two foreclosed parcels to either the City or to a third party deemed qualified and designated
by HPD.  For the first four months following the date of entry, owners, mortgagees and other
interested parties have the opportunity to redeem their properties.  See Administrative Code §
11-412.1(d).  Here, the foreclosure judgment was entered on June 26, 2006, as such Plaintiffs'
currently have four months in which they can attempt to redeem the subject premises.
Additionally, during the four month mandatory redemption period and unless or until the DOF
executes a deed to either the City or to a third party deemed qualified and designated by the
HPD, existing owners retain possession and ownership of their properties and are responsible for
their operation and management.  See Administrative Code § 11-412.1(c).

not authorized to declare HDFC to be a tax exempt entity. Further, HDFC is not entitled to tax exemption pursuant to NY Private Housing Finance § 577(3)(a), as the section applies solely to "real property of a state urban development corporation project acquired, owned, constructed, managed or operated by a company incorporated pursuant to the not-for-profit corporation law and this article" which HDFC is not. Accordingly, as Plaintiffs cannot unilaterally declare HDFC to be tax exempt pursuant to NY Private Housing Finance § 577, their claim fails and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Complaint be dismissed in its entirety. In the event that the Court denies this motion, the undersigned requests 30 days from service of the Court's decision to serve an answer to the Complaint.

Dated:     New York, New York
           June 29, 2007

                              Respectfully submitted,

                              MICHAEL A. CARDOZO
                              Corporation Counsel
                                of the City of New York
                              Attorney for City Defendants
                              100 Church Street, Room 5-154
                              New York, New York 10007
                              (212) 788-0461


                    By:       _____
                              Christina L. Hoggan (CH 6877)
                              Assistant Corporation Counsel