Exhibit G

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

------------------------------------------------------------------ x

**DECISION**

Index No. 580001/2004

          Pursuant to the provisions of Title 11 Chapter 4 of the Administrative Code of The City of New York ("Admin. Code"), and in accordance with the requirements of Sections 11-412 and 11-412.1 thereof, this Court hereby determines and finds upon the proof submitted that there has been due compliance herein by the City of New York, the plaintiff herein, with the provisions of said Title 11, Chapter 4, of the Administrative Code, and more particularly this Court determines and finds as follows:

## FINDINGS OF FACT

       1.    On January 9, 2004, the date of filing of the List of Delinquent Taxes hereinafter mentioned and the subject of this action, the City of New York was the owner and holder of unpaid tax liens affecting the parcels of class one and class two real property hereinafter mentioned, which tax liens were, as of such date, unpaid for the period required by Admin. Code § 11-404 of the Administrative Code of the City of New York.

       2.    On January 9, 2004, the Commissioner of Finance caused to be filed in the Office of the Clerk of the County of New York two duplicate verified Lists of Delinquent Taxes including all parcels of property designated on the Tax Map of the City of New York for the Borough of Manhattan affected by unpaid tax liens held and owned by the City of New York

which on that date were unpaid for the period required by Admin. Code § 11-404. The List included all delinquent parcels of class one and class two properties in Manhattan Tax Map Sections 3, 6, 7 and 8 that are subject to a judgment of foreclosure in this proceeding under Admin. Code §§ 11-412.1.

3.     The List contained as to each parcel appearing thereon the following:

a.     A serial number;

b.     A brief description sufficient to identify each parcel affected by such tax liens by stating the section, block, and lot designation for such parcel on the Tax Map and the street number, if there be such; and

c.     A statement of the amount of each tax lien upon each parcel contained in said List of Delinquent Taxes including those due and unpaid for less than the period required by said § 11-404, together with the date or dates from which and the rate or rates at which interest and penalties should be computed.

4.     On or before January 9, 2004, the Commissioner of Finance duly caused

to be filed a certified copy of the List of Delinquent Taxes in each of the following places:

(a)     In the Central Office of the Taxpayer Assistance, Planning and Payment Operations Division of the Department of Finance of the City of New York, 25 Elm Place, 4th floor Brooklyn, New York;

(b)     In the Office of the Corporation Counsel of the City of New York, Tax and Bankruptcy Litigation Division, 100 Church Street, New York, New York 10007; and

(c)     In the Office of the Manhattan Business Center of the Department of Finance, 66 John Street, 2nd floor, New York, New York 10038.

to be posted, and there were posted true copies of the Notice of Foreclosure in each of the

following places:

a.  The public notices bulletin board in the Office of the Commissioner of Finance located in the corridor on the fifth floor, Municipal Building, Chambers and Centre Streets, Borough of Manhattan, New York, New York;

b.  On the bulletin board in the office of the City Collector for the Borough of Manhattan, 66 John Street, 2nd floor, New York, New York;

c.  The Office of the Manhattan Borough President, 1 Centre Street, New York, New York;

d.  The Supreme Court, New York County, 60 Centre Street, New York, New York;

e.  The Central Office of the City Collector of the Department of Finance, 25 Elm Place, Brooklyn, New York;

f.  On the wall in the public interviewer area, Department of Housing Preservation and Development;

g.  The Civil Court, New York County, 111 Centre Street, New York, New York; and

h.  City Register's Office, New York County. 66 John Street 13th floor, New York, New York.

6.  As set forth in the affidavit of Annette Malatesta, sworn to on June 21, 2005 and Donald O'Connell, sworn to June 27, 2005, on January 20, 2004, and on or before the date of the first publication herein mentioned, the Commissioner of Finance caused a copy of the aforesaid Notice of Foreclosure with a statement in the form provided for in Admin. Code §11-406 to be mailed to each owner, mortgagee, lienor, encumbrancer or other person with an interest in the real property contained in said List of Delinquent Taxes, who filed with the City Collector

registration cards pursuant to Admin. Code §§ 11-416 and 11-417, and with regard to every property affected by the List of Delinquent Taxes as to which a registration card was not filed, to the name and address, if any, appearing in the latest annual record of assessed valuations.

7.      Beginning on January 30, 2004, and following the filing of said List of Delinquent Taxes in the Office of the Clerk of New York County, the Commissioner of Finance pursuant to Admin. Code §11-406, caused a Notice of Foreclosure to be published, and the same was accordingly published at least once a week for six weeks in the City Record, the New York Law Journal and the New York Post.

8.      Pursuant to Admin. Code § 11-407, the Notice of Foreclosure fixed April 9, 2004 as the last day for redemption which date was at least ten weeks from the date of the first publication of the said notice.  The Notice also fixed April 29, 2004 as the last date for the service of answer, which was at least twenty days from the last date of redemption pursuant to Admin. Code §11-409.

9.      During the period of redemption, and up until the preparation of the proposed judgment of foreclosure by the Corporation Counsel, certain parcels of class one and class two real property, contained in the List of Delinquent Taxes herein and located within Tax Map Sections 3, 6, 7 and 8 of New York County, were redeemed as set forth in the affidavit of regularity of Martha E. Stark, the Commissioner of Finance.  The Commissioner of Finance thereafter issued Certificates of Redemption as to said parcels which were filed by the Corporation Counsel with the Clerk of New York County, all pursuant to the provisions of Admin. Code §11-413.

