# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------X

IN REM TAX FORECLOSURE ACTION No. 46
BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8
TAX CLASSES 1 AND 2

**Index #:580001/04**

**AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE**

--------------------------------------X

Joseph Medic, Esq., an attorney duly licensed to practice before the Courts of this State hereby affirms the following to be true under penalties of perjury:

1. I am an associate of the law firm of Posner & Posner, attorneys for SHIRLEY PITTS, Vice-president and shareholder of 477 West 142nd Street Housing Development Fund Corporation ("HDFC"), the respondent in this action, and as such, I am fully familiar with the facts and circumstances as set forth herein upon a review of the file maintained by this office.

2. The City of New York ("City") is seeking to foreclose on the property known as 477 West 142nd Street, in the County, City and State of New York, ("Premises") on the grounds that HDFC owes the City approximately Five Hundred Thousand Dollars ($500,000.00) in accrued taxes and water bills, including accruing interest.

3. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of triable issues or where the existence of issues is arguable. *American Home Assurance Co. v. Amerford International Corp.*, 606 N.Y.S.2d 229; 200 A.D.2d 472 (1st Dept., 1994).

4. According to the affidavit of Ms. Pitts, a HDFC shareholder in good standing, the amount that the City alleges HDFC owes, Four Hundred Ninety Seven Thousand Three Hundred Sixty Five Dollars and Thirty One Cents ($497,365.31), is incorrect. (Affidavit of Shirley Pitts attached hereto as Exhibit "A.")

5. Specifically, Ms. Pitts states that the amount of water charges currently owed by HDFC, which, according to the City, amounts to approximately Ninety Thousand Dollars ($90,000.00), is excessive and that any amount due to the City should be significantly less. As a result, an issue of fact exists as to the correct amount, if any, due and owing on the Premises, and the City is not entitled to summary judgment. *American Home Assurance Co. v. Amerford International Corp. Id.*

6. Furthermore, as explained in her affidavit, Ms. Pitts is attempting to obtain a lender to allow HDFC to borrow funds in order to pay off unpaid taxes, charges and

interest, if any.

7. Since an issue of fact exists as to the amount owed, if any, by HDFC to the City, and since Ms. Pitts is attempting to obtain funds with which to pay off any owed taxes, charges and interest, the City is not entitled to a summary judgment of foreclosure.

**WHEREFORE**, It is respectfully requested that the City of New York's motion for summary judgment of foreclosure be denied, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 13, 2007.

Joseph Medic, Esq.
POSNER & POSNER
Attorneys for
SHIRLEY PITTS, an individual shareholder of Defendant 477 West 142nd Street HDFC
170 Broadway, Suite 1010
New York, New York 10038
(212) 385-1772

To: Leslie Spitalnick, ACC
Andrea Feller, Esq.
Corporation Counsel for
The City of New York
Commercial & Real Estate
Litigation Division
100 Church Street
New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------X

IN REM TAX FORECLOSURE ACTION No. 46
BOROUGH OF MANHATTAN

**Index #:580001/04**

**AFFIDAVIT IN OPPOSITION**

SECTIONS 3, 6, 7 AND 8
TAX CLASSES 1 AND 2

--------------------------------------X

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Shirley Pitts, being duly sworn, deposes and states as follows:

1. I am Vice-president and individual shareholder in good standing of 477 West 142nd Street Housing Development Fund Corporation ("HDFC") the respondent in this action, I reside in Apartment 7 at 477 West 142nd Street, in the County, City and State of New York, ("Premises") and I submit this affidavit in opposition to the City of New York's motion for summary judgment of foreclosure.

2. The City of New York (the "City") has brought an action against HDFC for failing to pay the City Five Hundred Thousand Dollars ($500,000.00) in unpaid taxes, charges and interest, and that the City is seeking to foreclose on the Premises.

3. As a HDFC shareholder, HDFC does not owe the City Five

Five hundred Thousand Dollars for unpaid taxes, charges and interest.

4. If HDFC does, in fact, owe any money to the City, the amount owed is significantly less than the amount the City alleges is due and owing.

5. As an example, I reviewed a particularized list of taxes, charges and interest due and owing on the Premises and the City states that the current water bill owed to the City is approximately Ninety Thousand Dollars ($90,000.00).

6. If in fact HDFC does owe the City for its water usage, the amount due the City is significantly less than Ninety Thousand Dollars ($90,000.00).

