Exhibit J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3,6,7 AND 8

TAX CLASSES 1 AND 2

-------------------------------------------------------------------- x

**AFFIRMATION IN
OPPOSITION**

Index No. 580001/2004

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

**LESLIE SPITALNICK,** an attorney duly admitted to practice in the State of
New York affirms the truth of the following under penalties of perjury:

1.      I am an Assistant Corporation Counsel in the office of Michael A.
Cardozo, Corporation Counsel of the City of New York, counsel for the City of New York (the
"City") in the above-captioned action.  I am fully familiar with the facts and circumstances set
forth herein based upon the books and records of the City, upon public records, upon
conversations with City employees, and upon my personal knowledge.

2.      I make this affirmation in opposition to the motion of 477 West 142nd
Street Housing Development Fund Corporation (the "HDFC"), brought by order to show cause,
to reargue the City's motion for summary judgment.

Manhattan Foreclosure Action No. 46.

3.      The property at issue herein, designated on the New York County Tax
Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the Borough of
Manhattan (the "Parcel"), was included in this action, _In Rem_ Tax Foreclosure Action No. 46,
Borough of Manhattan, Index No. 580001/04 (Solomon, J.) ("Manhattan 46"), as a result of a
lien for delinquent taxes and other charges, dating back to November 1992.  As of January 9,

2004, when Manhattan 46 was commenced, the outstanding taxes and other charges were $302,370.03.

4.    As of September 21, 2006, the amount of delinquent property taxes and related charges, including interest, on the Parcel had increased to $475,172.96.

5.    The Parcel is owned by HDFC.[1]  On April 29, 2004, HDFC timely served an Answer to Manhattan 46 on the City, resulting in the severance of the Parcel from the action.

6.    On or about August 11, 2005, the Court entered a Judgment of Foreclosure in Manhattan 46.  The judgment did not include the Parcel because it had been severed from the main action when HDFC served its Answer.

7.    On or about December 22, 2006, the City moved for summary judgment against the Parcel, seeking a judgment of foreclosure.

8.    Subsequent to service of the City's motion for summary judgment, on or about January 22, 2007, Mr. Stone contacted the City's counsel to notify the City that he was being substituted as counsel for HDFC.  Mr. Stone requested that the City consent to a four week adjournment, which it did.  Thereafter, counsel for the City and representatives of the New York City Department of Housing Preservation and Development met with Mr. Stone, whereupon the City recommended to Mr. Stone that his client sign a regulatory agreement in exchange for significant tax amnesty, which had already been recommended to HDFC by the City on numerous occasions.  See Ellis Aff., ¶ 6-8.  Shortly thereafter, at Mr. Stone's request, the City

---

[1] In his affidavit, Mr. Stone alleges that HDFC "was created in 1982 when Queen Mother Delois Blakely, PhD. took charge of an abandoned building..."  See Affidavit of Richard Paul Stone, Esq. in support of HDFC's motion for re-argument, dated May 21, 2007 (the "Stone Aff."), ¶ 2.  It should be noted that the City granted the Parcel to HDFC in a deed dated December 22, 1982, pursuant to Article XI of the Private Housing Finance Law.  See Affidavit of Myriam Ellis submitted in support of the City's motion for summary judgment, sworn to December 19, 2006, ¶ 7 (the "Ellis Aff.").

consented to a second adjournment of six weeks so that Mr. Stone would have time to discuss with his client the City's suggestions for HDFC to rectify the situation and avoid foreclosure. Approximately a week later, Mr. Joseph Medic, Esq. of Posner & Posner, identifying himself as counsel for Ms. Shirley Pitts, Vice-president and shareholder of HDFC, contacted counsel for the City for the first time and requested an adjournment, as well. A stipulation adjourning the motion was submitted to the Court, signed by Mr. Stone, Mr. Medic and counsel for the City. Mr. Medic subsequently requested another adjournment, whereupon the City consented to a three week adjournment, adjourning the motion to April 20, 2007.

9.    On or about April 16, 2007, papers in opposition to the motion were served by Posner & Posner, consisting of an affirmation by Mr. Medic, dated April 13, 2007, and an affidavit by Ms. Pitts, sworn to March 28, 2007 (the "Pitts Aff."). The City served its reply on or about April 19, 2007.

10.    In a decision and order dated April 23, 2007, the Court granted the City's motion for summary judgment. The Court specifically noted that the Pitts Aff. was on the merits and was considered submitted on behalf of HDFC. A copy of the Court's decision is annexed hereto as Exhibit A. The Court directed the City to settle judgment with notice to Mr. Stone and Mr. Medic.

11.    On or about May 21, 2007, the City's Proposed Judgment of Foreclosure was presented for settlement, signature and entry to the Clerk of the Court.