10.      This action could not be maintained and had to be discontinued as to certain parcels of class one and class two real property located within Tax Map Sections 3, 6, 7

4

and 8 and the lis pendens pertaining thereto had to be cancelled because said parcels had been included in error, or previously condemned, or acquired by the City of New York, or by the State of New York, or by the United States of America or by other governmental agencies, or by a foreign nation, or are subject to an order in a bankruptcy proceeding, or because the tax liens affecting the parcels had been paid, cancelled, or assigned, or because payments sufficient to liquidate the tax items which rendered the parcels eligible for inclusion in the action were received prior to the filing date of such action but the payments either were not reported in time to remove said parcels from the List of Delinquent Taxes prior to the filing thereof, or were made by uncertified checks which did not clear for payment until after said filing, or were inadvertently applied to a subsequent charge and thereafter transferred to liquidate said eligible tax items, or because a late redemption payment was made pursuant to Admin. Code §11-407, or because the City withdrew the parcels for enforcement via a tax lien sale pursuant to Title 11, Chapter 3 of the Administrative Code.    The Commissioner of Finance thereafter issued Certificates of Withdrawal as to such parcels which were filed by the Corporation Counsel with the Clerk of New York County, all pursuant to the provisions of Admin. Code §11-413.  Said parcels are set forth in the affidavit of regularity of the Commissioner of Finance submitted herewith.

   11. The time to answer the said Notice of Foreclosure or to make any motion with respect thereto has expired.  The parcels of class one and class two real property contained in the List of Delinquent Taxes, and located in Tax Map Sections 3, 6, 7 and 8, and as to which answers were interposed that are still to be disposed of, or as to which litigation or an installment agreement is still pending, must be severed from this action pursuant to Admin. Code §11-409.

Said parcels are set forth in the affirmation of regularity of the Assistant Corporation Counsel submitted herewith.

12.    All affidavits of filing, publication, mailing, and other acts required to be performed by the provisions of Title 11, Chapter 4 of the Administrative Code as to this entire action have been duly made and verified and, as annexed to the affidavits of regularity herein, form part of the judgment roll in this proceeding. The City of New York is accordingly entitled to a judgment of foreclosure to be entered herein upon all of the parcels of class one and class two real property located within Sections 3, 6, 7 and 8 of the New York County Tax Map as to which no answer, litigation or installment agreement is pending and which have not been redeemed or withdrawn. A list of such parcels is annexed to the aforesaid affirmation of regularity of the Assistant Corporation Counsel and designated Exhibit "F" thereto.

## CONCLUSIONS OF LAW

All of the proceedings in this action were regular and taken in due compliance with Title 11, Chapter 4 of the Administrative Code of the City of New York and there has been due and full compliance by the City of New York with the provisions of said statute as to this entire in rem action.

The City of New York is entitled to judgment under Sections §§ 11-412 and 11-421.1 as follows:

a.    Directing that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein;

b.    Directing that each property as to which an answer, litigation or an installment agreement is now pending, be severed from this proceeding and that the City of New

Would have a right to proceed against said properties in the manner described by law;

c.   Directing that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein;

d.   Authorizing the award of possession of any parcel or parcels of class one and class two real property located within Manhattan Tax Map Sections 3, 6, 7 and 8 and described in the List of Delinquent Taxes, and not withdrawn or redeemed and as to which an answer, litigation or an installment agreement is not pending as provided by law and authorizing the Commissioner of Finance to prepare, execute and cause to be recorded a deed, or deeds, conveying either to the City or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development full and complete title to such lands;

e.   Decreeing that upon the execution of said deed or deeds to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption as provided by §11-412.1 except as otherwise provided by §§ 11-424 and 11-424.1;

f.   Directing that any such conveyance of class one or class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use;

7

g.    That unless and until the Commissioner of Finance executes a deed conveying parcels of class one and class two real property pursuant to §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent may have access to the class one and class two parcels herein described for the purposes of conducting inspections; and

h.    Directing the Commissioner of Finance to direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant in rem foreclosure proceeding and vacating and setting aside the final judgment with respect to any and all parcels that are not conveyed to the City of New York or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development within the statutory eight month period commencing upon entry the judgment pursuant to Admin. Code §§ 11-421.1 (c), (d) and (i), unless the statutory period is tolled or extended by operation of law.

Dated:    New York, New York
          July 28 , 2005

          _____
                              J.S.C.

          JANE S. SOLOMÔN

FILED

AUG 11 2005

COUNTY CLERK'S OFFICE
NEW YORK

8

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**DECISION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
100 Church Street, Room 3-235
New York, N.Y. 10007

*Of Counsel: Andrea Feller*
Tel. (212) 788-9555
NYCLIS No.

*Due and timely service is hereby admitted.*

New York, N.Y. ................................

................................................... 200 ...

.............................................. *Esq.*

Attorney for..................................

ORIGINAL

At an IAS Part 55 of the Supreme Court of
the State of New York, held in and for the
County of New York, at the Court House,
located at 60 Centre Street, in the Borough of
Manhattan, City and State of New York, on
the 28 day of July, 2005.

PRESENT:

HON: **JANE S. SOLOMON**

Justice.