7. I am also in the process of obtaining a lender to allow HDFC to borrow funds so that any unpaid taxes, charges and interest can be paid and foreclosure avoided.

[signature]
SHIRLEY PITTS

Sworn to before me this
28th day of March, 2007

[signature]
Notary Public

JOSEPH MEDIC
Notary Public, State of New York
No. 02ME6092145
Qualified in Westchester County
Commission Expires May 12, 2007

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NEW YORK Index No. 580001 Year 04

IN REM TAX PREPARATION ACTION NO. 46,

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8
TAX CLASS 1 AND 2

**AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE AND AFFIDAVIT IN OPPOSITION**

**POSNER & POSNER**
ATTORNEYS AT LAW

*Attorney(s) for* **Plaintiff.**

*Office and Post Office Address, Telephone*
170 BROADWAY, SUITE 1010
NEW YORK, NEW YORK 10038
TEL.: (212) 385-1772
FAX: (212) 385-2061

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a* duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named Court, at
on at M.

Dated,

Yours, etc.

# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JANE S. SOLOMON PART 55

Index Number : 580001/2004

FORECLOSURE ACTION NO. 46

VS.

X

SEQUENCE NUMBER : 002

SUMMARY JUDGMENT

RECEIVED
APR 24 2007
IAS MOTION SUPPORT OFFICE

INDEX NO. ______

MOTION DATE ______

MOTION SEQ. NO. ______

MOTION CAL. NO. ______

this motion to/for ______

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits ______

Replying Affidavits ______

FILED
APR 24 2007
COUNTY CLERK'S OFFICE
NEW YORK

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is granted. There is nothing in the opposing papers which defeats the City's claim. Moreover, it is noted that (1) opposing papers from/apparently Ms Pitts are on the merits, (2) City's reply indicates defendant 477 W 142 St HDFC, owner of Block 2058 Lot 29 has been empowered to work this dispute out; (3) Atty of record for HDFC did not put opp. papers - see his e-mail (attached) so that Ms. Pitts' papers are on behalf of HDFC. Settle judgment on notice to both Ms. Medic & Ms. Stone.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE ______ FOR THE FOLLOWING REASON(S):

Dated: 4/23/07

JANE S. SOLOMON

Check one: ☒ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**REPLY AFFIRMATION**

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

---------------------------------------------------------------------- x

**LESLIE SPITALNICK**, an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalties of perjury:

1. I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for Movant the City of New York (the "City") in the above-captioned action. I am fully familiar with the facts and circumstances set forth herein based upon the books and records of the City, upon public records, upon conversations with City employees, and upon my personal knowledge.

2. I make this affirmation in reply to the affirmation of Joseph Medic, Esq. ("Medic Aff.") and the affidavit of Shirley Pitts ("Pitts Aff.") submitted in opposition to the City's motion for an Order pursuant to New York Civil Practice Law and Rules § 3212 and § 11-401, et seq. of the Administrative Code of the City of New York ("Admin. Code"), specifically § 11-412.1 for summary judgment, specifically for a judgment of foreclosure concerning the parcel of real property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the borough of Manhattan (the "Parcel") and in further support of the City's motion.

3. The facts and circumstances of this motion are fully set forth in the Affidavit of Leslie Spitalnick, sworn to December 22, 2006 (the "Dec. 22 Spitalnick Aff."), and the Affidavit of Myriam Ellis, sworn to December 19, 2006 (the "Ellis Aff."), and the exhibits annexed thereto.

4. In its opposition to the City's motion, Ms. Pitts, representing herself as Vice-president and shareholder of 477 West 142nd Street Housing Development Fund Corporation, makes two arguments, both of them without merit.[1] First, she argues that the amount of delinquent property taxes and other charges that the City alleges in its motion are owed by the HDFC is incorrect and excessive; and second, that Ms. Pitts is attempting to obtain a loan to allow the HDFC to borrow funds in order to pay the delinquent property taxes and other charges. As a matter of law, a challenge to the amount of unpaid taxes and other charges is time-barred. In addition, an alleged attempt at this time by Ms. Pitts to obtain a loan to pay off the delinquent property taxes and other charges is irrelevant to the motion and does not present an issue of fact. In any event, there was ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement.

The HDFC May Not Challenge the Amount of Unpaid Taxes and Related Charges in This Action.