12.    On or about May 24, 2007, HDFC served this motion, brought by order to show cause, seeking (1) re-argument of the City's motion for summary judgment of foreclosure on the single issue of the timeliness and validity of the proceeding, pursuant to Civil Practice Law and Rules ("CPLR") 2221; (2) vacatur any default of HDFC pursuant to CPLR 5015; (3) a

stay of the signing and/or entry of the City's proposed judgment of foreclosure for twenty-one days to allow HDFC to pay to the Court the sum allegedly due to the City in unpaid taxes; and (4) a hearing for the City to demonstrate that its tax assessment is correct. See Stone Aff., ¶ 1.

13.    In support of its motion, HDFC makes three arguments. First, it asks for re-argument of the City's motion because the City did not transfer the Parcel within eight months of entry of the judgment of foreclosure in Manhattan 46 pursuant to New York City Administrative Code ("Admin Code") section 11-412.1. Second, HDFC argues that if the Court deems HDFC to be in default, it should be given an opportunity to redeem the Parcel because it has taken advantage of its equity in the Parcel and it is arranging to secure a mortgage, and a hearing should be held to determine the accuracy of the alleged amount of unpaid taxes and other charges. Finally, HDFC argues that the City should be restrained from transferring the Parcel to a qualified third party because it is likely to prevail on the merits and is attempting in good faith to redeem the Parcel. See Stone Aff., Points I-V.

14.    HDFC is not entitled to the requested relief. As an initial matter, HDFC has improperly advanced a new legal theory in its motion that was not previously raised in opposition to the City's motion for summary judgment of foreclosure. In any event, as shown below, the argument lacks merit. Also, as shown by the City in support of its motion for summary judgment of foreclosure, as a matter of law, a challenge to the amount of unpaid taxes and other charges is time-barred, and an alleged attempt by HDFC at this time to obtain a mortgage to pay off the delinquent property taxes is irrelevant.

Movant is Not Entitled to Re-argument of the City's Motion for Summary Judgment.

15.    CPLR 2221(d) provides in pertinent part:

A motion for leave to reargue...(2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the

4

prior motion, but shall not include any matters of
fact not offered on the prior motion…

16.    HDFC fails to state what facts or law were allegedly overlooked or
misapprehended by this Court in its April 23, 2007 decision.  Instead, HDFC states that it seeks
re-argument "based on the plain application of Admin. Code 11-412.1(c and d) which required
the City to act within eight months of the entry of the Judgment."  See Stone Aff., ¶ 20.

17.    As more fully set forth in Point I of the City's memorandum of law, an
application for re-argument is not the proper method by which to advance a new or different
legal theory than the theory or theories submitted in the original motion.  HDFC, rather than
pointing to facts or law that it alleges were overlooked or misapprehended by the Court, attempts
to advance the new legal argument that the eight month time period after a judgment of
foreclosure has been entered, in which the City must transfer the foreclosed properties, has
expired.  See Stone Aff., ¶ 19.

18.    Accordingly, the re-argument application should be denied.

The Eight Month Time Period For Transfer of the Parcel Has Not Expired.

19.    HDFC's argument that the eight month time period for transfer of
foreclosed properties following entry of the judgment of foreclosure in the Manhattan 46 action
has expired is without merit.  See Memorandum of Law, Point III.

20.    Admin. Code section 11-412.1(b)(1) provides in pertinent part that:

The court shall make a final judgment authorizing
the award of possession of any parcel of class one
or class two real property described in the list of
delinquent taxes not redeemed or withdrawn as
provided in this chapter *and as to which no answer
is interposed as provided herein*… (emphasis
added).

5

21.    Likewise, Admin. Code section 11-409(a) provides for the severance of a property from the main *in rem* action where an answer has been served in connection with the property.

22.    The foreclosure judgment itself, pursuant to these sections of the Admin Code, states that it does not include the Parcel, which was severed from the main action when HDFC served its Answer on or about April 29, 2004.  See Judgment in Manhattan 46, annexed as Exhibit G to Affidavit of Leslie Spitalnick submitted in support of the City's motion for summary judgment, sworn to December 22, 2006.

23.    Department of Finance ("DOF") records annexed to the judgment state that the Parcel was severed from the action because an answer was filed in connection thereto. See Exhibit C to Manhattan 46 Judgment, listing the Parcel among those properties severed from the action.  Indeed, the Affidavit of Shaun Donovan, Commissioner of the New York City Department of Housing Preservation and Development, sworn to June 27, 2005, previously filed in support of the judgment of foreclosure and cited in the Stone Aff. in support of the claim that the City's time to transfer the property has expired, plainly states that the foreclosure judgment applies only to properties included in the judgment.  See Stone Aff., ¶ 8.  The Parcel was not included in that judgment.

24.    The time period in which the City must transfer properties that have been included in a judgment of foreclosure begins to run when the judgment of foreclosure is entered. Admin. Code § 11-412.1(i).  A judgment of foreclosure has not yet been entered against the Parcel, therefore, the time period for transfer of the Parcel has not yet commenced.

HDFC Did Not Default in Opposing the City's Motion for Summary Judgment.

25.    In its motion, HDFC requests that if the Court finds HDFC was in default in connection with the City's motion for summary judgment of foreclosure, then it should vacate that default.