-----------------------------------------------------------------x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

-----------------------------------------------------------------x

**JUDGMENT OF
FORECLOSURE PURSUANT
TO ADMINISTRATIVE CODE
§§ 11-412 AND 11-412.1**

Index No. 580001/2004

Upon the List of Delinquent Taxes duly verified and duly filed herein pursuant to

Section 11-405 of the Administrative Code of the City of New York ("Admin. Code") in the

Office of the Clerk of New York County on January 9, 2004; and upon reading and filing the

affirmation and affidavits of regularity referred to below, attesting to the performance of the acts

required by the provisions of Title 11, Chapter 4 of the Administrative Code; and upon due proof

that the Notice of Foreclosure was duly published after the filing of such List once a week for six

weeks pursuant to Admin. Code § 11-406 in the City Record, the New York Law Journal, and

the New York Post, the latter two newspapers duly designated for that purpose by the

Commissioner of Finance of the City of New York; and upon due proof of the posting of such

Notice of Foreclosure; and upon due proof of the mailing of the Notice of Foreclosure to each

owner of property affected by the List of Delinquent Taxes, any mortgagee thereof, or any

registration card pursuant to the provisions of Admin. Code §§ 11-416 and 11-417; and upon due

proof that the Notice of Foreclosure was mailed to the name and address, if any, appearing in the

latest annual record of assessed valuations of every property affected by the List of Delinquent

Taxes as to which a registration card was not filed; and it appearing that all of the procedures and

proceedings required by the provisions of Title 11, of Chapter 4 of the Administrative Code have

been duly performed; and upon reading and filing the affidavit of regularity of Martha E. Stark,

Commissioner of Finance of the City of New York, sworn to on June 28, 2005, showing that

certain parcels have been redeemed pursuant to the provisions of Admin. Code § 11-407 and that

certain parcels have had the taxes thereon paid, cancelled, or liquidated, or are subject to an order

in a bankruptcy proceeding, or have been condemned or included in error and have therefore

been withdrawn pursuant to the provisions of Admin. Code § 11-413; and upon reading and

filing the affidavit of Shaun Donovan, Commissioner of Housing Preservation and Development,

sworn to June 29, 2005; and upon reading and filing the affirmation of regularity of Andrea

Feller, Assistant Corporation Counsel, dated June 29, 2005, showing that this action must be

severed as to certain parcels enumerated in said affirmation as to which litigation, timely

answers, or installment agreements are still pending pursuant to the provisions of Admin. Code §

11-409; and the Court having made and filed its decision dated _July 28_, 2005,

containing a statement of the facts found and the conclusions of law thereon, showing the

compliance by the City of New York with all of the jurisdictional requirements of Title 11,

Chapter 4 of the Administrative Code;

      **NOW,** on the motion of MICHAEL A. CARDOZO, Corporation Counsel,

attorney for the City of New York, it is

2

ORDERED, that the City of New York have judgment herein; and it is hereby further

ORDERED, ADJUDGED AND DECREED, that final judgment is herein granted to the City of New York with respect to the parcels of class one and class two real property listed in Exhibit "A," annexed hereto, which designates each parcel by serial number as the same appears on the List of Delinquent Taxes, and section, block and lot numbers as the same appear on the Tax Map of the City of New York, for the County of New York and in the aforesaid List of Delinquent Taxes; and it is

ORDERED, ADJUDGED AND DECREED, that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in Exhibit "A" in the amounts with interest thereon as shown in the List of Delinquent Taxes referred to above; and it is hereby further

ORDERED, ADJUDGED AND DECREED, that this judgment of foreclosure is discontinued with regard to the parcels of class one and class two real property, located within Tax Map Sections 3, 6, 7 and 8 of New York County, which have been redeemed pursuant to Admin. Code § 11-407, and which parcels are described in Exhibit "B," annexed hereto, and it is hereby further

ORDERED, ADJUDGED AND DECREED, that this judgment of foreclosure is severed, without prejudice, with regard to the parcels of class one and class two real property, located within Tax Map Sections 3, 6, 7 and 8 of New York County, which are listed in Exhibit "C," as to which parcels litigation, timely answers, or installment agreements are still pending or have been withdrawn for enforcement by way of a tax lien sale conducted pursuant to Title 11, Chapter 3 of the Administrative Code and that the City of New York is hereby given leave to

3

proceed against each such parcel in the manner prescribed by law to a final disposition under the caption of this action; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is hereby authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and class two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that upon the execution of said deed or deeds to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption as provided by Admin. Code §§ 11-412 and 11-412.1, except as otherwise provided by Admin. Code §§ 11-424 and 11-424.1 ; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that any such conveyance of class one and class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use; and it is further

**ORDERED, ADJUDGED AND DECREED,** that unless and until the Commissioner of Finance executes a deed conveying parcels of class one and class two real

property pursuant to Admin. Code §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable law; provided, however, that upon entry of judgment, HPD or its authorized agent may have access to the class one and class two parcels herein described for the purposes of conducting inspections; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that, with respect to any and all parcels that are not conveyed to the City of New York or to the City or a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development (in the case of or with respect to the class one and class two parcels) within the statutory eight month period commencing upon entry the judgment pursuant to Admin. Code §§11-421.1 (c), (d) and (i) (unless the statutory period is tolled or extended by operation of law), the Commissioner of Finance shall direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant in rem foreclosure proceeding and vacating and setting aside the final judgment as to those parcels.