5. Ms. Pitts argues that the City is not entitled to summary judgment of foreclosure because "[a]s an HDFC shareholder, HDFC does not owe the City Five Hundred

---

[1] 477 West 142nd Street Housing Development Fund Corporation (the "HDFC"), through its attorney Ernest Gary, Esq., interposed an answer in this action on April 29, 2004, thus severing the property from the action. The City served the instant motion for summary judgment on the HDFC on December 28, 2006. Thereafter, the HDFC retained new counsel, Richard Paul Stone, Esq., and adjourned this motion. However, the HDFC has not submitted opposition papers to the City's motion. Ms. Pitts though representing herself as a Vice-president and shareholder of the HDFC is not a party to the action and does not allege to represent the HDFC or any other shareholders.

Thousand Dollars for unpaid taxes, charges and interest. If HDFC does, in fact, owe any money to the City, the amount owed is significantly less than the amount the City alleges is due and owing." Pitts Aff. ¶¶3-4.

6. Ms. Pitts' statement that any amount owed is significantly less than the amount alleged by the City is conclusory and unsupported by any evidence. To the contrary, taxes, assessments, and other charges named in the List of Delinquent Taxes regarding the Parcel filed in the office of the County Clerk of New York County are presumed to be valid. See Dec. 22 Spitalnick Aff., ¶ 25. Department of Finance records clearly and unambiguously show that the HDFC has not paid the taxes and other outstanding charges on the Parcel in over 14 years and owes a significant amount of taxes and related charges, specifically, as of September 21, 2006 owes $475,172.96 in delinquent taxes and charges.

7. In addition, the HDFC may not challenge the assessment of real property taxes at this time. A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue.

The HDFC Failed to Take Advantage of the City's Efforts to Encourage it to Enter into a Regulatory Agreement.

8. Ms. Pitts alleges that she is currently in the process of obtaining a loan to pay off the delinquent property taxes and other charges. However, such an attempt to obtain a loan at this point is irrelevant and does not provide a defense to foreclosure judgment. In any event, the HDFC had ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement or repay the arrears within the statutory time periods set forth by the Admin. Code.

9. As explained in the Ellis Aff., although the City made numerous efforts to encourage the HDFC to rectify the situation to avoid foreclosure, giving specific suggestions as to how that could be done, neither the HDFC nor any other interested party took advantage of these efforts. The Parcel is being foreclosed because the HDFC owes $475,172.96 in unpaid property taxes and other charges as of September 21, 2006 and is unwilling or unable to enter into a regulatory agreement to repay the arrears and thereby qualify for tax amnesty.

10. It should also be noted that upon entry of foreclosure judgment, there is still a four month mandatory redemption period, during which an owner or interested party may pay the delinquent charges. See Admin. Code 11-412.1 (d). Thus, Ms. Pitts may continue to seek financing in an attempt to pay the delinquent charges at this time or even after judgment.

11. For all the reasons contained in the papers submitted by the City on this motion for summary judgment, it is respectfully submitted that its motion should be granted in all respects.

**WHEREFORE**, the City respectfully requests that the Court grant its motion for summary judgment and direct the clerk to enter a judgment of foreclosure, and grant such other relief as the Court deems necessary and proper.

Dated: New York, New York
April 19, 2007

LESLIE SPITALNICK

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**REPLY AFFIRMATION**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Leslie Spitalnick*
*Tel: (212) 788-1230*
*NYCLIS No. 2006-006993*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................................................, *200*......

.................................................................................... *Esq.*

*Attorney for*.......................................................................

# Exhibit H

No copy 55

May 21

At an IAS Part 55 of the Supreme Court of the State of New York, held in the County of New York, at the County Court House, located at 60 Centre Street, in the Borough of Manhattan, City and State of New York, on the 11 day of ~~MAY~~ June 2007.

6-15-07

PRESENT:

HON: JANE S. SOLOMON

Justice.