26.    In support of this request, HDFC relies on CPLR 5015 (a), which provides in pertinent part:

> The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: (1) excusable default...

However, HDFC's request pursuant to CPLR 5015 is clearly in error.  In its decision of April 23, 2007, the Court noted that although HDFC did not submit opposition to the City's motion for summary judgment of foreclosure by its counsel, Mr. Stone, the Pitts Aff. was on the merits and was "on behalf of HDFC" and noted also that Mr. Stone sent an affirmation to the Court by email explaining his understanding that Mr. Medic had been substituted as counsel for HDFC. See Exhibit A.  Indeed, in his own affirmation in support of HDFC's motion to re-argue, Mr. Stone admitted that he was being substituted by Mr. Medic as counsel for HDFC and as a result, HDFC's interests would be protected by its new counsel.  See Stone Aff., ¶ 17.  Mr. Stone asserted his understanding that Mr. Medic would be "taking over the representation of the HDFC."  Stone Aff., ¶ 14.  He also noted that Ms. Pitts' interests were the same as HDFC's.  See Stone Aff., ¶13.  Therefore, his illness and unavailability are irrelevant.

27.    Thus, HDFC did not default and therefore, should not be allowed to rely on CPLR 5015 at this time.

A Challenge to the Amount of Unpaid Taxes and Other Charges is Time-Barred.

28.    In its motion for re-argument, HDFC questions "the accuracy of the asserted taxes and charges" outstanding on the Parcel and urges that justice will best be served if it is permitted to deposit the entire amount owed with the Court and pay that to the City after the City demonstrates the accuracy of the charges claimed. See Stone Aff., ¶ 6, 22, 23.  However, this is a mere restatement of the argument contained in the Pitts Aff. submitted in opposition to the City's motion for summary judgment, which has already been considered by the Court. There is no allegation that the Court overlooked or misapprehended anything in the Pitts Aff. See Memorandum of Law, Point IV.

29.    Moreover, as shown in the papers submitted by the City in support of its motion for summary judgment, taxes, assessments, and other charges named in the List of Delinquent Taxes regarding the Parcel filed in the office of the County Clerk of New York County are presumed to be valid.  DOF records clearly and unambiguously show that HDFC has not paid the taxes and other outstanding charges on the Parcel in over 14 years and as of September 21, 2006, HDFC owes $475,172.96 in delinquent taxes and other charges.

30.    HDFC states in its motion that "[w]hile the HDFC recognizes that the law presumes the City's charges are accurate, it notes that HPD has been unable to even remotely demonstrate the accuracy of the amount the City demands."[2]  Stone Aff., ¶ 6.  Yet, the law is clear that the City has no obligation at this point to prove the accuracy of the charges.  HDFC may not challenge the assessment of real property taxes at this time.  A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue.

HDFC Failed to Take Advantage of the City's Efforts to Encourage it to Enter into a Regulatory Agreement.

31.    HDFC further alleges that it "has taken advantage of the significant equity in the Property and is arranging to give a mortgage securing a loan in an amount in excess of $1 million which will allow it not only to redeem the Property but to make the monthly payments…" Stone Aff., ¶ 21.

32.    In the Pitts Aff., Ms. Pitts argued that she was attempting to obtain a loan on behalf of HDFC in order to pay off the delinquent property taxes and other charges. As stated above and in the City's accompanying memorandum of law, HDFC merely restates the same argument without alleging facts or law allegedly overlooked by the Court when deciding the City's motion for summary judgment. See Memorandum of Law, Point V.

33.    In any event, an attempt to obtain a loan at this point is irrelevant and does not provide a defense to foreclosure judgment. HDFC had ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement or repay the arrears within the statutory time periods set forth by the Admin. Code. As explained in the City's motion for summary judgment, although the City made numerous efforts to encourage HDFC to avail itself of options for avoiding foreclosure, giving specific suggestions as to how that could be done, neither HDFC nor any other interested party took advantage of these efforts. See Ellis Aff., ¶¶ 6-8. Indeed, in its decision dated April 23, 2007, the Court noted that "HDFC…has been importuned to work this dispute out." See Exhibit A. The Parcel is being foreclosed because HDFC owes $475,172.96 in unpaid property taxes

---

[2] It should be noted that DOF, not HPD, is responsible for assessment and collection of real property taxes.

and other charges as of September 21, 2006 and is unwilling or unable to enter into a regulatory agreement to repay the arrears and thereby qualify for tax amnesty.[3]

      34.    It should also be noted that upon entry of foreclosure judgment, there is still a four month mandatory redemption period, during which an owner or interested party may pay the delinquent charges.  See Admin. Code 11-412.1 (d).  Thus, HDFC may continue to seek financing in an attempt to pay the delinquent charges at this time or even after entry of foreclosure judgment.

      35.    For all the reasons contained in the papers submitted by the City in opposition to HDFC's motion to reargue, it is respectfully submitted that HDFC's motion should be denied in all respects.