DATE 9|2|05

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office on the day of 8|11|05

**ENTER**

J.S.C.

FILED

AUG 11 2005

COUNTY CLERK'S OFFICE
NEW YORK

JANE S. SOLOMON and clerk of the Supreme Court of New York County

NO FEE   OFFICIAL USE

CLERK

5

Exhibit A

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004          ACTION NUMBER: 046

CASE STATUS : FILED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 0090687545 | 003 | 1-00699-0037/0 | C4 | 2B | |
| 0090687565 | 006 | 1-01688-0037/0 | C1 | 2B | |
| 0090687575 | 006 | 1-01688-0055/0 | S9 | 2B | |
| 0090687605 | 006 | 1-01720-0004/0 | C5 | 2 | |
| 0090687615 | 006 | 1-01720-0005/0 | C2 | 2A | |
| 0090687655 | 006 | 1-01721-0021/0 | C5 | 2A | |
| 0090687755 | 006 | 1-01728-0001/0 | C6 | 2 | |
| 0090687795 | 006 | 1-01722-0048/0 | C5 | 2A | |
| 0090687855 | 006 | 1-01783-0025/0 | C7 | 2B | |
| 0090687985 | 007 | 1-01847-0021/0 | D1 | 2 | |
| 0090688005 | 007 | 1-01906-0057/0 | C7 | 2B | |
| 0076457515 | 007 | 1-01913-0029/0 | C7 | 2 | |
| 0090688075 | 007 | 1-01913-0033/0 | C7 | 2B | |
| 0090688135 | 007 | 1-01948-0040/0 | S3 | 2A | |
| 0090688155 | 007 | 1-01953-0031/0 | S9 | 2A | |
| 0090688165 | 007 | 1-01953-0032/0 | C7 | 2B | |
| 0090688195 | 007 | 1-02014-0061/0 | C1 | 2B | |
| 0090688205 | 007 | 1-02024-0001/0 | D7 | 2 | |
| 0090688265 | 007 | 1-02030-0001/0 | D7 | 2B | |
| 0090688385 | 007 | 1-02058-0050/0 | C7 | 2 | |
| 0090688435 | 007 | 1-02073-0032/0 | C4 | 2 | |
| 0090688445 | 007 | 1-02073-0050/0 | C6 | 2C | |
| 0090688575 | 008 | 1-02122-0118/0 | B1 | 1 | |
| 0090688585 | 008 | 1-02122-0140/0 | C1 | 2 | |
| 0090688595 | 008 | 1-02123-0088/0 | C1 | 2B | |
| 0090688615 | 008 | 1-02131-0044/0 | C5 | 2B | |
| 0090688625 | 008 | 1-02131-0052/0 | D7 | 2 | |
| 0090688635 | 008 | 1-02131-0058/0 | C1 | 2 | |
| 0090688655 | 008 | 1-02142-0112/0 | C1 | 2 | |
| 0090688725 | 008 | 1-02156-0074/0 | C5 | 2B | |

TOTAL PARCELS FILED    :         30

*** END OF REPORT ***

Exhibit B

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004                    ACTION NUMBER: 046

CASE STATUS : REDEEMED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 009068772S | 006 | 1-01726-0013/0 | S3 | | |
| 009068801S | 007 | 1-01907-0018/0 | C5 | 2A | |
| 009068803 | 007 | 1-01907-0025/0 | C5 | 2B | |
| 009068804S | 007 | 1-01907-0058/0 | C3 | 2B | |
| 009068814S | 007 | 1-01948-0052/0 | S2 | 2A | |
| 009068824S | 007 | 1-02024-0062/0 | B2 | 1 | |
| 009068828S | 007 | 1-02050-0055/0 | C4 | 2B | |
| 009068852S | 008 | 1-02110-0078/0 | C1 | 2 | |

TOTAL PARCELS REDEEMED :        8

*** END OF REPORT ***

PAGE  1
6.04.23

Exhibit C

DEPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004          ACTION NUMBER: 046