RECEIVED
JUN 12 2007
IAS MOTION SUPPORT OFFICE

~~SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK~~

---------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

---------------------------------------------------------------------- x

**~~PROPOSED~~ JUDGMENT OF FORECLOSURE PURSUANT TO ADMINISTRATIVE CODE SECTION 11-412.1**

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

Plaintiff the City of New York (the "City") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, having duly moved for an order pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 3212 and Administrative Code of the City of New York ("Admin. Code") § 11-401 et seq., specifically § 11-412.1, for an Order of summary judgment of foreclosure in favor of the City pursuant to § 11-412.1 of the Admin. Code, concerning the parcel of property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the Borough of Manhattan ("the Parcel") on the grounds that there are no triable issues of fact and there are no valid

defenses to the *in rem* tax foreclosure action commenced by the City, thereby warranting judgment in favor of the City as a matter of law;

**NOW**, upon reading and filing the notice of motion dated December 22, 2006, the Affidavit of Leslie Spitalnick, sworn to December 22, 2006, in support of the motion, the Affidavit of Myriam Ellis, sworn to December 19, 2006 and the exhibits annexed thereto, and the accompanying memorandum of law in support of the motion; a the Affirmation of Joseph Medic, Esq. in opposition to the motion, dated April 13, 2007, and the Affidavit of Shirley Pitts in opposition to the motion, sworn to March 28, 2007, and the Reply Affirmation of Leslie Spitalnick, dated April 19, 2007; + the papers submitted on decision issued on 6-11-07 and

Upon the List of Delinquent Taxes duly verified and duly filed herein pursuant to Admin. Code § 11-405 in the Office of the Clerk of New York County on January 9, 2004; and

Upon the Affirmation of Regularity of Andrea Feller, Assistant Corporation Counsel, dated June 29, 2005 and exhibits annexed thereto (the "Aff. of Regularity") previously filed in this action; and

Upon the severance of the Parcel from this action due to service of a timely Answer pursuant to Admin. Code § 11-409; and

Upon the Decision dated July 28, 2005 and the Judgment of Foreclosure dated July 28, 2005 and entered in the office of the New York County Clerk on August 11, 2005, in which the Parcel was not included because of its severance from the action, and which Judgment, inter alia, granted the City leave to proceed against each parcel severed from the action in the manner prescribed by law to a final disposition under the caption of this action; and

Upon due proof that the City duly notified 477 West 142nd Street HDFC (the "HDFC", the owner of the Parcel, of the commencement of the action by mailing the Notice of Foreclosure to the HDFC at the address designated for that purpose by the HDFC, and

Upon all prior papers and proceedings had herein; and said motion having regularly come on to be heard before this Court and the parties having duly appeared by their Counsel; and after due deliberation the Court having granted the motion; it is hereby

**ORDERED, ADJUDGED AND DECREED**, that the City's motion for summary judgment be, and the same hereby is, granted in all respects; and it is further

**ORDERED, ADJUDGED AND DECREED**, that final judgment is herein granted to the City of New York with respect to the Parcel; and it further

**ORDERED, ADJUDGED AND DECREED**, that the City is the owner and holder of unpaid tax liens affecting the Parcel in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that a sale of the Parcel is dispensed with and that the Commissioner of Finance is hereby authorized to prepare and execute a deed conveying to the City or to a third party deemed qualified and designated by the Commissioner of the New York City Department of Housing Preservation and Development (the "Commissioner of HPD") full and complete title to the Parcel; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon the execution of said deed to the City or to a third party deemed qualified and designated by the Commissioner of HPD, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such land and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in

or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption, as provided by Admin. Code § 11-412.1, except as otherwise provided by Admin. Code § 11-424.1; and it is further

**ORDERED, ADJUDGED AND DECREED**, that any such conveyance to a third party deemed qualified and designated by the Commissioner of HPD shall be for an existing use; and it is hereby further

**ORDERED, ADJUDGED AND DECREED**, that unless and until the Commissioner of Finance executes a deed conveying the Parcel pursuant to Admin. Code § 11-412.1 to the City or to a third party deemed qualified and designated by the Commissioner of HPD, the HDFC shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent, may have access to the Parcel for the purposes of conducting inspections; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event the Parcel is not conveyed to the City or to a third party deemed qualified and designated by the Commissioner of HPD within the statutory eight-month period, plus a 45-day toll for City Council review for transfer to a third party, commencing upon entry of the judgment pursuant to Admin. Code §§ 11-412.1and 11-412.2 (unless the statutory period is tolled or extended by operation of law), the Commissioner of Finance shall direct the Corporation Counsel of the City of New York to

prepare and cause to be entered an order discontinuing the instant *in rem* tax foreclosure proceeding as to the Parcel and vacating and setting aside the final judgment as to the Parcel.

ENTER

J.S.C.

JANE S. SOLOMON