      **WHEREFORE,** the City respectfully requests that HDFC's motion be denied in its entirety and that the Court grant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
             June 1, 2007

LESLIE SPITALNICK

---

[3] In its motion, HDFC mischaracterizes the options available to HDFC to avoid foreclosure, stating that it could accept "'tax amnesty', which would forgive a tiny percentage of the monies due but defer repayment of the balance subject to various requirements..." Rather, as explained in the Ellis Aff., HDFC is eligible for tax relief under 577-b of the New York Private Housing Finance Law, wherein taxes accrued prior to January 1, 2001 would be suspended, and ultimately forgiven, by entering into and complying with a regulatory agreement.  See Ellis Aff., ¶ 7. Thus, while the taxes accrued after January 1, 2001 would not be subject to tax amnesty, over twelve years of accrued taxes dating back to November 1992 could be suspended and forgiven.

Exhibit A

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **JANE S. SOLOMON**                                          PART **55**

---

Index Number : 580001/2004

**FORECLOSURE ACTION NO. 46**

VS.

**X**

SEQUENCE NUMBER : 002

SUMMARY JUDGMENT

**RECEIVED**

APR 2 4 2007

**IAS MOTION
SUPPORT OFFICE**

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

this motion to/for _____

**FILED**

APR 24 2007

COUNTY CLERK'S OFFICE
NEW YORK

---

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____

Replying Affidavits _____

**Cross-Motion:**   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion *is granted there is*

*nothing in the opposing papers which defeat the City's claim. Moreover it is noted that ① opposing papers from Ms. Pitts are on the merits; ② City's reply 477 W. 142 St. HDFC, indicates defendant owner of Block 2058 Lot 29 has been impatient to work this dispute out; ③ Atty of record for HDFC did not get opp. papers — see his email so that Ms. Pitts papers are in default of HDFC as notice to both n... Settle judgment.*

Dated: **4/23/07**

*Jane S. Solomon* ............................. **JANE S. SOLOMON** J.S.C.

Check one:   ☐ **FINAL DISPOSITION**     ☐ **NON-FINAL DISPOSITION**

Check if appropriate:   ☐ **DO NOT POST**     ☐ **REFERENCE**

MOTION CASES ARE RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                                  : SS:
COUNTY OF NEW YORK    )

I, LILIYA RASHKEVICH, an employee in the New York City Law Department, over the age of 18 and not a party to the action herein, being duly sworn, deposes and says: On the 6th day of June 2007, I served a true copy of AFFIRMATION IN OPPOSITION by mail upon the parties listed below by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper into an official depository of the United States Postal Service within the State of New York and directed to said parties at the addresses listed below, said addresses being designated by them for that purpose:

Joseph Medic, Esq.
POSNER & POSNER
Attorney for Shirley Pitts
170 Broadway, Suite 1010
New York, NY 10038

Richard Paul Stone, Esq.
Attorney for HDFC
14 Penn Plaza, Suite 1806
225 West 34th Street
New York, NY 10122

_____
LILIYA RASHKEVICH

Sworn to before me, this 6th
day of June, 2007

_____
NOTARY PUBLIC

VEDEANAND BRIJMOHAN
Notary Public, State of New York
No. 01BR6144535
Qualified in Richmond County
Commission Expires April 24, 2010

Index No. 58/0001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**AFFIRMATION IN OPPOSITION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-116*
*New York, N.Y. 10007*

*Of Counsel: Leslie Spitalnick*
*Tel: (212) 788-1230*
*NYCLIS No. 2006-006993*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................., 200.....*

*Attorney for .....................................................Esq.*

Index No.580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REARGUE

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-116*
*New York, N.Y. 10007*

*Of Counsel: Leslie Spitalnick*
*Tel: (212) 788-1230*
*NYCLIS #: 2006-006993*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

                                   Index No. 580001/2004

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO REARGUE

### PRELIMINARY STATEMENT

      The City of New York (the "City") submits this memorandum of law in opposition to the motion to reargue of 477 West 142nd Street Housing Development Fund Corporation (the "HDFC").

      For a complete statement of the facts relevant to the arguments raised herein, the Court is respectfully referred to the Affirmation of Leslie Spitalnick, dated June 1, 2007 (the "Spitalnick Aff."), and the exhibits annexed thereto, submitted in opposition to HDFC's motion to reargue the City's motion for summary judgment of foreclosure. For the Court's convenience a brief statement of the relevant facts follows.

      The property at issue herein, designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the Borough of Manhattan (the "Parcel"), was included in this action, _In Rem Tax Foreclosure Action No. 46, Borough of Manhattan_, Index No. 580001/04 (Solomon, J.) ("Manhattan 46"), as a result of a lien for delinquent taxes and other charges, dating back to November 1992. As of January 9, 2004, when Manhattan 46 was commenced, the outstanding taxes and other charges were

$302,370.03.  On April 29, 2004, HDFC timely served an Answer to Manhattan 46 on the City, resulting in the severance of the Parcel from the action.  On or about August 11, 2005, the Court entered a Judgment of Foreclosure in Manhattan 46.  The judgment did not include the Parcel because it had been severed from the main action when HDFC served its Answer.