CASE STATUS : WITHDRAWN

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 0090687535 | 003 | 1-00699-0032/0 | C7 | 2 | 407 ELIGIBLES PAID |
| 0090687555 | 003 | 1-00735-0030/0 | C3 | 2 | 412 BANKRUPTCY |
| 0090687595 | 003 | 1-01717-0067/0 | C3 | 2A | 407 ELIGIBLES PAID |
| 0090687665 | 006 | 1-01721-0056/0 | D4 | 2A | 407 ELIGIBLES PAID |
| 0090687675 | 006 | 1-01721-0073/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687685 | 006 | 1-01721-0074/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687705 | 006 | 1-01725-0015/0 | C3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687745 | 006 | 1-01726-0123/0 | V0 | 1B | 715 LATE REDEMPTION PAYMENT |
| 0090687775 | 006 | 1-01728-0167/0 | C5 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687785 | 006 | 1-01772-0047/0 | C1 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687875 | 006 | 1-01783-0128/0 | C1 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0072046465 | 006 | 1-01794-0031/0 | C7 | 2B | 400 ELIGIBLES LIQUIDATED |
| 0090687895 | 007 | 1-01828-0058/0 | C7 | 2B | 406 AGREEMENT PAID IN FULL |
| 0090687915 | 007 | 1-01846-0045/0 | D9 | 2 | 407 ELIGIBLES PAID |
| 0090687925 | 007 | 1-01846-0046/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687945 | 007 | 1-01846-0049/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687965 | 007 | 1-01846-1030/0 | R4 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687975 | 007 | 1-01847-0012/0 | D9 | 2 | 715 LATE REDEMPTION PAYMENT |
| 0090687995 | 007 | 1-01847-0061/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |
| 0090688025 | 007 | 1-01907-0024/0 | C2 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688055 | 007 | 1-01913-0009/0 | C4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688065 | 007 | 1-01913-0010/0 | C2 | 2A | 454 ADMINISTRATIVE DISCONTINUANCE |
| 0090688095 | 007 | 1-01921-0002/0 | C7 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090688125 | 007 | 1-01937-0042/0 | C4 | 2A | 407 ELIGIBLES PAID |
| 0090688215 | 007 | 1-02024-0007/0 | C0 | 2A | 400 ELIGIBLES LIQUIDATED |
| 0090688245 | 007 | 1-02024-0134/0 | S4 | 1 | 715 LATE REDEMPTION PAYMENT |
| 0090688255 | 007 | 1-02050-0148/0 | C2 | 2B | 407 ELIGIBLES PAID |
| 0090688325 | 007 | 1-02050-0152/0 | C5 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688345 | 007 | 1-02050-0016/0 | C5 | 2A | 407 ELIGIBLES PAID |
| 0090688355 | 007 | 1-02058-0017/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688365 | 007 | 1-02058-0021/0 | C5 | 2B | 407 ELIGIBLES PAID |
| 0090688405 | 007 | 1-02061-0001/0 | C4 | 2 | 407 ELIGIBLES PAID |
| 0090688415 | 007 | 1-02061-0061/0 | C4 | 2B | 407 ELIGIBLES PAID |
| 0090688465 | 007 | 1-02073-0145/0 | C5 | 2B | 419 PREVIOUSLY ACQUIRED BY THE CITY |
| 0090688485 | 007 | 1-02079-0001/0 | D7 | 2 | 407 ELIGIBLES PAID |
| 0088762045 | 008 | 1-02110-0043/0 | A9 | 1 | 407 ELIGIBLES PAID |
| 0090688550 | 008 | 1-02122-0127/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688555 | 008 | 1-02122-0013/0 | C6 | 2 | 407 ELIGIBLES PAID |
| 0090688600 | 008 | 1-02131-0029/0 | C1 | 2 | 715 LATE REDEMPTION PAYMENT |
| 0090688665 | 008 | 1-02154-0062/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090688665 | 008 | 1-02154-0079/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090688695 | 008 | 1-02154-0080/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |

EPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN          ACTION NUMBER: 046
FILING DATE : 01/09/2004

ASE STATUS  : WITHDRAWN

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 009068870S | 008 | 1-02154-0082/0 | C7 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068874S | 008 | 1-02158-0014/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |

TOTAL PARCELS WITHDRAWN  :       44

*** END OF REPORT ***

REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004

ACTION NUMBER: 046

CASE STATUS  : SEVERD AGR

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 009068762S | 006 | 1-01720-0054/0 | C1 | 2 | |
| 009068818S | 007 | 1-02007-0061/0 | C7 | 2 | |

TOTAL PARCELS SEVERD AGR :    2

*** END OF REPORT ***

2/01/2005
REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE  : 01/09/2004

CASE STATUS : SEVERD ANS

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 009068837S | 007 | 1-02058-0029/0 | C6 | 2 | |

TOTAL PARCELS SEVERD ANS : 1

*** END OF REPORT ***

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

JUDGMENT OF FORECLOSURE PURSUANT
TO ADMINISTRATIVE CODE §§ 11-412
AND 11-412.1

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for the City of New York
100 Church Street, Room 3-235
New York, N.Y. 10007

Of Counsel: Andrea Feller
Tel: (212) 788-9555
NYCLIS No.

Due and timely service is hereby admitted.

New York, N.Y.

............................. , 200 .. ..

........... Esq.

Attorney for .............................

FILED
AUG 11 2005
3 ²²
AT N.Y. CO. CLKS OFFICE

Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X

**In Rem Tax Foreclosure Action No. 46**

Borough of Manhattan

Section 3, 6, 7, and 8

**ANSWER TO NOTICE
OF FORECLOSURE**
Index No. 580001/2004

Tax Classes 1 and 2

-----------------------------------------------------------X

477 West 142nd Street HDFC ("HDFC") by its attorney, Ernest Gary, answers the

Commissioner of Finance of the City of New York Notice of Foreclosure In Rem Action

No. 46 as follows:

1. HDFC denies the allegations of delinquent real estates and sewer and water

   charges. The Department of Finance of the City of New York has failed to

   provide HDFC with an accurate amount of real estate taxes and sewer and

   water charges due.

2. Employees of the Department of Housing Preservation and Development

   ("HPD") assured HDFC that certain programs and agreements could be used

   in order to provide HDFC with additional time to raise funds necessary to cure

   arrears. That the Board of Directors of HDFC have approved plan that will

   restore HDFC to financial stability.

3. That as part of the plan to restore HDFC to financial stability, all of the

   shareholders of HDFC have agreed to an increased maintenance charge.

4. That the HDFC has undertaken significant steps to lease value retail space that

   has been vacant for a number of years.