In support of its motion, HDFC makes three arguments.  First, it asks for re-argument of the City's motion because the City did not transfer the Parcel within eight months of entry of the judgment of foreclosure in Manhattan 46 pursuant to New York City Administrative Code ("Admin Code") section 11-412.1.  Second, HDFC argues that if the Court deems HDFC to be in default, it should be given an opportunity to redeem the Parcel because it has taken advantage of its equity in the Parcel and it is arranging to secure a mortgage, and a hearing should be held to determine the accuracy of the alleged amount of unpaid taxes and other charges.  Finally, HDFC argues that the City should be restrained from transferring the Parcel to a qualified third party because it is likely to prevail on the merits and is attempting in good faith to redeem the Parcel.  See Affidavit of Richard Paul Stone, Esq. in support of HDFC's motion to re-argue (the "Stone Aff."), Points I-V.

HDFC is not entitled to the requested relief.  As an initial matter, HDFC has improperly advanced a new legal theory in its motion that was not previously raised in opposition to the City's motion for summary judgment of foreclosure.  In any event, as shown below, the argument lacks merit.  Also, as shown by the City in support of its motion for summary judgment of foreclosure, as a matter of law, a challenge to the amount of unpaid taxes and other charges is time-barred, and an alleged attempt by HDFC at this time to obtain a mortgage to pay off the delinquent property taxes is irrelevant.  The Court should therefore deny HDFC's motion in all respects.

## ARGUMENT

### POINT I

### HDFC'S RE-ARGUMENT MOTION MUST BE DENIED.

New York Civil Practice Law and Rules ("CPLR") Rule 2221(d) provides in pertinent part:

> A motion for leave to reargue:…(2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; …

HDFC fails to state what facts or law were allegedly overlooked or misapprehended by the Court in its April 23, 2007 decision. Instead, HDFC merely states that it seeks re-argument "based on the plain application of Admin. Code 11-412.1(c and d) which required the City to act within eight months of the entry of the Judgment." See Stone Aff., ¶ 20.

An application for re-argument is not the proper method to advance a new or different legal theory than the theory or theories submitted in the original motion or papers. See William P. Pahl Equip. Corp. v. Kassis, 182 A.D.2d 22, 27 (1st Dep't 1992); Foley v. Roche, 68 A.D.2d 558, 567-58 (1st Dep't 1979). HDFC, rather than pointing to facts or law that in its opinion were overlooked or misapprehended by the Court, attempts to advance the new legal argument that the eight month time period after a judgment of foreclosure has been entered, in which the City must transfer the foreclosed properties, has expired. See Stone Aff., ¶ 19.

Accordingly, the re-argument application should be denied.

3

## POINT II

## THE EIGHT MONTH TIME PERIOD FOR TRANSFER OF THE PARCEL HAS NOT EXPIRED.

HDFC's argument that the eight month time period for transfer of foreclosed properties following entry of the judgment of foreclosure in the Manhattan 46 action has expired is without merit.

Admin. Code section 11-412.1(b)(1) provides in pertinent part that:

> The court shall make a final judgment authorizing the award of possession of any parcel of class one or class two real property described in the list of delinquent taxes not redeemed or withdrawn as provided in this chapter *and as to which no answer is interposed as provided herein...* (emphasis added).

Likewise, Admin. Code section 11-409(a) provides for the severance of a property from the main *in rem* action where an answer has been served in connection with the property. The foreclosure judgment itself, pursuant to these sections of the Admin Code, states that it does not include the Parcel, which was severed from the main action when HDFC served its Answer on or about April 29, 2004. See Judgment in Manhattan 46, annexed as Exhibit G to Affidavit of Leslie Spitalnick submitted in support of the City's motion for summary judgment, sworn to December 22, 2006.

Department of Finance ("DOF") records annexed to the judgment state that the Parcel was severed from the action because an answer was filed in connection thereto. See Exhibit C to Manhattan 46 Judgment, listing the Parcel among those properties severed from the action. Indeed, the Affidavit of Shaun Donovan, Commissioner of the New York City Department of Housing Preservation and Development, sworn to June 27, 2005, previously filed in support of the judgment of foreclosure and cited in the Stone Aff. in support of the claim that

4

the City's time to transfer the property has expired, plainly states that the foreclosure judgment applies only to properties included in the judgment. See Stone Aff., ¶ 8. The Parcel was not included in that judgment.

The time period in which the City must transfer properties that have been included in a judgment of foreclosure begins to run when the judgment of foreclosure is entered. Admin. Code § 11-412.1. A judgment of foreclosure has not yet been entered against the Parcel, therefore, the time period for transfer of the Parcel has not yet commenced.

## POINT III

### HDFC DID NOT DEFAULT IN OPPOSING THE CITY'S MOTION FOR SUMMARY JUDGMENT.

In its motion, HDFC requests that if the Court finds HDFC was in default in connection with the City's motion for summary judgment of foreclosure, then it should vacate that default. In support of this request, HDFC relies on CPLR 5015 (a), which provides in pertinent part:

> The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: (1) excusable default...