5.  That the HDFC has engaged a team of professionals that will facilitate the financing and rehabilitation of the 477 West 142nd Street including all residential units.

6.  That the President of the board of directors, Dr. Delois Blakely, has been in constant conversation with HPD to work out a mutually acceptable resolution.

WHERFORE, HDFC respectfully demands discontinuance of the In Rem Tax Foreclosure Action No. 46.

Dated this 29th day of April, 2004

Ernest Gary, Esq.
Attorney for Plaintiff
Law Offices of Ernest Gary, PLLC
2 William Street, Suite 201
White Plains, New York 10601
Tel. (914) 682-4495

**Serve upon:**

Hon. Michael A. Cardozo
Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY 10007

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

---

**MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE**

---

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, 3-235*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 788-9555*
*NYCLIS No. 2006-016993*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................, 200.....*

.............................................................

*Attorney for* ...................................... *Esq.*

Index No.580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-235*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 788-9555*
*NYCLIS #: 2006-006993*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

-------------------------------------------------------------------- x

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY'S MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE

### PRELIMINARY STATEMENT

The City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, submits this memorandum of law in support of its motion, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 3212 and Administrative Code of the City of New York (the "Admin. Code") § 11-412.1, for summary judgment, specifically for a judgment of foreclosure concerning the parcel of property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the borough of Manhattan (the "Parcel"), on the grounds that there are no triable issues of fact and there are no valid defenses to the *in rem* tax foreclosure action commenced by the City, thereby warranting judgment in favor of the City as a matter of law.

For a complete statement of the facts relevant to the arguments raised herein, the Court is respectfully referred to the Affidavit of Leslie Spitalnick, sworn to December 22, 2006 (the "Spitalnick Aff."), and the Affidavit of Myriam Ellis, sworn to December 19, 2006 (the "Ellis Aff."), and the exhibits annexed thereto, submitted in support of the City's motion for summary judgment. For the Court's convenience a brief statement of the relevant facts follows.

On January 9, 2004, the City of New York commenced *In Rem* Tax Foreclosure Action No. 46, Borough of Manhattan, Index No. 580001/04 ("Manhattan 46"), to foreclose on multiple properties in the Borough of Manhattan, including the Parcel, affected by tax liens which remained unpaid for the statutorily required period. The Parcel was included in Manhattan 46 because it was subject to delinquent property taxes and related charges in the amount of $302,370.03 dating back to November 1992. On April 29, 2004, defendant 477 West 142nd Street Housing Development Fund Corporation ("477 West 142nd Street HDFC") interposed an Answer in the *in rem* action. Accordingly, the parcel was severed from the Manhattan 46 action and was not included as part of the final judgment of foreclosure entered by the County Clerk on August 11, 2005.

As a matter of law, 477 West 142nd Street HDFC's Answer raises no valid defenses to Manhattan 46. Accordingly, the City respectfully requests that the Court grant the City's motion for summary judgment and enter a judgment of foreclosure against the Parcel. Since service of the Answer, the amount of delinquent property taxes and related charges, including interest, has increased to $475,172.96 as of September 21, 2006. Moreover, 477 West 142nd Street HDFC did not redeem the Parcel, and it failed to take steps to enter into a regulatory agreement, as proposed by HPD, to be eligible for tax amnesty. The Court should therefore grant the City's motion for summary judgment and enter a judgment of foreclosure against the Parcel.

## ARGUMENT

### POINT I

### THE CITY IS ENTITLED TO SUMMARY JUDGMENT.

A Court should grant summary judgment when, "upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court, as a matter of law, in directing judgment in favor of any party." C.P.L.R. § 3212; see also Andre v. Pomeroy, 35 N.Y.2d 361, 364 (1974).

The Court of Appeals laid out the well-settled standard for determining a motion for summary judgment:

> To grant summary judgment it must clearly appear that no material and triable issue of fact is presented. This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is 'arguable'; 'issue-finding, rather than issue determination, is the key to the procedure.'

Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395, 404 (1957) (citations omitted); see also In re Beckford, 280 A.D.2d 472, 473 (2d Dep't 2001) (citing Sillman); Celardo v. Bell, 222 A.D.2d 547, 548 (2d Dep't 1995) (same). In addition, a party opposing a motion must submit admissible evidentiary proof sufficient to raise material questions of fact that require a trial. "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient." Zuckerman v. City of New York, 49 N.Y.2d 557, 562 (1980).

As discussed herein, 477 West 142nd Street HDFC fails to raise any valid defense to Manhattan 46, relying instead upon unsubstantiated allegations that provide no defense as a matter of law. For the reasons stated below, the City is entitled to summary judgment.

## POINT II

### 477 WEST 142ND STREET HDFC RECEIVED NOTICE OF <u>MANHATTAN 46</u> AND FAILED TO REDEEM THE PREMISES, SO THIS COURT HAS JURISDICTION OVER THE ACTION.