However, HDFC's request pursuant to CPLR 5015 is clearly in error. In its decision of April 23, 2007, the Court noted that although HDFC did not submit opposition to the City's motion for summary judgment of foreclosure by its counsel, Mr. Stone, the Pitts Aff. was on the merits and was "on behalf of HDFC" and noted also that Mr. Stone sent an affirmation to the Court by email explaining his understanding that Mr. Medic had been substituted as counsel for HDFC. See Exhibit A. Indeed, in his own affirmation in support of HDFC's motion to re-argue, Mr. Stone admitted that he was being substituted by Mr. Medic as counsel for HDFC and

5

as a result, HDFC's interests would be protected by its new counsel. See Stone Aff., ¶ 17. Mr. Stone asserted his understanding that Mr. Medic would be "taking over the representation of the HDFC." Stone Aff., ¶ 14. He also noted that Ms. Pitts' interests were the same as HDFC's. See Stone Aff., ¶13. Therefore, his illness and unavailability are irrelevant. Thus, HDFC did not default and therefore, should not be allowed to rely on CPLR 5015 at this time.

**POINT IV**

**A CHALLENGE TO THE AMOUNT OF UNPAID TAXES AND OTHER CHARGES IS TIME-BARRED.**

In its motion for re-argument, HDFC questions "the accuracy of the asserted taxes and charges" outstanding on the Parcel and urges that justice will best be served if it is permitted to deposit the entire amount owed with the Court and pay that to the City after the City demonstrates the accuracy of the charges claimed. Stone Aff., ¶ 6, 22, 23. However, this is a mere restatement of the argument contained in the Affidavit of Shirley Pitts submitted in opposition to the City's motion for summary judgment, which has already been considered by the Court. There is no allegation that the Court overlooked or misapprehended anything in the Pitts Aff.

Moreover, as shown in the papers submitted by the City in support of its motion for summary judgment, taxes, assessments, and other charges named in the List of Delinquent Taxes regarding the Parcel filed in the office of the County Clerk of New York County are presumed to be valid. See Admin. Code § 11-411. DOF records clearly and unambiguously show that HDFC has not paid the taxes and other outstanding charges on the Parcel in over 14 years and as of September 21, 2006, HDFC owes $475,172.96 in delinquent taxes and other charges.

HDFC states in its motion that "[w]hile the HDFC recognizes that the law presumes the City's charges are accurate, it notes that HPD has been unable to even remotely demonstrate the accuracy of the amount the City demands."[1]  Stone Aff., ¶ 6.  Yet, the law is clear that the City has no obligation at this point to prove the accuracy of the charges.  HDFC may not challenge the assessment of real property taxes at this time.  A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue.  See N.Y. City Charter §§ 163-166; 78 South First Street Hous. Dev. Fund Corp. v. Crotty, 75 N.Y.2d 982, 984 (1990); People ex rel. Bowery Sav. Bank v. Lilly, 293 N.Y. 833 (1944); People ex rel. Northchester Corp. v. Miller, 288 N.Y. 163, 169 (1942); G.A.D. Holding Co. v. City of New York Dept. of Fin., 192 A.D.2d 441, 442 (1st Dep't 1993).  Therefore, HDFC's attempt to challenge the amount of taxes owed on the Parcel is without merit and is therefore time-barred.

## POINT V

### HDFC FAILED TO TAKE ADVANTAGE OF THE CITY'S EFFORTS TO ENCOURAGE IT TO ENTER INTO A REGULATORY AGREEMENT.

HDFC further alleges that it "has taken advantage of the significant equity in the Property and is arranging to give a mortgage securing a loan in an amount in excess of $1 million which will allow it not only to redeem the Property but to make the monthly payments..."  Stone Aff., ¶ 21.  In her affidavit in opposition to the City's motion for summary judgment, Ms. Pitts argued that she was attempting to obtain a loan in order to pay off the delinquent property taxes and other charges.  As stated above, HDFC is simply restating the same argument without

---

[1]  It should be noted that DOF, not HPD, is responsible for assessment and collection of real property taxes.

alleging facts or law allegedly overlooked by the Court when deciding the City's motion for summary judgment.