**A.    The City Complied With All Relevant Notice Provisions in the Administrative Code.**

The City complied with all requirements in the Admin. Code for service, preparation, and filing of notice of the *in rem* action.  This Court clearly has jurisdiction over 477 West 142nd Street HDFC.  Upon commencement of an *in rem* tax foreclosure action, the New York City Department of Finance ("Finance") is required to mail a copy of such notice to a party interested in the proceeding who has filed an owner or *in rem* registration card with the City.  See Admin. Code § 11-406(c).  Where the City shows that the notice of foreclosure was properly addressed and mailed to an interested party, there is a presumption that the notice was received.  See <u>Sendel v. Diskin</u>, 277 A.D.2d 757, 758-59  (3d Dep't 2000); <u>Law v. Benedict</u>, 197 A.D.2d 808, 810 (3d Dep't 1993).  A mere denial of receipt is insufficient to rebut this presumption.  See <u>In Re Tax Foreclosure Action No. 44</u>, 2 A.D.3d 241 (1st Dep't 2003) (citing <u>In Re Tax Foreclosure Action No. 33</u>, 141 A.D.2d 437, 437-38 (1st Dep't 1988)).

Moreover, even if the interested party can show that it did not receive the notice of foreclosure, the party's receipt of actual notice will defeat its claim of failure of notice.  See <u>Law</u>, 197 A.D.2d at 809-10 ("The absence of strict technical compliance with each statute in the notification scheme for an in rem tax foreclosure proceeding is not a fatal defect if the interested parties receive actual notice, which is the goal of the scheme.")  The purpose of the notice provisions of the Admin. Code is to allow an interested party to enter an Answer, thereby severing the premises from the *in rem* action, or to present evidence to Finance that property taxes and related charges have been paid, which is a complete defense to foreclosure.  See

Admin. Code §§ 11-409(a)-(b). Actual notice of an *in rem* tax foreclosure action satisfies that statutory purpose.

The City has shown that it complied with all notice requirements of Title 11, Chapter 4 of the Admin. Code to give notice to 477 West 142nd Street HDFC of Manhattan 46. As set forth in the Spitalnick Aff., the City complied with all statutory filing, posting, publication and mailing requirements. Finance mailed a Notice of Foreclosure regarding Manhattan 46 to defendant 477 West 142nd Street HDFC, which had filed an *in rem* registration card with Finance, to 477 West 142nd Street, New York, NY 10031-6239, the address at which it requested notice. See Spitalnick Aff., Exhibits E and F. In fact, the Court's judgment in Manhattan 46 recites compliance by the City with such provisions. See Spitalnick Aff., Exhibit G. Furthermore, 477 West 142nd Street HDFC's filing of its Answer is proof that 477 West 142nd Street HDFC had notice of Manhattan 46 pursuant to either Finance's mailing or posting of the notice of public foreclosure or actual notice of the *in rem* tax foreclosure.

More importantly, 477 West 142nd Street HDFC was afforded due process by receiving notice of the *in rem* action according to the statutory notice provisions of the Admin. Code. Courts have held that the City's statutory scheme for giving notice to property owners met the requirements of due process. See ISCA Enters. V. City of New York, 77 N.Y.2d 688 (1991); Kennedy v. Mossafa, 100 N.Y.2d 1 (2003). The city's notice by request procedure met the requirements of due process, because it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." See ISCA Enters., 77 N.Y.2d at 699, *citing* Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950). Here, where the City followed statutory requirements in giving 477 West 142nd Street HDFC notice of

Manhattan 46, due process requirements were fulfilled.    Accordingly, the City is entitled to summary judgment.

**B.    477 West 142nd Street HDFC Failed to Redeem the Premises Within the Redemption Period.**

As set forth in the Notice of Foreclosure, an interested party to an *in rem* action may redeem any parcel named in the list of delinquent taxes by paying all taxes and related charges, interest and penalties.  See Admin. Code § 11-407(a).  Upon redemption of a parcel, the parcel must be withdrawn from the *in rem* action.  See Admin. Code § 11-407(b).  In Manhattan 46, the City complied with all Admin. Code requirements for filing and publication of the notice of foreclosure.  See Spitalnick Aff., Exhibit F.  477 West 142nd Street HDFC has presented no evidence that it redeemed the parcel through payment of taxes.

**POINT III**

**477 WEST 142ND STREET HDFC HAS NO VALID DEFENSE TO THE *IN REM* TAX FORECLOSURE ACTION.**

There are only two valid defenses to an *in rem* tax foreclosure action: payment and exemption.  477 West 142nd Street HDFC has not alleged either defense, and has presented no evidence indicating payment or exemption.  It is indisputable that here neither defense is available.  Therefore, the City is entitled to summary judgment.

Payment of taxes is a complete defense to an *in rem* tax foreclosure action. Admin. Code § 11-409(b) states: "Proof that the taxes which made said property subject to foreclosure hereunder together with interest and penalties thereon, were paid before filing of the list of delinquent taxes…shall constitute a complete defense."  However, 477 West 142nd Street HDFC has not paid the taxes and related charges on the Parcel.  Finance records clearly show that as of September 21, 2006, 477 West 142nd Street HDFC owes $475,172.96 in taxes and

6

other charges to the City. <u>See</u> Spitalnick Aff., Exhibit B. 477 West 142nd Street HDFC has had much opportunity to cure the tax delinquency, but has failed to do so.