In any event, an attempt to obtain a loan at this point is irrelevant and does not provide a defense to foreclosure judgment. HDFC had ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement or repay the arrears within the statutory time periods set forth by the Admin. Code. As explained in the City's motion for summary judgment, although the City made numerous efforts to encourage HDFC to avail itself of options for avoiding foreclosure, giving specific suggestions as to how that could be done, neither HDFC nor any other interested party took advantage of these efforts. See Affidavit of Myriam Ellis in support of the City's motion for summary judgment, sworn to December 19, 2006, ¶¶ 6-8. Indeed, in its decision dated April 23, 2007, the Court noted that "HDFC…has been importuned to work this dispute out." See Spitalnick Aff., Exhibit A. The Parcel is being foreclosed because HDFC owes $475,172.96 in unpaid property taxes and other charges as of September 21, 2006 and is unwilling or unable to enter into a regulatory agreement to repay the arrears and thereby qualify for tax amnesty.[2]

It should also be noted that upon entry of foreclosure judgment, there is still a four month mandatory redemption period, during which an owner or interested party may pay the

---

[2] In its motion, HDFC mischaracterizes the options available to HDFC to avoid foreclosure, stating that it could accept "'tax amnesty', which would forgive a tiny percentage of the monies due but defer repayment of the balance subject to various requirements..." Rather, as explained in the Ellis Aff., HDFC is eligible for tax relief under 577-b of the New York Private Housing Finance Law, wherein taxes accrued prior to January 1, 2001 would be suspended, and ultimately forgiven, by entering into and complying with a regulatory agreement. See Ellis Aff., ¶ 7. Thus, while the taxes accrued after January 1, 2001 would not be subject to tax amnesty, over twelve years of accrued taxes dating back to November 1992 could be suspended and forgiven.

delinquent charges.    See Admin. Code 11-412.1 (d).    Thus, HDFC may continue to seek financing in an attempt to pay the delinquent charges at this time or even after entry of foreclosure judgment.

## CONCLUSION

The City respectfully requests that the Court deny HDFC's motion in all respects and that the Court grant such other and further relief as this Court deems just and proper.

Dated:       New York, New York
             June 1, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City
                            of New York
                          Attorney for the City of New York
                          100 Church Street, Room 3-116
                          New York, New York 10007
                          (212) 788-1230

                          By: _____
                                LESLIE SPITALNICK
                                Assistant Corporation Counsel

9

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                       : SS:

COUNTY OF NEW YORK   )

I, LILIYA RASHKEVICH, an employee in the New York City Law Department, over the age of 18 and not a party to the action herein, being duly sworn, deposes and says: On the 6th day of June 2007, I served a true copy of MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REARGUE by mail upon the parties listed below by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper into an official depository of the United States Postal Service within the State of New York and directed to said parties at the addresses listed below, said addresses being designated by them for that purpose:

Joseph Medic, Esq.
POSNER & POSNER
Attorney for Shirley Pitts
170 Broadway, Suite 1010
New York, NY 10038

Richard Paul Stone, Esq.
Attorney for HDFC
14 Penn Plaza, Suite 1806
225 West 34th Street
New York, NY 10122

_Liliya Rashkevich_
LILIYA RASHKEVICH

Sworn to before me, this 6th
day of June, 2007

_____
NOTARY PUBLIC

VEDEANAND BRIJMOHAN
Notary Public, State of New York
No. 01BR6144535
Qualified in Richmond County
Commission Expires April 24, 2010

Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------x

IN REM TAX FORECLOSURE ACTION NO. 46   :   Index No: 580001/2004

                                   :

BOROUGH OF MANHATTAN                   :   Premises

                                   :   477 West 142nd Street

SECTIONS 3, 6, 7 AND 8                :   (Block 2058 - Lot 29)

                                   :

TAX CLASSES 1 AND 2                  :   REPLY AFFIRMATION

----------------------------------------------------x

Richard Paul Stone, an attorney licensed to practice before the courts of the State of New York, affirms as follow subject to the penalties for perjury.

1.     I submit this affirmation in reply to the opposition affirmation of Leslie Spitalnick, Esq., and in further support of the motion of 477 West 142nd Street Housing Development Funding Corporation (the "HDFC"), brought by order to show cause, for an order:

         A.     pursuant to CPLR 2221, granting the HDFC reargument of the City's motion for summary judgment of foreclosure against the HDFC on the single issue of whether its proceeding remains timely and valid; or

         B.     if this court finds the HDFC in default, pursuant to CPLR 5015, vacating that default and hearing again the City's motion with consideration for the arguments submitted herewith; or

         C.     in the alternative to A or B and/or the requested TRO, staying the signing and/or entry of the proposed judgment of foreclosure 21 days to allow the HDFC to pay into court the entire sum allegedly due to the City as taxes with funds it is obtaining by giving a mortgage on which it is preparing to close; and

         D.     once the HDFC's funds are with the court, scheduling a hearing for the City to demonstrate that the figure it asserts for taxes is correct;

and for a TRO to protect the HDFC's ability to obtain a meaningful remedy, along with such other and further relief this court deems just and proper.

2.     The HDFC has asked the court for nothing more than a chance to give the City what it is entitled to while protecting its owners' homes. No favors. No special treatment. Just fair. The owners are lovely people who happen to be, almost to an individual, very poor. But the record demonstrates they are acting responsibly to protect what they took as an abandoned building in 1982 and turned into a home to many and a blessing to even more. Four points.

3.     First, the City insists the motion is timely because the judgment of foreclosure of July 28, 2005, did not bear on the HDFC (Spitalnick Opp, ¶23). However, the judgment provided to me on this motion did not include any schedules of properties; I have seen no evidence that the HDFC was excepted from that judgment. Furthermore, during my conversations with representatives of HPD, I repeatedly raised this defense and no one made this argument.