Exemption from taxation is a also a complete defense to an *in rem* tax foreclosure action. <u>See</u> Admin. Code § 11-409(b) ("Proof that…the property was not subject to tax shall constitute a complete defense.") 477 West 142nd Street HDFC has not alleged, or presented evidence, that the Parcel is subject to tax exemption. In fact, 477 West 142nd Street HDFC merely denies the allegations of delinquent property taxes, and other charges, without showing payment or exemption. <u>See</u> Answer, ¶ 1. 477 West 142nd Street HDFC has not and cannot come forward with any proof of payment of the outstanding taxes and charges, or of exemption from taxation. Moreover, 477 West 142nd Street HDFC failed to verify its Answer, a requirement for any answer to an *in rem* foreclosure action. <u>See</u> Admin. Code §§ 11-406 and 11-409. Thus, 477 West 142nd Street HDFC has no valid defense to its inclusion in <u>Manhattan 46</u>. The City is entitled to summary judgment.

### POINT IV

### 477 WEST 142ND STREET HDFC MAY NOT CHALLENGE THE AMOUNT OF UNPAID TAXES AND RELATED CHARGES IN THIS ACTION.

477 West 142nd Street HDFC denies that it owes delinquent property taxes and related charges. 477 West 142nd Street HDFC alleges that Finance has failed to provide 477 West 142nd Street HDFC with an accurate amount of property taxes and related charges due. <u>See</u> Answer, ¶ 1. These are inaccurate self-serving assertions, unsupported by any evidence. Taxes, assessments, and other charges named in the List of Delinquent Taxes are presumed to be valid. <u>See</u> Admin. Code § 11-411. It is undisputed that 477 West 142nd Street HDFC has not paid the taxes and other outstanding charges in approximately 14 years and as of September 21, 2006

owes $475,172.96 in delinquent property taxes and related charges. See Spitalnick Aff., Exhibits A and B. 477 West 142nd Street HDFC has not and cannot come forward with any proof of payment of the outstanding taxes and charges.

Moreover, 477 West 142nd Street HDFC may not challenge the assessment of real property taxes in this forum. A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue. See N.Y. City Charter §§ 163-166; 78 South First Street Hous. Dev. Fund Corp. v. Crotty, 75 N.Y.2d 982, 984 (1990); People ex rel. Bowery Sav. Bank v. Lilly, 293 N.Y. 833 (1944); People ex rel. Northchester Corp. v. Miller, 288 N.Y. 163, 169 (1942); G.A.D. Holding Co. v. City of New York Dept. of Fin., 192 A.D.2d 441, 442 (1st Dep't 1993).

477 West 142nd Street HDFC fails to assert or come forward with any proof of having timely challenged the property tax assessment. Since 477 West 142nd Street HDFC did not commence a timely proceeding to challenge the taxes due, it cannot raise this issue in Manhattan 46. Therefore, 477 West 142nd Street HDFC's attempt to challenge the amount of taxes owed on the Parcel is without merit. 477 West 142nd Street HDFC, having failed to properly challenge these assessments, is therefore time-barred from doing so now.

## POINT V

### THE CITY ACTED IN GOOD FAITH WITH 477 WEST 142ND STREET HDFC TO INSTITUTE A REGULATORY AGREEMENT, BUT 477 WEST 142ND STREET HDFC FAILED TO ENTER INTO ANY SUCH AGREEMENT.

477 West 142nd Street HDFC alleges that "[e]mployees of [HPD] assured [477 West 142nd Street] HDFC that certain programs and agreements could be used in order to provide [477 West 142nd Street] HDFC with additional time to raise funds necessary to cure

arrears." Answer, ¶ 2. Although the City indeed made numerous efforts to encourage 477 West 142nd Street HDFC to rectify the situation to avoid foreclosure and made specific suggestions as to how that could be done, 477 West 142nd Street HDFC wholly failed to take advantage of any of HPD's efforts. The City negotiated in good faith, but 477 West 142nd Street HDFC failed to enter into a regulatory agreement. The City is entitled to summary judgment.

477 West 142nd Street HDFC further alleges that the Dr. Delois Blakely, President of the 477 West 142nd Street HDFC Board of Directors "has been in constant conversation with HPD to work out a mutually acceptable resolution." Answer, ¶ 6. Although HPD met with 477 West 142nd Street HDFC to discuss the possibility of 477 West 142nd Street HDFC receiving tax amnesty, were it to enter into a regulatory agreement with HPD, 477 West 142nd Street HDFC has simply failed to take submit any of the required documentation to apply for a regulatory agreement. 477 West 142nd Street HDFC's other allegations, that its shareholders have agreed to an increased maintenance charge, that it has taken steps to lease vacant retail space, and that it has hired professionals to facilitate financing and rehabilitation of the Parcel, are, in the absence of a regulatory agreement or payment of arrears, simply irrelevant. See Answer, ¶¶ 3-5. While these may be steps to resolving tax delinquency, the process must be completed.

477 West 142nd Street HDFC has failed to raise a legally valid defense to the *in rem* foreclosure action, and because there are no triable issues of fact to be decided herein, the City's motion for summary judgment should be granted, and a judgment of foreclosure entered against the Parcel.

## CONCLUSION

The City respectfully requests that the Court grant the City's motion for summary

judgment and direct the clerk to enter a judgment of foreclosure with regard to the Parcel, and

such other relief as the Court deems necessary and proper.


Dated:          New York, New York
                December 22, 2006


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              100 Church Street, Room 3-116
                              New York, New York 10007
                              (212) 788-1230
                              By: Leslie Spitalnick
                              Assistant Corporation Counsel
                              (Awaiting Admission)


                              By:  _____
                                   ANDREA FELLER
                                   Assistant Corporation Counsel