4.     This is really an "either/or" situation, either of which case is satisfactory so long as kept discreet; *either* the 2005 judgment **does not** apply and the HDFC will now have a four month period to complete its redemption, *or* the 2005 judgment **does** apply, the period has expired and this proceeding should be dismissed. The latter should control unless the City provides the 2005 judgment with the schedules indicating the HDFC's status. However, as the City admits, there is at least a four month redemption period once judgment on the pending motion has been entered (Spitalnick Opp, ¶24, ¶ [the time period for transfer of the Parcel has not yet commenced], and ¶34 [there is still a four month mandatory redemption period]).

5.     Second, procedurally, the HDFC seeks only the opportunity to correct an unintended omission arising from unusual circumstances, either that any default is vacated or the motion be reviewed with consideration of the argument set forth

above. It cannot be disputed that, since counsel for Queen Mother Bishop Pitts did not appear for the HDFC; regardless of this court's gracious application of Ms. Pitts' affidavit to the benefit of the HDFC, the HDFC had no advocate before the court - but does now. Justice requires that the record be protected for the HDFC as to how it was impacted by the 2005 judgment.

6.     Third, the City wastes page after page asserting that the HDFC is challenging the amount of "tax" due. Not true. The taxes are the taxes. However, when I met with HPD, the staff was plainly experienced, competent and professional in all respects, but were totally unable to explain the heiroglyphics in the "bill" submitted to support the obligation. Nothing the City has cited authorizes it to submit incorrect figures and raise them above judicial inquiry.

7.     The HDFC simply feels obligated to make sure that every dollar diverted from aid to the poor is actually owed. It wants to be quite sure that the number asserted accurately reflect what is owed. The HDFC will pay into court the sum demanded and the City can submit back up to show that the list of charges, which makes no sense on its face, reflects the real sum owed.

8.     Furthermore, once the monies are in court, the HDFC will request that, since the vast majority of the obligation is penalties and interest, these very poor persons be relieved of the penalties and some of the interest. That is not presently ripe.

9.     Fourth, the HDFC wishes to clarify the record: While the City does on the one hand stand on legal grounds and denigrate equity, it does with the other hand waive the flag of equity, urging that it is entitled to consideration for its offer to let the HDFC "sign a regulatory agreement in exchange for significant tax amnesty" (Spitalnick Opp, ¶8). With all due respect, it was openly acknowledged at my meeting

with HPD that amnesty would apply to no more than $75,000 of the total, which is less than 15%. Much ado about not so much.

10.    Fifth, the HDFC's financing process is nearing completion and a broker is finalizing a proposal from a hard money lender, which should be subject to closing shortly. I will identify the broker before the court, to maintain confidentiality.

Dated:    New York, New York
          June 8, 2007

                                        Richard Paul Stone

225 WEST 34TH STREET
NEW YORK, NEW YORK 10122
TELEPHONE 212.564.8220 * TELEFACSIMILE 212.244.0355
e-mail rps@stonecounsel.com

---

**Date:**       June 8, 2007              **Pages Including Cover: 5**

Leslie Spitalnick, Esq.          Corporation Counsel        (212)  788-8871

Joseph Medic, Esq.               Posner & Posner            (212) 385-2061

Re: 477 West 142nd Street HDFC

Ms. Spitalnick:

I am not going to mail this unless you request it.  See you Monday in court.

Best,

Rikki

PLEASE TAKE NOTICE THAT THIS IS A CONFIDENTIAL COMMUNICATION
INTENDED FOR THE RECIPIENT IDENTIFIED ABOVE.  IF YOU RECEIVE THIS IN
ERROR, PLEASE RETURN IT TO THE SENDER, DESTROY WHAT YOU HAVE
RECEIVED AND CALL TO INFORM THE SENDER YOU HAVE DONE SO.

Exhibit L

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:     _Solomon_     PART _55_
_____
                    *Justice*

_In Rem Tax Foreclosure_     INDEX NO. _58001/04_
        - v -     _No. 46_     MOTION DATE _____

        MOTION SEQ. NO. _3_

        MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:**  ☐ **Yes**    ☐ **No**

Upon the foregoing papers, it is ordered that this motion _is decided as_

_follows:_

_Default of owner 477 W. 142 St HDFC
is vacated, decision of 4/23/07 is
vacated + motion 02 restored for argument
but decided in substantially the same way
as deft owner has not proffered evidence
of inadequacy of calculation + what
correct amount is due.
Judgment signed on motion 02 with
parties before me._

Dated: _6/11/07_

JANE S. SOLOMON     J.S.C.

**Check one:**     **FINAL DISPOSITION**     **NON-FINAL DISPOSITION**
Check if appropriate:    ☐ DO NOT POST     ☐ REFERENCE

FOR THE FOLLOWING REASON(S):    IS NOT RESPECTFULLY REFERRED TO JUSTICE