City must recommence a tax foreclosure proceeding in order to take or transfer title. See Admin. Code § 11-412.1(i).

6.    The Commissioner of Finance must notify the City Council prior to the execution of a deed conveying title to a third party deemed qualified and designated by the Commissioner of HPD.  See Admin. Code § 11-412.2.  If the Council disapproves of the transfer, it must act by local law within forty-five days of notification, otherwise the transfer is deemed approved.  Id. The period of notification to the City Council of a third party transfer tolls the eight month transfer period under Admin. Code § 11-412.1(c).

7.    Although not required by Admin. Code § 11-412.1, the City will send post judgment notices by first class mail to all parties who have filed owner registration or in rem notification cards, or who are otherwise entitled to notice by virtue of Admin. Code § 11-406(c). Such notice will advise owners of the four month redemption period commencing on the date of entry of the judgment.

## THE CITY COMPLIED WITH ALL THE STATUTORY PRE-REQUISITES

8.    The City complied with all the necessary statutory procedures for the commencement of this in rem tax foreclosure action.  On January 9, 2004, I caused to be filed in the office of the Clerk of the County of New York two duplicate verified Lists of Delinquent Taxes.  These Lists included all parcels of property designated on the Tax Map of the City of New York for the Borough of Manhattan, Sections 3, 6, 7 and 8 affected by tax liens, as such tax liens are defined by Admin. Code § 11-401, held and owned by the City which on the date of filing were unpaid for the period required by § 11-404.  The Lists contained as to each parcel included therein the following:

(a)    A serial number;

3

(b)    A brief description sufficient to identify each parcel affected by tax liens by stating the lot, block and section on the Tax Map and street and street number if there be such; and

(c)    A statement of the amount of each tax lien upon each parcel contained in said List of Delinquent Taxes, including those due and unpaid for less than the period required by Admin. Code § 11-404, together with the date or dates from which interest and penalties should be computed.

9.    On January 9, 2004, a certified copy of the List of Delinquent Taxes was filed in the following places:

(a)    In the Central Office of the Taxpayer Assistance, Planning and Payment Operations Division of the Department of Finance of the City of New York, 25 Elm Place, 4th floor Brooklyn, New York;

**(b)**    In the Office of the Corporation Counsel of the City of New York, Tax and Bankruptcy Litigation Division, 100 Church Street, New York, New York 10007; and

(c)    In the Office of the Manhattan Business Center of the Department of Finance, 66 John Street, 2nd floor, New York, New York 10038.

10.    As set forth in the affidavits of Annette Malatesta, sworn to on June 21, 2005 and Donald O'Connell, sworn to on June 27, 2005 (collectively, "Affidavits of Mailing"), pursuant to Admin. Code § 11-406(c), on or before the date of the first publication of the Notice of Foreclosure, a copy of the Notice of Foreclosure was mailed to each and every owner, mortgagee, lienor, encumbrancer or other person with an interest in such parcel entitled to receive such notice by virtue of having filed an owner's registration card or an in rem registration card pursuant to Admin. Code §§ 11-416 or 11-417, and with regard to any parcel as to which such cards were not filed, a copy was mailed to the name and address, if any, appearing in the

latest annual record of assessed valuations.  Copies of the Affidavits of Mailing together with the Notice of Foreclosure are annexed hereto as Exhibit "B".

11.    As set forth in the Affidavits of Posting of David Schloss and Jesus M. Martinez, annexed hereto collectively as Exhibit "D", on or before January 30, 2004 a copy of the Notice of Foreclosure was posted in each of the following conspicuous places:

a.    The public notices bulletin board in the Office of the Commissioner of Finance located in the corridor on the fifth floor, Municipal Building, Chambers and Centre Streets, Borough of Manhattan, New York, New York;

b.    On the bulletin board of the City Collector Office, for the Borough of Manhattan, 66 John Street, 2nd floor, New York, New York;

c.    The Office of the Manhattan Borough President, 1 Centre Street, New York, New York;

d.    The Supreme Court, New York County, 60 Centre Street, New York, New York;

e.    The Central Office of the City Collector of the Department of Finance, 25 Elm Place, Brooklyn, New York;

f.    On the wall in the public interviewer area, Department of Housing Preservation and Development;

g.    The Civil Court, Kings County, New York County, 111 Centre Street, New York, New York; and

h.    City Register's Office, New York County, 66 John Street 13th floor, New York, New York.

12.    Commencing on January 30, 2004, I caused a copy of said Notice of Foreclosure to be published at least once a week for six (6) weeks, pursuant to Admin. Code § 11-406, in the City Record, the New York Law Journal, and the New York Post.  The New York Law Journal and the New York Post are the two newspapers designated for that purpose by the

Commissioner of Finance. Copies of the Affidavits of Publication in (a) the <u>New York Law Journal</u>, signed by Kimberly Darcy and sworn to on March 5, 2004, (b) the <u>New York Post</u>, signed by Byron Stevens and sworn to on March 9, 2004; and (c) the <u>City Record</u>, signed by Eli Blachman and sworn to May 11, 2005, are collectively annexed hereto as Exhibit "C."

13.    The Notice of Foreclosure fixed April 9, 2004 as the last date for redemption, which date was at least ten weeks from the date of the first publication of the Notice of Foreclosure pursuant to Admin. Code § 11-407(a). The Notice of Foreclosure also fixed April 29, 2004 as the last date for the service of an answer, which date was at least twenty days from the last date of redemption, pursuant to Admin. Code §11-409(a).

14.    As set forth in the accompanying affirmation of the Assistant Corporation Counsel, as to certain parcels included in the List of Delinquent Taxes, timely answers have been interposed and are still to be disposed of, or litigation is pending, or installment agreements have been entered into for payment of delinquent charges. As a result, these parcels must be severed from this action pursuant to Admin. Code § 11-409.

15.    Certain parcels contained in the List of Delinquent Taxes were also redeemed from the time of the initial redemption period up until the preparation of the proposed final judgment by the Corporation Counsel. I thereafter issued Certificates of Redemption which were filed by the Corporation Counsel with the Clerk of New York County. As a result the action must be discontinued with respect to those parcels pursuant to Admin. Code § 11-407.

16.    I also issued Certificates of Withdrawal to the Corporation Counsel for filing with the Clerk of New York County, pursuant to Admin. Code § 11-413, respecting those parcels as to which this action could not be maintained and had to be discontinued, and the <u>lis pendens</u> pertaining thereto had to be cancelled, because said parcels had been included in error,

or were previously condemned or acquired by the City of New York, the State of New York, the United States of America, or other governmental agencies, or by a foreign nation, or are subject to an order in a bankruptcy proceeding, or because the tax liens affecting the parcels have been paid, cancelled, or assigned, or because payment sufficient to liquidate the tax items which rendered the parcels eligible for inclusion in the action were received prior to the filing date of such action but the payments either were not reported in time to remove the parcels from the List of Delinquent Taxes prior to the filing thereof, or were made by uncertified checks which did not clear for payment until after the filing, or were inadvertently applied to a subsequent charge and thereafter transferred to liquidate the eligible tax items, or because a late redemption payment was made pursuant to Admin. Code § 11-407, or because the City withdrew the parcels for enforcement via a tax lien sale pursuant to Title 11, Chapter 3 of the Administrative Code. As a result, the action must be discontinued with respect to those parcels pursuant to Admin. Code § 11-413. A list from Finance's Fairtax Report of all properties severed or removed from this action is annexed hereto as Exhibit "E."

17.    The City, having thus complied with all of the jurisdictional requirements of Title 11, Chapter 4 of the Administrative Code, is accordingly entitled to a judgment of foreclosure pursuant to § 11-412.1 of the Admin. Code upon all parcels of class one and class two real property and pursuant to § 11-412 of the Admin. Code upon all parcel of class four real property, located within Sections 3, 6, 7 and 8 on the Manhattan Tax Map which were not redeemed, or withdrawn and as to which timely answers, litigation, or installment agreements are not still pending. A list from Finance's Fairtax Report of all properties to be included in the judgment is annexed hereto as Exhibit "F."

7

18.    I have no knowledge or information, and do hereby further state that it is impossible to ascertain as to whether any owner of any parcel of real property contained in the List of Delinquent Taxes filed herein, or any mortgagee thereof, or any person having any claim or lien thereon or interest therein, is an infant or incompetent, or is in military service.

19.    The proposed Judgment's adjudication clauses request that the Court:

a.    Direct that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein;

b.    Direct that each property as to which an answer, litigation or an installment agreement is now pending, be severed from this proceeding and that the City of New York have leave to proceed against said properties in the manner described by law;

c.    Direct that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and two parcels, to a the City or to third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein;

d.    Authorize the award of possession of any parcel or parcels of class one and class two real property located within Manhattan Tax Map Sections 3, 6, 7 and 8 and described in the List of Delinquent Taxes, and not withdrawn or redeemed and as to which an answer, litigation or an installment agreement is not pending as provided by law and authorizing the Commissioner of Finance to prepare, execute and cause to be recorded a deed, or deeds, conveying either to the City or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development full and complete title to such lands;

8

e.  Decree that upon the execution of said deed or deeds to the City of New York or to a third party, the City or the third party shall have possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption except as provided by §§ 11-424 and 11-424.1;

f.  Direct that any such conveyance of class one or class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use;

g.  Decree that unless and until the Commissioner of Finance executes a deed conveying parcels of class one and class two real property pursuant to §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent may have access to the class one and class two parcels herein described for the purposes of conducting inspections; and

h.  Direct the Commissioner of Finance to direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant in rem foreclosure proceeding and vacating and setting aside the final judgment with respect to any and all parcels that are not conveyed to the City of New York, or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development within the statutory eight month period

commencing upon entry the judgment pursuant to Admin. Code §§ 11-421.1, unless the statutory period is tolled or extended by operation of law.

_Martha E. Stark_

MARTHA E. STARK
Commissioner of Finance
City of New York

Sworn to before me this
28th day of June, 2005

NOTARY PUBLIC

DANIEL POINSON
Notary Public, State of New York
No. 24-3121788
Qualified in Kings County
Commission Expires 6/30/07

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------- X

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**AFFIDAVIT OF
ANNETTE MALATESTA**

Index No.  580001/2004

----------------------------------------------------------------------- X

STATE OF NEW YORK      )
                                      :   SS.:
COUNTY OF KINGS       )

           **ANNETTE MALATESTA**, being duly sworn, deposes and says:

           1.     I am an employee of the Department of Finance ("Finance") of the City of New York (the "City").  Currently, I am a supervisor in the Management Information Services Division ("MIS") for Finance.  I make this affidavit based upon my personal knowledge, my review of the records maintained by Finance and my conversations with Finance employees.

           2.     I submit this affidavit to explain the procedures for preparation and mailing of notices of in rem foreclosure with respect to the City's annual in rem tax foreclosure action conducted pursuant to §§11-412 and 11-412.1 of the Administrative Code of the City of New York ("Admin. Code or Administrative Code").

**Preparation For Mailing Of Notices**

           3. When preparing the notices of in rem foreclosure for the annual in rem action, Finance's MIS Division works in conjunction with Finance's In Rem Unit.  Specifically, the process for preparation of the notice of in rem foreclosure is commenced when Nilsa Acevedo,

the supervisor of the Finance In Rem Unit, selects the date on which the annual in rem action will be commenced. After Ms. Acevedo informs me of that date, I run the Finance computer program, which generates the notices of in rem foreclosure.

4. In addition to generating the form of the notice, the Finance computer program conducts a mail merge and matches the names and addresses listed in the Finance Fairtax database with the properties to be included in the upcoming in rem action. The names and addresses listed in the Finance Fairtax database are taken from the owner registration cards and in rem cards on file at Finance.

5. After the notice of in rem foreclosure is generated, I send a draft copy to Ms. Acevedo for her approval. Once Ms. Acevedo has approved the draft copy of the notice of in rem foreclosure, I run the Finance computer system's mail merge function to generate notices of in rem foreclosure that are addressed to the person(s) or parties entitled to such notice.

6. When the addressed notices of in rem foreclosure have been generated and printed, they are packed into boxes by the Finance MIS Division's employees. Every notice of in rem foreclosure is accompanied by an insert and a project batch number that states how many notices must be sent to the specific property being foreclosed.

7. The actual mailing of the notices of in rem foreclosure is done by an outside bulk mailing vendor called Vanguard Direct ("Vanguard"). Vanguard picks up the boxes containing the notices of in rem foreclosure from the Finance MIS Division, places them in windowed envelopes, and takes them to the United States Post Office. Once Vanguard has completed the bulk mailing of the notices of in rem foreclosure, it provides the Finance MIS Division with a receipt from the United States Post Office verifying that the notices were mailed.

8. With respect to the above-captioned in rem action, Vanguard has provided Finance with the receipt from the United States Post Office verifying that the notices of in rem foreclosure were mailed.

_____
ANNETTE MALATESTA

Sworn to before me this
21st day of June 2005

_____
NOTARY PUBLIC

MARTIN G. KLEINMAN
Notary Public, State of New York
No. 02KL5072063
Qualified in Kings County
Commission Expires Jan. 21, 07

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

------------------------------------------------------------------- x

**AFFIDAVIT OF MAILING**

Index No. 580001/2004

STATE OF NEW YORK    )
                 :   SS.:
COUNTY OF NEW YORKS )

          **DONALD O'CONNELL,** being duly sworn, deposes and says:

    1.    I am the representative of Vanguard Direct/Prompt Mailers ("Vanguard/Prompt"), a bulk mailing vendor which provides bulk mailing services to New York City Department of Finance ("Finance"). I make this affidavit based upon my review of Vanguard/Prompt's records, my personal knowledge and my conversations with Vanguard/Prompt employees.

    2.    On January 14, 2004, Vanguard/Prompt employees picked up boxes containing the notices of In Rem Foreclosure from Finance for the above-captioned in rem tax foreclosure action. Our job number for this action is: F040114012.

    3.    These notices were inserted into window envelopes which showed the addresses written thereon.

    4.    On January 20, 2004, these notices were taken to the United States Post Office. Vanguard/Prompt mailed these notices after paying the applicable postage rates to the United States Post Office.

5.    After the above process was completed, Vanguard/Prompt provided Finance with the receipt from the United States Post Office verifying that the In Rem Foreclosure notices were mailed.

_____
DONALD O'CONNELL

Sworn to before me this

27<sup>d</sup> day of June, 2005

AMELIA CAMACHO
Notary Public, State of New York
No. 01CA4895875
Qualified in Westchester County
Commission Expires May 26, 2007

_____
NOTARY PUBLIC

_____
DENNIS LACOGNATA
PROMPT MAILERS, INC.

Sworn to before me this

24 day of June, 2005

MARIA R. MORREALE
NOTARY PUBLIC, State of New York
No. 01MO4923407
Qualified in Richmond County
Commission Expires June 20, 20__

_____
NOTARY PUBLIC

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
———————————————————— X

In Rem Tax Foreclosure Action No. 46          **NOTICE OF FORECLOSURE**

**Borough of Manhattan**                      **INDEX NO. 580001/2004**

**Sections 3, 6, 7, and 8**

**Tax Classes 1 and 2**
———————————————————— X

     **PLEASE TAKE NOTICE THAT** on the 9th day of January, 2004, the Commissioner of Finance of the City of New York, pursuant to law, filed with the Clerk of New York County, a list of parcels affected by unpaid tax liens held and owned by said City of New York, which on the 9th day of January, 2004, had been unpaid for a period of at least one year, or in the case of Tax Class One and Tax Class Two properties that are residential condominium units or residential cooperative buildings and multiple dwellings owned by companies organized under Article XI of the New York State Private Housing Finance Law, with the consent and approval of the Department of Housing Preservation and Development, three years after the date when tax, assessment, or other legal charge became a lien. Said list contains as to each such parcel (a) a brief description of the property affected by such tax liens, (b) the name of the owner of such property as the same appeared on the annual record of assessed valuation at the time of filing or a statement that the owner is unknown if such be the case, (c) a listing of such tax liens upon such parcels, including those which caused the property to be subject to the foreclosure proceeding and those which accrued thereafter, together with the date or dates from which, and the rate or rates at which interest and penalties thereon shall be computed.

     The filing of this list of delinquent taxes constitutes the commencement by the City of New York of an action in the Supreme Court, New York County, to foreclose the tax liens therein described by a foreclosure proceeding in rem and this list constitutes a notice of pendency of action and a complaint by the City of New York against each piece or parcel of land therein described to enforce the payment of such tax liens.

     Such action is brought against the real property only and is to foreclose the tax liens described in such list. No personal judgment shall be entered herein for such taxes, assessments or other legal charges or any part thereof.

     A certified copy of such list of delinquent taxes has been filed in the Manhattan Business Center, 66 John Street, Second Floor, New York, NY 10038, and will remain open for public inspection up to and including the 9th day of April, 2004, which date is hereby fixed as the last date for redemption.

Any party or entity having or claiming to have an interest in any such parcel and the legal right thereto may on or before said date redeem the same by paying the Commissioner of Finance, at 66 John Street, Second Floor, New York, NY 10038, or any Borough Business Center, the amount of all such unpaid tax liens thereon and in addition thereto all interest and penalties which are a lien against such real property computed to and including the date of redemption.

And take further notice that during the same period such party or entity may request the Commissioner of Finance to enter into an agreement for installment payments as provided under Sections 11-405 and 11-409 of the Administrative Code.

Every person or entity having any right, title or interest in or lien upon any parcel described on such list of delinquent taxes may serve a duly verified answer upon the Corporation Counsel setting forth in detail the nature and amount of his interest or lien, any defense or objection to the foreclosure and the full name of the answering party.  Such answer must be filed in the office of the Clerk of New York County and served upon the Corporation Counsel at any time after the first date of publication but not later than twenty days after the date above mentioned as the last day for redemption, which shall be April 29th, 2004.  In the event of failure to redeem or answer, such person shall be, except as provided in Sections 11-407(c), 11-412.1 and 11-424 of the Administrative Code, forever barred and foreclosed of all his right, title and interest and equity of redemption in and to the parcel described in such list of delinquent taxes and a judgment of foreclosure may be taken in default.

Dated: January  20, 2004

Martha E. Stark
Commissioner of Finance
City of New York

**Serve all legal papers on:**

Hon. Michael A. Cardozo
Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY  10007

Form R 550

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

------------------------------------------------------------------ x

**AFFIDAVIT OF
PUBLICATION**

Index No. 580001/04

STATE OF NEW YORK        )
                         :    SS.:
COUNTY OF NEW YORK       )

    **ELI BLACHMAN,** being duly sworn, deposes and says:

    I am the Editor at the <u>City Record</u>, the official newspaper of the City of New York.  The

annexed advertisement has been duly published in six (6) successive issues of the <u>City Record</u>.

The dates of publication were January 30, 2004, February 6, 2004, February 13, 2004, February

20, 2004, February 27, 2004 and March 5, 2004.

_____
ELI BLACHMAN

Sworn to before me this
11 day of May, 2005

_____
NOTARY PUBLIC

CANDIDA SKINNER
Notary Public, State of New York
No. 01SK6089944
Qualified in Kings County
Commission Expires 3/31/2007

# State of New York
## COUNTY OF NEW YORK

SS:

_____ Drew Stevens _____ being duly sworn,
says that he/she is the principal Clerk of the Publisher of the

# *New York Post*

a daily newspaper of general circulation printed and published
in the English language, in the County of New York, State of
New York; that advertisement hereto annexed has been
regularly published in the said "NEW YORK POST" once,

on the 30 day of January, 2004

on the 06 day of February, 2004

on the 13 day of February, 2004

on the 20 day of February, 2004

on the 27 day of February, 2004

on the 05 day of March, 2004

418390

418393

418394

Sworn to before me this    9    day of   MAR   2004

Notary Public

DEBORAH P. ROSEN
Notary Public, State of New York
No. 01R
Qualified          nty
Commission          1, 20

PREME COURT OF THE STATE OF NEW YORK
UNTY OF NEW YORK

------------------------------------------------x

lem Tax Foreclosure Action No. 46

ough of Manhattan

tions 3, 6, 7, and 8

Classes 1 and 2

------------------------------------------------x

**NOTICE OF FORECLOSURE**

**INDEX NO. 580001/2004**

**PLEASE TAKE NOTICE THAT** on the 9th day of January, 2004, the Commissioner of Finance of the of New York, pursuant to law, filed with the Clerk of New York County, a list of parcels affected by unpaid iens held and owned by said City of New York, which on the 9th day of January, 2004, had been unpaid a period of at least one year, or in the case of Tax Class One and Tax Class Two properties that are resi- tial condominium units or residential cooperative buildings and multiple dwellings owned by companies unized under Article XI of the New York State Private Housing Finance Law, with the consent and approval ie Department of Housing Preservation and Development, three years after the date when tax, assess- it, or other legal charge became a lien. Said list contains as to each such parcel (a) a brief description he property affected by such tax liens, (b) the name of the owner of such property as the same appeared ie annual record of assessed valuation at the time of filing or a statement that the owner is unknown if i be the case, (c) a listing of such tax liens upon such parcels, including those which caused the prop- to be subject to the foreclosure proceeding and those which accrued thereafter, together with the date ates from which, and the rate or rates at which interest and penalties thereon shall be computed.

The filing of this list of delinquent taxes constitutes the commencement by the City of New York of an in in the Supreme Court, New York County, to foreclose the tax liens therein described by a foreclosure eeeding in rem and this list constitutes a notice of pendency of action and a complaint by the City of New against each piece or parcel of land therein described to enforce the payment of such tax liens.

Such action is brought against the real property only and is to foreclose the tax liens described in a list. No personal judgment shall be entered herein for such taxes, assessments or other legal charges ny part thereof.

A certified copy of such list of delinquent taxes has been filed in the Manhattan Business Center, 66 i Street, Second Floor, New York, NY 10038, and will remain open for public inspection up to and iding the 9th day of April, 2004, which date is hereby fixed as the last date for redemption.

Any party or entity having or claiming to have an interest in any such parcel and the legal right there- iay on or before said date redeem the same by paying the Commissioner of Finance, at 66 John Street, ind Floor, New York, NY 10038, or any Borough Business Center, the amount of all such unpaid tax i thereon and in addition thereto all interest and penalties which are a lien against such real property puted to and including the date of redemption.

And take further notice that during the same period such party or entity may request the imissioner of Finance to enter into an agreement for installment payments as provided under Sections .05 and 11-409 of the Administrative Code.

Every person or entity having any right, title or interest in or lien upon any parcel described on such af delinquent taxes may serve a duly verified answer upon the Corporation Counsel setting forth in il the nature and amount of his interest or lien, any defense or objection to the foreclosure and the full e of the answering party. Such answer must be filed in the office of the Clerk of New York County and ed upon the Corporation Counsel at any time after the first date of publication but not later than twenty : after the date above mentioned as the last day for redemption, which shall be April 29th, 2004. In the t of failure to redeem or answer, such person shall be, except as provided in Sections 11-407(c), 12.1 and 11-424 of the Administrative Code, forever barred and foreclosed of all his right, title and est and equity of redemption in and to the parcel described in such list of delinquent taxes and a ment of foreclosure may be taken in default.

d: January 20, 2004

Martha E. Stark, Commissioner of Finance
City of New York

e all legal papers on:
Michael A. Cardozo
ioration Counsel
and Bankruptcy Litigation Division
Church Street
York, NY 10007

**STATE OF NEW YORK**
    *County of New York,*   *S:*

        Kimberly Darcy, being duly sworn, says that she is the
PRINCIPAL CLERK of the Publisher of the **NEW YORK LAW
JOURNAL**, a Daily Newspaper; that the Advertisement hereto
annexed has been published in the said **NEW YORK LAW
JOURNAL** in each week for 6 successive weeks, commencing
on the 30th day of January, 2004.

    TO WIT: JANUARY 30, 2004 FEBRUARY 6, 13, 20, 27, 2004
            MARCH 5, 2004

    SWORN TO BEFORE ME, this  5th  day

    Of  March, 2004.

                  **Cynthia Byrd**
       **Notary Public, State of New York**
          **No. 01BY6056945**
       **Qualified in Kings County**
    **Commission Expires April 09, 2007**

Rem Tax Foreclosure Action No. 46, Borough of Manhattan, Sections 3, 6, 7, and 8, Tax Classes 1 and 2

PLEASE TAKE NOTICE THAT on the 9th day of January, 2004, the Commissioner of Finance of the City of New York, pursuant to law, filed with the Clerk of New York County, a list of parcels affected by unpaid tax liens held and owned by said City of New York, which on the 9th day of January, 2004, had been unpaid for a period of at least one year, or in the case of Tax Class One and Tax Class Two properties that are residential condominium units or residential cooperative buildings and multiple dwellings owned by companies organized under Article XI of the New York State Private Housing Finance Law, with the consent and approval of the Department of Housing Preservation and Development, three years after the date when tax, assessment, or other legal charge became a lien. Said list contains as to each such parcel (a) a brief description of the property affected by such tax liens, (b) the name of the owner of such property as the same appeared on the annual record of assessed valuation at the time of filing or a statement that the owner is unknown if such be the case, (c) a listing of such tax liens upon such parcels, including those which caused the property to be subject to the foreclosure proceeding and those which accrued thereafter, together with the date or dates from which, and the rate or rates at which interest and penalties thereon shall be computed.

The filing of this list of delinquent taxes constitutes the commencement by the City of New York of an action in the Supreme Court, New York County, to foreclose the tax liens therein described by a foreclosure proceeding in rem and this list constitutes a notice of pendency of action and a complaint by the City of New York against each piece or parcel of land therein described to enforce the payment of such tax liens.

Such action is brought against the real property only and is to foreclose the tax liens described in such list. No personal judgment shall be entered herein for such taxes, assessments or other legal charges or any part thereof.

A certified copy of such list of delinquent taxes has been filed in the Manhattan Business Center, 66 John Street, Second Floor, New York, NY 10038, and will remain open for public inspection up to and including the 9th day of April, 2004, which date is hereby fixed as the last date for redemption.

Any party or entity having or claiming to have an interest in any such parcel and the legal right thereto may on or before said date redeem the same by paying the Commissioner of Finance, at 66 John Street, Second Floor, New York, NY 10038, or any Borough Business Center, the amount of all such unpaid tax liens thereon and in addition thereto all interest and penalties which are a lien against such real property computed to and including the date of redemption.

And take further notice that during the same period such party or entity may request the Commissioner of Finance to enter into an agreement for installment payments as provided under Sections 11-405 and 11-409 of the Administrative Code.

Every person or entity having any right, title or interest in or lien upon any parcel described on such a list of delinquent taxes may serve a duly verified answer upon the Corporation Counsel setting forth in detail the nature and amount of his interest or lien, any defense or objection to the foreclosure and the full name of the answering party. Such answer must be filed in the Office of the Clerk of New York County and served upon the Corporation Counsel at any time after the first date of publication but not later than twenty days after the date above mentioned as the last day for redemption, which shall be April 29th, 2004. In the event of failure to redeem or answer, such person shall be, except as provided in Sections 11-407(c), 11-412.1 and 11-424 of the Administrative Code, forever barred and foreclosed of all his right, title and interest and equity of redemption in and to the parcel described in such list of delinquent taxes and a judgment of foreclosure may be taken in detail.

Dated: January 20, 2004.
Martha E. Stark, Commissioner of Finance, City of New York.

Serve all legal papers on:
Hon. Michael A. Cardozo, Corporation Counsel, Tax and Bankruptcy Litigation Division, 100 Church Street, New York, NY 10007.
426783                 j30-F m5

Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**AFFIDAVIT OF POSTING**

Index No. 580001/2004

---------------------------------------------------------------------x

STATE OF NEW YORK      )
                       : SS.:
COUNTY OF NEW YORK   )

I **David Schloss**_____, affiant herein, being duly sworn, deposes and says

that on the **21** day of **January 2004**, I posted the annexed Notice of Foreclosure in

(a) The Central Office of the City Collector of the Department of Finance, 25 Elm Place,

Brooklyn, NY

(b) The Supreme Court, New York County located at 60 Centre Street, New York, NY

(c) The Office of the City Collector for the Borough of Manhattan located at 66 John

Street, 2nd floor, New York, NY

(d) The Office of the Manhattan Borough President located at 1 Centre Street, New

York, NY;

(e) The Office of the Commissioner of Finance of the City of New York at 1 Centre

Street, Room 500, New York, NY

(f) The City Register's Office located at 66 John Street, 13th floor, New York, NY, and

(g) The Civil Court, New York County, located at 111 Centre Street, 1st floor

Signature: _David Shless_

Print Name: _David Schloss_

Sworn to before me, this

21st day of January, 2004

_PEK Byrne_

PETER GLUCK
Notary Public, State of New York
No. 01B1608467
Qualified in Queens County
Commission Expires Oct. 31, 2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6 7, and 8

TAX CLASSES 1 and 2

**AFFIDAVIT OF POSTING**

Index No. 580001/04

---------------------------------------------------------------- x

STATE OF NEW YORK    )
                     :  SS.:
COUNTY OF NEW YORK   )

_Jesús M. Martinez_ being duly sworn, deposes and says:

I am an employee of the City of New York Department of Housing Preservation and Development. On _Jan. 30 2004_ I posted the annexed Notice of Foreclosure in the following area:

The Office of the Department of Housing Preservation and Development, Public Interviewers Area,

PUBLIC INTERVIEWERS AREA
560 W. 133 St. 1ST FLOOR
NEW YORK, N.Y.
{TEXT}~

Sworn to before me this
_3RD_ day of _February_, 2004

_Audrey M. Hodge II_
NOTARY PUBLIC

**AUDREY M HODGE II**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 01HO6048112**
**QUALIFIED IN NEW YORK COUNTY**
**COMMISSION EXPIRES SEPT. 18, 20 06**

Exhibit E

REPT NO. F6R0052
2/01/2005

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004

ACTION NUMBER: 046

CASE STATUS  : WITHDRAWN

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 009068753S | 003 | 1-00699-0032/0 | C7 | 2 | 407 ELIGIBLES PAID |
| 009068755S | 003 | 1-0735-0030/0 | C7 | 2 | 412 BANKRUPTCY |
| 009068759S | 003 | 1-0717-0067/0 | C3 | 2A | 407 ELIGIBLES PAID |
| 009068766S | 006 | 1-0721-0056/0 | D4 | 2 | 407 ELIGIBLES PAID |
| 009068767S | 006 | 1-0721-0073/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068768S | 006 | 1-0721-0074/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068770S | 006 | 1-0725-0015/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068774S | 006 | 1-0726-0123/0 | V0 | 1B | 715 LATE REDEMPTION PAYMENT |
| 009068775S | 006 | 1-0728-0167/0 | C3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068778S | 006 | 1-0772-0047/0 | C5 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068785S | 006 | 1-0783-0128/0 | C1 | 2B | 400 ELIGIBLES LIQUIDATED |
| 009068787S | 006 | 1-0796-0031/0 | C7 | 2B | 406 AGREEMENT PAID IN FULL |
| 009068789S | 006 | 1-0828-0058/0 | C7 | 2B | 407 ELIGIBLES PAID |
| 009068791S | 007 | 1-0846-0045/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068792S | 007 | 1-0846-0046/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068793S | 007 | 1-0846-0049/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068794S | 007 | 1-0847-1030/0 | R4 | 2 | 715 LATE REDEMPTION PAYMENT |
| 009068796S | 007 | 1-0847-0012/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |
| 009068797S | 007 | 1-0847-0061/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |
| 009068799S | 007 | 1-0907-0024/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |
| 009068802S | 007 | 1-0913-0009/0 | C2 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068805S | 007 | 1-0913-0010/0 | C4 | 2A | 454 ADMINISTRATIVE DISCONTINUANCE |
| 009068806S | 007 | 1-0924-0402/0 | C7 | 2B | 400 ELIGIBLES LIQUIDATED |
| 009068809S | 007 | 1-1937-0042/0 | C7 | 2B | 715 LATE REDEMPTION PAYMENT |
| 009068812S | 007 | 1-2024-0007/0 | C4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068821S | 007 | 1-2024-0134/0 | C0 | 1 | 715 LATE REDEMPTION PAYMENT |
| 009068825S | 007 | 1-2050-0148/0 | S4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 009068830S | 007 | 1-2050-0152/0 | C2 | 2A | 407 ELIGIBLES PAID |
| 009068832S | 007 | 1-2058-0016/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 009068834S | 007 | 1-2058-0017/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 009068835S | 007 | 1-2058-0021/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 009068836S | 008 | 1-2061-0011/0 | C5 | 2B | 407 ELIGIBLES PAID |
| 009068840S | 007 | 1-2061-0061/0 | C4 | 2B | 407 ELIGIBLES PAID |
| 009068841S | 007 | 1-2073-0145/0 | C4 | 2B | 419 PREVIOUSLY ACQUIRED BY THE CITY |
| 009068846S | 007 | 1-2079-0001/0 | D7 | 2 | 407 ELIGIBLES PAID |
| 009068848S | 007 | 1-2110-0043/0 | A9 | 1 | 407 ELIGIBLES PAID |
| 008762044S | 008 | 1-2122-0013/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 009068855S | 008 | 1-2122-0127/0 | C6 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068856S | 008 | 1-2131-0029/0 | C6 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068858S | 008 | 1-2154-0062/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068866S | 008 | 1-2154-0079/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068868S | 008 | 1-2154-0080/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068869S | 008 | | | | |

2/01/2005                                                    CITY OF NEW YORK
REPT NO. F6R0052                                         DEPARTMENT OF FINANCE
                                                                FAIRTAX

                                                          IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN      ACTION NUMBER: 046
FILING DATE  : 01/09/2004

CASE STATUS  : WITHDRAWN

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 009068870S | 008 | 1-02154-0082/0 | C7 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068874S | 008 | 1-02158-0014/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |

TOTAL PARCELS WITHDRAWN  :      44

*** END OF REPORT ***

PAGE    2
6.05.51

2/01/2005
REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004                                ACTION NUMBER: 046

CASE STATUS  : REDEEMED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 0090687725 | 006 | 1-01726-0013/0 | S3 | 2A | |
| 0090688015 | 007 | 1-01907-0018/0 | C5 | 2B | |
| 0090688035 | 007 | 1-01907-0025/0 | C5 | 2B | |
| 0090688045 | 007 | 1-01907-0058/0 | C3 | 2A | |
| 0090688145 | 007 | 1-01948-0052/0 | S2 | 1 | |
| 0090688245 | 007 | 1-02024-0062/0 | B2 | 1 | |
| 0090688285 | 007 | 1-02050-0055/0 | C4 | 2B | |
| 0090688525 | 008 | 1-02110-0078/0 | C1 | 2 | |

TOTAL PARCELS REDEEMED  :              8

*** END OF REPORT ***

2/01/2005
REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE  : 01/09/2004                    ACTION NUMBER: 046

CASE STATUS  : SEVERD AGR

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|-----------|-----------|--------|
| 009068762S | 006 | 1-01720-0054/0 | C1 | 2 | |
| 009068818S | 007 | 1-02007-0061/0 | C7 | 2 | |

TOTAL PARCELS SEVERD AGR :          2

*** END OF REPORT ***

2/01/2005
REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004

ACTION NUMBER: 046

CASE STATUS : SEVERD ANS

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 0090668837S | 007 | 1-02058-0029/0 | C6 | 2 | |

TOTAL PARCELS SEVERD ANS :    1

*** END OF REPORT ***

PAGE     1
6.05.26

Exhibit F

2/01/2005
REPT NO: F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE  : 01/09/2004

ACTION NUMBER: 046

CASE STATUS : FILED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 00906875 4S | 003 | 1-00699-0037/0 | C4 | 2B | |
| 00906875 6S | 006 | 1-01588-0037/0 | C1 | 2B | |
| 00906875 7S | 006 | 1-01588-0053/0 | S9 | 2B | |
| 00906876 0S | 006 | 1-01720-0004/0 | C5 | 2 | |
| 00906876 1S | 006 | 1-01720-0005/0 | C2 | 2A | |
| 00906876 5S | 006 | 1-01721-0021/0 | C5 | 2A | |
| 00906875 5S | 006 | 1-01721-0021/0 | C5 | 2A | |
| 00906877 5S | 006 | 1-01728-0001/0 | C6 | 2 | |
| 00906877 9S | 006 | 1-01772-0048/0 | C5 | 2A | |
| 00906878 5S | 006 | 1-01783-0025/0 | C5 | 2A | |
| 00906879 8S | 006 | 1-01772-0021/0 | C7 | 2B | |
| 00906880 0S | 007 | 1-01906-0057/0 | D1 | 2 | |
| 00764575 1S | 007 | 1-01913-0029/0 | C7 | 2B | |
| 00906880 7S | 007 | 1-01913-0033/0 | C7 | 2 | |
| 00906881 3S | 007 | 1-01948-0040/0 | S3 | 2A | |
| 00906881 5S | 007 | 1-01953-0031/0 | S9 | 2B | |
| 00906881 6S | 007 | 1-01953-0032/0 | C7 | 2B | |
| 00906881 9S | 007 | 1-02014-0061/0 | C1 | 2B | |
| 00906882 0S | 007 | 1-02024-0001/0 | D7 | 2 | |
| 00906882 6S | 007 | 1-02030-0001/0 | S9 | 2B | |
| 00906883 8S | 007 | 1-02058-0050/0 | C7 | 2 | |
| 00906884 3S | 007 | 1-02073-0032/0 | C4 | 2 | |
| 00906884 4S | 007 | 1-02073-0050/0 | C6 | 2C | |
| 00906857 5S | 008 | 1-02122-0138/0 | B1 | 1 | |
| 00906858 5S | 008 | 1-02122-0140/0 | C1 | 2 | |
| 00906859 9S | 008 | 1-02123-0088/0 | C1 | 2 | |
| 00906861 1S | 008 | 1-02131-0004/0 | C5 | 2 | |
| 00906862 2S | 008 | 1-02131-0056/0 | D7 | 2 | |
| 00906863 3S | 008 | 1-02131-0058/0 | D7 | 2 | |
| 00906865 5S | 008 | 1-02142-0112/0 | C1 | 2 | |
| 00906872 2S | 008 | 1-02156-0074/0 | C5 | 2B | |

TOTAL PARCELS FILED  :     30

*** END OF REPORT ***

Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- X

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**AFFIDAVIT OF**
**SHAUN DONOVAN**

Index No. 580001/2004

-------------------------------------------------------------------- X


STATE OF NEW YORK )
                   :   SS.:
COUNTY OF NEW YORK )

**SHAUN DONOVAN,** being duly sworn, deposes and says:

1.    I am the Commissioner of the New York City Department of Housing Preservation and Development ("HPD"). I am fully familiar with the matters set forth herein. I submit this affidavit to explain to the Court the City's third party transfer program as authorized by Title 11, Chapter 4 of the New York City Administrative Code ("Admin. Code") as amended by Local Law 37 of 1996 and Title 28, Chapter 8 of the Rules of the City of New York (hereinafter the "Third Party Transfer Program" or "Program"). The proposed judgment of in rem foreclosure in the above-referenced action would authorize the City to implement the Third Party Transfer Program for the residential properties included in the Judgment.

2.    The Third Party Transfer Program allocates the City's limited resources to anti-abandonment and community development activities, rather than property management and maintenance. The Program allows HPD to protect tenants, marshal community resources to

support private housing, and ensure that the City's housing stock remains in private ownership.

3.     Legislation enacted in 1996 and 1997 modified the City's options and procedures for real property tax enforcement, by creating the Third Party Transfer Program as well as the City's current tax lien sale program.  The goal of the Third Party Transfer Program was to provide flexibility, speed and cost-effectiveness as the City intervenes to leverage community resources and prevent abandonment.  While the Third Party Transfer provisions of the law do not alter the City's ability to take title to these properties through a traditional in rem foreclosure, it authorizes the Court to give the Commissioner of the New York City Department of Finance ("Finance" or "DOF") the authority to transfer residential class one and class two properties from the delinquent taxpayer to a third party without the City taking title to the property.  See Administrative Code § 11-412.1.  The proposed judgment in this case gives the Commissioner this authority.

4.     The Third Party Transfer Program is particularly tailored to properties which have been abandoned or neglected, or are defined by law as "distressed."[1]  Such properties often require intervention before they can be restored fully to the tax rolls.  Prior to commencement of third party transfer, HPD's Division of Anti-Abandonment conducts

---

[1] Distressed property is defined in the statute as any residential class one and two property that is subject to a tax lien with a lien to market value ratio equal to or greater than 15% and with an average of five or more hazardous or immediately hazardous housing code violations per unit, or with emergency repair liens in an amount greater than one thousand dollars.  See Administrative Code §§ 11-401(4) and 11-404.1(a).  Pursuant to Admin. Code §§11-401(c) and 11-401.1(a), distressed properties must be excluded from tax lien sales, which are available to the City for tax delinquencies on viable residential and commercial properties. Properties included in tax lien sales, if ultimately foreclosed, are auctioned by the new lien holder to the highest bidder.  See Admin. Code §11, Chapter 3 (Local Laws 26 and 37 of 1996 and Local Law 69 of 1997).

extensive owner outreach to encourage owners to pay their tax arrears and to seek assistance to deal with any physical or management problems affecting a building's underlying viability.

5.      Unlike the viable properties that are auctioned to the highest bidder in tax lien sales, the properties in the Third Party Transfer Program are in generally poor condition and, therefore, less marketable.  Accordingly, HPD selects the new owners of the third party transfer properties according to guidelines provided in the statute.  See Admin. Code § 11-412.1(b)(2); RCNY §8-03.  The rules provide that transfer must be made to third parties deemed qualified and designated by HPD.  HPD may designate such parties pursuant to criteria such as residential management experience; financial ability; rehabilitation experience; ability to work with government and community organizations; neighborhood ties; and whether the third party is a neighborhood-based for-profit individual or organization, a not-for-profit organization or a responsible legal tenant.  HPD selects the eligible new owners and generally assists in funding any required rehabilitation through its loan program.  Thus, under third party ownership, properties will be rehabilitated and managed by responsible owners, add to the City's stock of affordable housing and eventually be restored to the City's tax rolls.

6.      The statute also provides for City Council review of the Third Party Transfer.  Prior to the execution of a deed conveying title to a third party deemed qualified and designated by HPD and pursuant to Admin. Code § 11-412.2, the Commissioner of Finance must notify the City Council of the proposed conveyance.  The Council may disapprove of the transfer within forty-five days of notification, otherwise the transfer is deemed approved.

7.     Owners, mortgagees, and other interested parties retain the right to redeem their property during the first four months after the final judgment is entered. Although not required by Administrative Code § 11-412.1, as set forth fully in the affidavit of regularity of Martha E. Stark, Commissioner of Finance, the City will send post judgment notices to owners and parties who have filed cards requesting notification of delinquent property taxes under Administrative Code § 11-406(c).

8.     If the Commissioner of Finance has not transferred title to a third party deemed qualified and designated by HPD or to the City within the statutory period after judgment of foreclosure is entered, the in rem action is to be discontinued with respect to any parcel not transferred, in which case the delinquent owner will remain the owner of record. For the City to then take title or transfer title to a third party deemed qualified and designated by HPD, the Commissioner of Finance must initiate a new tax foreclosure proceeding.

9.     In another modification of the in rem law, the Commissioner of Finance was given the authority to offer incentive installment agreements to owners of class one or class two buildings in an in rem action. The new agreements offer a lower interest rate on the delinquent charges depending on the down payment made. The incentive installment agreements were also made self liquidating, unlike the in rem installment agreements that existed prior to April 1995, so that owners do not face a balloon payment at the end of the term. These two changes made it more likely that owners would successfully pay off their installment agreement, restore their property to the tax rolls and keep it in private hands. See Administrative Code § 11-409.

10.     Another significant change in the in rem law authorized the Commissioner of Finance to target the parcels that are included in the "list of delinquent taxes," which is

4

prepared prior to the commencement of an in rem foreclosure action, to "all parcels, or all

parcels within a particular class or classes, that are within a particular borough or [portion of

a borough] section of a tax map or portion of a section of a tax map of the city and on which

there are tax liens subject to foreclosure... provided... that no such portion shall be smaller

than a block....". See Administrative Code § 11-405(a). This provision differs from the old

law which provided that when the City instituted an in rem foreclosure action it name all

properties located in the borough that are subject to foreclosure. In addition, Administrative

Code § 11-412.1, entitled "Special procedures relating to final judgment and release of class

one and class- two property", now allows the City to go to judgment on these property

classes independent of other types of properties that may have been included initially in a

particular in rem action. The proposed Judgment in the case at bar therefore covers only

residential properties on certain blocks within the Borough of Manhattan. These changes

made it possible for HPD to marshal its resources to turn around neighborhoods by focusing

its efforts so that all buildings in poor condition in one area can be rehabilitated at once,

making it more likely that the Third Party Transfer Program will bring about meaningful

change for all the residents of the targeted area.

11.    The instant in rem action was commenced on January 9, 2004 and, as set

forth fully in the affidavit of regularity of Martha E. Stark, Commissioner of Finance, DOF sent

notices to all affected owners and other parties as required by law and complied with all the

necessary statutory pre-requisites for obtaining an in rem foreclosure judgment in this action.

Accordingly, the Commissioner of Finance is seeking the Court's approval in the instant

judgment to transfer title to the City or to third parties deemed qualified and designated by HPD

of those deteriorated residential class one and class two properties situated in Manhattan Tax Map Sections 3, 6, 7 and 8 which are subject to foreclosure in this in rem proceeding.

12.     The proposed judgment references provisions of the new in rem law and is consistent with the provisions of Administrative Code § 11-412.1.  The modified in rem law is one of the most significant legislative initiatives to reform the City's housing preservation and community development efforts and its tax enforcement process.  After judgment is entered, the residential buildings will be transferred in the City's Third Party Transfer Program to new owners who have demonstrated they have the resources and ability to fix the properties, remedy code violations and manage them effectively over the long term.  I respectfully request that the Court grant expedited relief in this matter.

_____
SHAUN DONOVAN

Sworn to before me this
27th day of June, 2005

_____
NOTARY PUBLIC

MATTHEW ELLIOTT SHAFIT
Notary Public, State of New York
No. 12318
Qualified in New York County
Commission Expires June 12, 2006

6

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3,6, 7 AND 8

TAX CLASSES 1 AND 2

**AFFIRMATION OF REGULARITY WITH
ATTACHED EXHIBITS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-235*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 7889555*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ....................................................*
*............................................................ 200 . . .*
*............................ Esq.*

*Attorney for................................................*

Exhibit G

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

-------------------------------------------------------------- x

**DECISION**

Index No. 580001/2004

Pursuant to the provisions of Title 11 Chapter 4 of the Administrative Code of The City of New York ("Admin. Code"), and in accordance with the requirements of Sections 11-412 and 11-412.1 thereof, this Court hereby determines and finds upon the proof submitted that there has been due compliance herein by the City of New York, the plaintiff herein, with the provisions of said Title 11, Chapter 4, of the Administrative Code, and more particularly this Court determines and finds as follows:

## FINDINGS OF FACT

1.     On January 9, 2004, the date of filing of the List of Delinquent Taxes hereinafter mentioned and the subject of this action, the City of New York was the owner and holder of unpaid tax liens affecting the parcels of class one and class two real property hereinafter mentioned, which tax liens were, as of such date, unpaid for the period required by Admin. Code § 11-404 of the Administrative Code of the City of New York.

2.     On January 9, 2004, the Commissioner of Finance caused to be filed in the Office of the Clerk of the County of New York two duplicate verified Lists of Delinquent Taxes including all parcels of property designated on the Tax Map of the City of New York for the Borough of Manhattan affected by unpaid tax liens held and owned by the City of New York

which on that date were unpaid for the period required by Admin. Code § 11-404. The List included all delinquent parcels of class one and class two properties in Manhattan Tax Map Sections 3, 6, 7 and 8 that are subject to a judgment of foreclosure in this proceeding under Admin. Code §§ 11-412.1.

3.    The List contained as to each parcel appearing thereon the following:

a.    A serial number;

b.    A brief description sufficient to identify each parcel affected by such tax liens by stating the section, block, and lot designation for such parcel on the Tax Map and the street number, if there be such; and

c.    A statement of the amount of each tax lien upon each parcel contained in said List of Delinquent Taxes including those due and unpaid for less than the period required by said § 11-404, together with the date or dates from which and the rate or rates at which interest and penalties should be computed.

4.    On or before January 9, 2004, the Commissioner of Finance duly caused to be filed a certified copy of the List of Delinquent Taxes in each of the following places:

(a)    In the Central Office of the Taxpayer Assistance, Planning and Payment Operations Division of the Department of Finance of the City of New York, 25 Elm Place, 4th floor Brooklyn, New York;

(b)    In the Office of the Corporation Counsel of the City of New York, Tax and Bankruptcy Litigation Division, 100 Church Street, New York, New York 10007; and

(c)    In the Office of the Manhattan Business Center of the Department of Finance, 66 John Street, 2nd floor, New York, New York 10038.

to be posted, and there were posted true copies of the Notice of Foreclosure in each of the

following places:

a.  The public notices bulletin board in the Office of the Commissioner of Finance located in the corridor on the fifth floor, Municipal Building, Chambers and Centre Streets, Borough of Manhattan, New York, New York;

b.  On the bulletin board in the office of the City Collector for the Borough of Manhattan, 66 John Street, 2nd floor, New York, New York;

c.  The Office of the Manhattan Borough President, 1 Centre Street, New York, New York;

d.  The Supreme Court, New York County, 60 Centre Street, New York, New York;

e.  The Central Office of the City Collector of the Department of Finance, 25 Elm Place, Brooklyn, New York;

f.  On the wall in the public interviewer area, Department of Housing Preservation and Development;

g.  The Civil Court, New York County, 111 Centre Street, New York, New York; and

h.  City Register's Office, New York County, 66 John Street 13th floor, New York, New York.

6.  As set forth in the affidavit of Annette Malatesta, sworn to on June 21, 2005 and Donald O'Connell, sworn to June 27, 2005, on January 20, 2004, and on or before the date of the first publication herein mentioned, the Commissioner of Finance caused a copy of the aforesaid Notice of Foreclosure with a statement in the form provided for in Admin. Code §11-406 to be mailed to each owner, mortgagee, lienor, encumbrancer or other person with an interest in the real property contained in said List of Delinquent Taxes, who filed with the City Collector

3

registration cards pursuant to Admin. Code §§ 11-416 and 11-417, and with regard to every property affected by the List of Delinquent Taxes as to which a registration card was not filed, to the name and address, if any, appearing in the latest annual record of assessed valuations.

7.    Beginning on January 30, 2004, and following the filing of said List of Delinquent Taxes in the Office of the Clerk of New York County, the Commissioner of Finance pursuant to Admin. Code §11-406, caused a Notice of Foreclosure to be published, and the same was accordingly published at least once a week for six weeks in the City Record, the New York Law Journal and the New York Post.

8.    Pursuant to Admin. Code § 11-407, the Notice of Foreclosure fixed April 9, 2004 as the last day for redemption which date was at least ten weeks from the date of the first publication of the said notice. The Notice also fixed April 29, 2004 as the last date for the service of answer, which was at least twenty days from the last date of redemption pursuant to Admin. Code §11-409.

9.    During the period of redemption, and up until the preparation of the proposed judgment of foreclosure by the Corporation Counsel, certain parcels of class one and class two real property, contained in the List of Delinquent Taxes herein and located within Tax Map Sections 3, 6, 7 and 8 of New York County, were redeemed as set forth in the affidavit of regularity of Martha E. Stark, the Commissioner of Finance. The Commissioner of Finance thereafter issued Certificates of Redemption as to said parcels which were filed by the Corporation Counsel with the Clerk of New York County, all pursuant to the provisions of Admin. Code §11-413.

10.    This action could not be maintained and had to be discontinued as to certain parcels of class one and class two real property located within Tax Map Sections 3, 6, 7

4

and 8 and the lis pendens pertaining thereto has to be cancelled because said parcels had been included in error, or previously condemned, or acquired by the City of New York, or by the State of New York, or by the United States of America or by other governmental agencies, or by a foreign nation, or are subject to an order in a bankruptcy proceeding, or because the tax liens affecting the parcels had been paid, cancelled, or assigned, or because payments sufficient to liquidate the tax items which rendered the parcels eligible for inclusion in the action were received prior to the filing date of such action but the payments either were not reported in time to remove said parcels from the List of Delinquent Taxes prior to the filing thereof, or were made by uncertified checks which did not clear for payment until after said filing, or were inadvertently applied to a subsequent charge and thereafter transferred to liquidate said eligible tax items, or because a late redemption payment was made pursuant to Admin. Code §11-407, or because the City withdrew the parcels for enforcement via a tax lien sale pursuant to Title 11, Chapter 3 of the Administrative Code.   The Commissioner of Finance thereafter issued Certificates of Withdrawal as to such parcels which were filed by the Corporation Counsel with the Clerk of New York County, all pursuant to the provisions of Admin. Code §11-413.  Said parcels are set forth in the affidavit of regularity of the Commissioner of Finance submitted herewith.

11.     The time to answer the said Notice of Foreclosure or to make any motion with respect thereto has expired.  The parcels of class one and class two real property contained in the List of Delinquent Taxes, and located in Tax Map Sections 3, 6, 7 and 8, and as to which answers were interposed that are still to be disposed of, or as to which litigation or an installment agreement is still pending, must be severed from this action pursuant to Admin. Code §11-409.

Said parcels are set forth in the affirmation of regularity of the Assistant Corporation Counsel submitted herewith.

12. All affidavits of filing, publication, mailing, and other acts required to be performed by the provisions of Title 11, Chapter 4 of the Administrative Code as to this entire action have been duly made and verified and, as annexed to the affidavits of regularity herein, form part of the judgment roll in this proceeding. The City of New York is accordingly entitled to a judgment of foreclosure to be entered herein upon all of the parcels of class one and class two real property located within Sections 3, 6, 7 and 8 of the New York County Tax Map as to which no answer, litigation or installment agreement is pending and which have not been redeemed or withdrawn. A list of such parcels is annexed to the aforesaid affirmation of regularity of the Assistant Corporation Counsel and designated Exhibit "F" thereto.

## CONCLUSIONS OF LAW

All of the proceedings in this action were regular and taken in due compliance with Title 11, Chapter 4 of the Administrative Code of the City of New York and there has been due and full compliance by the City of New York with the provisions of said statute as to this entire in rem action.

The City of New York is entitled to judgment under Sections §§ 11-412 and 11-421.1 as follows:

a. Directing that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein;

b. Directing that each property as to which an answer, litigation or an installment agreement is now pending, be severed from this proceeding and that the City of New

6

would have a right to proceed against said properties in the manner described by law;

c.    Directing that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein;

d.    Authorizing the award of possession of any parcel or parcels of class one and class two real property located within Manhattan Tax Map Sections 3, 6, 7 and 8 and described in the List of Delinquent Taxes, and not withdrawn or redeemed and as to which an answer, litigation or an installment agreement is not pending as provided by law and authorizing the Commissioner of Finance to prepare, execute and cause to be recorded a deed, or deeds, conveying either to the City or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development full and complete title to such lands;

e.    Decreeing that upon the execution of said deed or deeds to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption as provided by §11-412.1 except as otherwise provided by §§ 11-424 and 11-424.1;

f.    Directing that any such conveyance of class one or class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use;

7

g.   That unless and until the Commissioner of Finance executes a deed conveying parcels of class one and class two real property pursuant to §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent may have access to the class one and class two parcels herein described for the purposes of conducting inspections; and

h.   Directing the Commissioner of Finance to direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant in rem foreclosure proceeding and vacating and setting aside the final judgment with respect to any and all parcels that are not conveyed to the City of New York, or with respect to the class one and two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development within the statutory eight month period commencing upon entry the judgment pursuant to Admin. Code §§ 11-421.1 (c), (d) and (i), unless the statutory period is tolled or extended by operation of law.

Dated:   New York, New York
         July 28  , 2005

                                               _____
                                                             J.S.C.
         FILED
         AUG 1 1 2005                           JANE S. SOLOMON
    COUNTY CLERK'S OFFICE
         NEW YORK

8

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**DECISION**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
100 Church Street, Room 3-235
New York, N.Y. 10007

*Of Counsel: Andrea Feller*
*Tel. (212) 788-9555*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

New York, N.Y. .................................

.......................................................... 200...

.............................................. Esq.

Attorney for.........................................

05 JUL 11 AM 11 52

ORIGINAL

At an IAS Part 5 5 of the Supreme Court of
the State of New York, held in and for the
County of New York, at the Court House,
located at 60 Centre Street, in the Borough of
Manhattan, City and State of New York, on
the 28 day of July, 2005.

P R E S E N T :

HON: **JANE S. SOLOMON**

Justice.

---------------------------------------------------------x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

---------------------------------------------------------x

**JUDGMENT OF
FORECLOSURE PURSUANT
TO ADMINISTRATIVE CODE
§§ 11-412 AND 11-412.1**

Index No. 580001/2004

Upon the List of Delinquent Taxes duly verified and duly filed herein pursuant to

Section 11-405 of the Administrative Code of the City of New York ("Admin. Code") in the

Office of the Clerk of New York County on January 9, 2004; and upon reading and filing the

affirmation and affidavits of regularity referred to below, attesting to the performance of the acts

required by the provisions of Title 11, Chapter 4 of the Administrative Code; and upon due proof

that the Notice of Foreclosure was duly published after the filing of such List once a week for six

weeks pursuant to Admin. Code § 11-406 in the City Record, the New York Law Journal, and

the New York Post, the latter two newspapers duly designated for that purpose by the

Commissioner of Finance of the City of New York; and upon due proof of the posting of such

Notice of Foreclosure; and upon due proof of the mailing of the Notice of Foreclosure to each

owner of property affected by the List of Delinquent Taxes, any mortgagee thereof, or any

registration card pursuant to the provisions of Admin. Code §§ 11-416 and 11-417; and upon due proof that the Notice of Foreclosure was mailed to the name and address, if any, appearing in the latest annual record of assessed valuations of every property affected by the List of Delinquent Taxes as to which a registration card was not filed; and it appearing that all of the procedures and proceedings required by the provisions of Title 11, of Chapter 4 of the Administrative Code have been duly performed; and upon reading and filing the affidavit of regularity of Martha E. Stark, Commissioner of Finance of the City of New York, sworn to on June 28, 2005, showing that certain parcels have been redeemed pursuant to the provisions of Admin. Code § 11-407 and that certain parcels have had the taxes thereon paid, cancelled, or liquidated, or are subject to an order in a bankruptcy proceeding, or have been condemned or included in error and have therefore been withdrawn pursuant to the provisions of Admin. Code § 11-413; and upon reading and filing the affidavit of Shaun Donovan, Commissioner of Housing Preservation and Development, sworn to June 29, 2005; and upon reading and filing the affirmation of regularity of Andrea Feller, Assistant Corporation Counsel, dated June 29, 2005, showing that this action must be severed as to certain parcels enumerated in said affirmation as to which litigation, timely answers, or installment agreements are still pending pursuant to the provisions of Admin. Code § 11-409; and the Court having made and filed its decision dated _July 28_, 2005, containing a statement of the facts found and the conclusions of law thereon, showing the compliance by the City of New York with all of the jurisdictional requirements of Title 11, Chapter 4 of the Administrative Code;

NOW, on the motion of MICHAEL A. CARDOZO, Corporation Counsel, attorney for the City of New York, it is

2

ORDERED, that the City of New York have judgment herein; and it is hereby further

ORDERED, ADJUDGED AND DECREED, that final judgment is herein granted to the City of New York with respect to the parcels of class one and class two real property listed in Exhibit "A," annexed hereto, which designates each parcel by serial number as the same appears on the List of Delinquent Taxes, and section, block and lot numbers as the same appear on the Tax Map of the City of New York, for the County of New York and in the aforesaid List of Delinquent Taxes; and it is

ORDERED, ADJUDGED AND DECREED, that the City of New York is the owner and holder of unpaid tax liens affecting the parcels of real property hereinafter described, in Exhibit "A" in the amounts with interest thereon as shown in the List of Delinquent Taxes referred to above; and it is hereby further

ORDERED, ADJUDGED AND DECREED, that this judgment of foreclosure is discontinued with regard to the parcels of class one and class two real property, located within Tax Map Sections 3, 6, 7 and 8 of New York County, which have been redeemed pursuant to Admin. Code § 11-407, and which parcels are described in Exhibit "B," annexed hereto, and it is hereby further

ORDERED, ADJUDGED AND DECREED, that this judgment of foreclosure is severed, without prejudice, with regard to the parcels of class one and class two real property, located within Tax Map Sections 3, 6, 7 and 8 of New York County, which are listed in Exhibit "C," as to which parcels litigation, timely answers, or installment agreements are still pending or have been withdrawn for enforcement by way of a tax lien sale conducted pursuant to Title 11, Chapter 3 of the Administrative Code and that the City of New York is hereby given leave to

3

proceed against each such parcel in the manner prescribed by law to a final disposition under the caption of this action; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that a sale of any of the parcels of property hereinafter described is dispensed with and the Commissioner of Finance of the City of New York is hereby authorized to prepare and execute a deed, or deeds, conveying either to the City of New York, or with respect to the class one and class two parcels, to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, full and complete title to said parcels as described herein; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that upon the execution of said deed or deeds to the City or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such lands, and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption as provided by Admin. Code §§ 11-412 and 11-412.1, except as otherwise provided by Admin. Code §§ 11-424 and 11-424.1 ; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that any such conveyance of class one and class two real property to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development shall be for an existing use; and it is further

**ORDERED, ADJUDGED AND DECREED,** that unless and until the Commissioner of Finance executes a deed conveying parcels of class one and class two real

4

property pursuant to Admin. Code §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable law; provided, however, that upon entry of judgment, HPD or its authorized agent may have access to the class one and class two parcels herein described for the purposes of conducting inspections; and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that, with respect to any and all parcels that are not conveyed to the City of New York or to the City or a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development (in the case of or with respect to the class one and class two parcels) within the statutory eight month period commencing upon entry the judgment pursuant to Admin. Code §§11-421.1 (c), (d) and (i) (unless the statutory period is tolled or extended by operation of law), the Commissioner of Finance shall direct the Corporation Counsel to prepare and cause to be entered an order discontinuing the instant in rem foreclosure proceeding and vacating and setting aside the final judgment as to those parcels.

**ENTER**

DATE 9 | 21 | 05
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office on the day of 8 | 11 | 05

J.S.C.

JANE S. SOLOMON County Clerk and clerk of the Supreme Court of New York County NO FEE OFFICIAL USE

CLERK

FILED
AUG 1 1 2005
COUNTY CLERK'S OFFICE
NEW YORK

5

Exhibit A

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004          ACTION NUMBER: 046

CASE STATUS : FILED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 009068754S | 003 | 1-00699-0037/0 | C4 | 2B | |
| 009068756S | 006 | 1-01688-0037/0 | C1 | 2B | |
| 009068757S | 006 | 1-01688-0055/0 | C1 | 2B | |
| 009068760S | 006 | 1-01720-0004/0 | S9 | 2B | |
| 009068761S | 006 | 1-01720-0005/0 | C5 | 2 | |
| 009068765S | 006 | 1-01720-0021/0 | C2 | 2A | |
| 009068775S | 006 | 1-01721-0021/0 | C5 | 2A | |
| 009068779S | 006 | 1-01728-0001/0 | C6 | 2A | |
| 009068785S | 006 | 1-01722-0048/0 | C5 | 2A | |
| 009068855S | 006 | 1-01783-0025/0 | C7 | 2A | |
| 009068796S | 006 | 1-01847-0021/0 | C7 | 2B | |
| 009068800S | 007 | 1-01906-0057/0 | D1 | 2 | |
| 007645751S | 007 | 1-01913-0029/0 | C7 | 2B | |
| 009068807S | 007 | 1-01913-0033/0 | C7 | 2 | |
| 009068811S | 007 | 1-01948-0040/0 | S3 | 2A | |
| 009068815S | 007 | 1-01948-0040/0 | S9 | 2A | |
| 009068816S | 007 | 1-01953-0031/0 | C7 | 2B | |
| 009068819S | 007 | 1-01953-0032/0 | C1 | 2B | |
| 009068820S | 007 | 1-02014-0061/0 | D7 | 2 | |
| 009068826S | 007 | 1-02024-0001/0 | D7 | 2B | |
| 009068838S | 007 | 1-02030-0001/0 | C7 | 2 | |
| 009068843S | 007 | 1-02058-0050/0 | C4 | 2 | |
| 009068844S | 007 | 1-02073-0032/0 | C6 | 2C | |
| 009068857S | 008 | 1-02073-0050/0 | B1 | 1 | |
| 009068857S | 008 | 1-02122-0118/0 | C1 | 2 | |
| 009068858S | 008 | 1-02122-0140/0 | C5 | 2B | |
| 009068859S | 008 | 1-02123-0088/0 | D7 | 2 | |
| 009068861S | 008 | 1-02131-0044/0 | C1 | 2 | |
| 009068862S | 008 | 1-02131-0052/0 | C1 | 2 | |
| 009068865S | 008 | 1-02131-0058/0 | C1 | 2 | |
| 009068872S | 008 | 1-02142-0112/0 | C5 | 2B | |
|  | 008 | 1-02156-0074/0 | 2B | | |

TOTAL PARCELS FILED :          30

*** END OF REPORT ***

MICHIGAN

Exhibit B

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004                    ACTION NUMBER: 046

CASE STATUS : REDEEMED

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 009068772S | 006 | 1-01726-0013/0 | S3 | 2A | |
| 009068801S | 007 | 1-01907-0018/0 | C5 | 2B | |
| 009068803 | 007 | 1-01907-0025/0 | C5 | 2B | |
| 009068804S | 007 | 1-01907-0058/0 | C3 | 2A | |
| 009068814S | 007 | 1-01948-0052/0 | S2 | 1 | |
| 009068824S | 007 | 1-02024-0062/0 | B2 | 1 | |
| 009068828S | 007 | 1-02050-0055/0 | C4 | 2B | |
| 009068852S | 008 | 1-02110-0078/0 | C1 | 2 | |

TOTAL PARCELS REDEEMED :        8

*** END OF REPORT ***

Exhibit C

```
EPT NO. F6R0052                                    CITY OF NEW YORK                        PAGE   1
                                               DEPARTMENT OF FINANCE                        6.05.51
                                                      FAIRTAX

BOROUGH CODE : 001 MANHATTAN           ACTION NUMBER: 046          IN REM ACTIVITY REPORT
ILING DATE : 01/09/2004

ASE STATUS  : WITHDRAWN
```

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---|---|---|---|---|---|
| 0090687535 | 003 | 1-00699-0032/0 | C7 | 2 | 407 ELIGIBLES PAID |
| 0090687555 | 003 | 1-00735-0030/0 | C7 | 2 | 412 BANKRUPTCY |
| 0090687595 | 006 | 1-01717-0067/0 | C3 | 2A | 407 ELIGIBLES PAID |
| 0090687665 | 006 | 1-01721-0056/0 | C3 | 2A | 407 ELIGIBLES PAID |
| 0090687675 | 006 | 1-01721-0073/0 | D4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687685 | 006 | 1-01721-0074/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687705 | 006 | 1-01725-0015/0 | S3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687745 | 006 | 1-01726-0123/0 | V0 | 1B | 715 LATE REDEMPTION PAYMENT |
| 0090687775 | 006 | 1-01728-0167/0 | C3 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090687875 | 006 | 1-01728-0247/0 | C1 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0072046645 | 006 | 1-01772-0089/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090687895 | 007 | 1-01783-0128/0 | C7 | 2B | 406 ELIGIBLES LIQUIDATED |
| 0090687915 | 007 | 1-01794-0031/0 | C7 | 2B | 406 AGREEMENT PAID IN FULL |
| 0090687925 | 007 | 1-01828-0058/0 | D9 | 2 | 407 ELIGIBLES PAID |
| 0090687945 | 007 | 1-01846-0045/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687965 | 007 | 1-01846-0046/0 | D9 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687975 | 007 | 1-01846-0049/0 | R4 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090687995 | 007 | 1-01846-1030/0 | D9 | 2 | 715 LATE REDEMPTION PAYMENT |
| 0090688025 | 007 | 1-01847-0012/0 | C2 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688025 | 007 | 1-01847-0061/0 | C2 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688055 | 007 | 1-01907-0024/0 | C4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688065 | 007 | 1-01913-0009/0 | C4 | 2B | 454 ADMINISTRATIVE DISCONTINUANCE |
| 0090688095 | 007 | 1-01913-0010/0 | C7 | 2B | 400 ELIGIBLES LIQUIDATED |
| 0090688125 | 007 | 1-01937-0002/0 | C7 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688215 | 007 | 1-02024-0007/0 | C4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688305 | 007 | 1-02024-0134/0 | C0 | 1 | 715 LATE REDEMPTION PAYMENT |
| 0090688325 | 007 | 1-02050-0148/0 | S4 | 2A | 715 LATE REDEMPTION PAYMENT |
| 0090688325 | 007 | 1-02050-0152/0 | C5 | 2B | 407 ELIGIBLES PAID |
| 0090688335 | 007 | 1-02058-0016/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688355 | 007 | 1-02058-0017/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688365 | 007 | 1-02058-0021/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688405 | 007 | 1-02061-0001/0 | C4 | 2 | 407 ELIGIBLES PAID |
| 0090688411 | 007 | 1-02061-0061/0 | C4 | 2 | 407 ELIGIBLES PAID |
| 0090688465 | 007 | 1-02073-0145/0 | C5 | 2B | 419 PREVIOUSLY ACQUIRED BY THE CITY |
| 0090688485 | 007 | 1-02079-0001/0 | D7 | 2 | 407 ELIGIBLES PAID |
| 0087620045 | 008 | 1-02110-0043/0 | A9 | 1 | 407 ELIGIBLES PAID |
| 0090688515 | 008 | 1-02122-0013/0 | C5 | 2B | 715 LATE REDEMPTION PAYMENT |
| 0090688555 | 008 | 1-02122-0127/0 | C1 | 2 | 407 ELIGIBLES PAID |
| 0090688565 | 008 | 1-02131-0029/0 | C1 | 2 | 715 LATE REDEMPTION PAYMENT |
| 0090688605 | 008 | 1-02154-0062/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090688665 | 008 | 1-02154-0079/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |
| 0090688695 | 008 | 1-02154-0080/0 | C1 | 2 | 400 ELIGIBLES LIQUIDATED |

EPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN    ACTION NUMBER: 046
FILING DATE : 01/09/2004

CASE STATUS : WITHDRAWN

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 00906887OS | 008 | 1-02154-0082/0 | C7 | 2 | 400 ELIGIBLES LIQUIDATED |
| 009068874S | 008 | 1-02158-0014/0 | C5 | 2 | 715 LATE REDEMPTION PAYMENT |

TOTAL PARCELS WITHDRAWN :    44

*** END OF REPORT ***

PAGE    2
6.05.51

REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE : 01/09/2004

CASE STATUS  : SEVERD AGR

ACTION NUMBER: 046

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 009068762S | 006 | 1-01720-0054/0 | C1 | 2 | |
| 009068818S | 007 | 1-02007-0061/0 | C7 | 2 | |

TOTAL PARCELS SEVERD AGR : 2

*** END OF REPORT ***

2/01/2005
REPT NO. F6R0052

CITY OF NEW YORK
DEPARTMENT OF FINANCE
FAIRTAX

IN REM ACTIVITY REPORT

BOROUGH CODE : 001 MANHATTAN
FILING DATE  : 01/09/2004                    ACTION NUMBER: 046

CASE STATUS : SEVERD ANS

| CASE ID | SECTION | PARCEL ID | BLDG CLASS | TAX CLASS | REASON |
|---------|---------|-----------|------------|-----------|--------|
| 009068837S | 007 | 1-02058-0029/0 | C6 | 2 | |

TOTAL PARCELS SEVERD ANS : 1

*** END OF REPORT ***

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**JUDGMENT OF FORECLOSURE PURSUANT TO ADMINISTRATIVE CODE §§ 11-412 AND 11-412.1**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-235*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 788-9555*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.*

.................................................

.................................., 200...

.................................., Esq.

*Attorney for*.................................

**FILED**

AUG 11 2005

3⁰⁰ PM

AT
N.Y., CO., CLKS OFFICE

Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
In Rem Tax Foreclosure Action No. 46

Borough of Manhattan

**ANSWER TO NOTICE
OF FORECLOSURE**
Index No. 580001/2004

Section 3, 6, 7, and 8

Tax Classes 1 and 2
------------------------------------------------------------X

477 West 142nd Street HDFC ("HDFC") by its attorney, Ernest Gary, answers the

Commissioner of Finance of the City of New York Notice of Foreclosure In Rem Action

No. 46 as follows:

1. HDFC denies the allegations of delinquent real estates and sewer and water

   charges. The Department of Finance of the City of New York has failed to

   provide HDFC with an accurate amount of real estate taxes and sewer and

   water charges due.

2. Employees of the Department of Housing Preservation and Development

   ("HPD") assured HDFC that certain programs and agreements could be used

   in order to provide HDFC with additional time to raise funds necessary to cure

   arrears. That the Board of Directors of HDFC have approved plan that will

   restore HDFC to financial stability.

3. That as part of the plan to restore HDFC to financial stability, all of the

   shareholders of HDFC have agreed to an increased maintenance charge.

4. That the HDFC has undertaken significant steps to lease value retail space that

   has been vacant for a number of years.

5.  That the HDFC has engaged a team of professionals that will facilitate the financing and rehabilitation of the 477 West 142nd Street including all residential units.

6.  That the President of the board of directors, Dr. Delois Blakely, has been in constant conversation with HPD to work out a mutually acceptable resolution.

WHERFORE, HDFC respectfully demands discontinuance of the In Rem Tax Foreclosure Action No. 46.

Dated this 29th day of April, 2004

Ernest Gary, Esq.
Attorney for Plaintiff
Law Offices of Ernest Gary, PLLC
2 William Street, Suite 201
White Plains, New York 10601
Tel. (914) 682-4495

**Serve upon:**

Hon. Michael A. Cardozo
Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY 10007

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

MOTION FOR SUMMARY JUDGMENT OF
FORECLOSURE

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, 3-235*
*New York, N.Y. 10007*

*Of Counsel: Andrea Feller*
*Tel: (212) 788-9555*
*NYCLIS No. 2006-006993*

*Due and timely service is hereby admitted*

*New York, N.Y. ............................................ , 200......*
................................................................

*Attorney for.....................................................*
...............................................................*Esq.*

Index No.580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street, Room 3-235*
*New York, N.Y.  10007*

*Of Counsel:  Andrea Feller*
*Tel:  (212) 788-9555*
*NYCLIS #:  2006-006993*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

------------------------------------------------------------------------- x

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY'S MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE

### PRELIMINARY STATEMENT

The City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, submits this memorandum of law in support of its motion, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 3212 and Administrative Code of the City of New York (the "Admin. Code") § 11-412.1, for summary judgment, specifically for a judgment of foreclosure concerning the parcel of property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the borough of Manhattan (the "Parcel"), on the grounds that there are no triable issues of fact and there are no valid defenses to the *in rem* tax foreclosure action commenced by the City, thereby warranting judgment in favor of the City as a matter of law.

For a complete statement of the facts relevant to the arguments raised herein, the Court is respectfully referred to the Affidavit of Leslie Spitalnick, sworn to December 22, 2006 (the "Spitalnick Aff."), and the Affidavit of Myriam Ellis, sworn to December 19, 2006 (the "Ellis Aff."), and the exhibits annexed thereto, submitted in support of the City's motion for summary judgment. For the Court's convenience a brief statement of the relevant facts follows.

On January 9, 2004, the City of New York commenced *In Rem* Tax Foreclosure Action No. 46, Borough of Manhattan, Index No. 580001/04 ("Manhattan 46"), to foreclose on multiple properties in the Borough of Manhattan, including the Parcel, affected by tax liens which remained unpaid for the statutorily required period. The Parcel was included in Manhattan 46 because it was subject to delinquent property taxes and related charges in the amount of $302,370.03 dating back to November 1992. On April 29, 2004, defendant 477 West 142nd Street Housing Development Fund Corporation ("477 West 142nd Street HDFC") interposed an Answer in the *in rem* action. Accordingly, the parcel was severed from the Manhattan 46 action and was not included as part of the final judgment of foreclosure entered by the County Clerk on August 11, 2005.

As a matter of law, 477 West 142nd Street HDFC's Answer raises no valid defenses to Manhattan 46. Accordingly, the City respectfully requests that the Court grant the City's motion for summary judgment and enter a judgment of foreclosure against the Parcel. Since service of the Answer, the amount of delinquent property taxes and related charges, including interest, has increased to $475,172.96 as of September 21, 2006. Moreover, 477 West 142nd Street HDFC did not redeem the Parcel, and it failed to take steps to enter into a regulatory agreement, as proposed by HPD, to be eligible for tax amnesty. The Court should therefore grant the City's motion for summary judgment and enter a judgment of foreclosure against the Parcel.

**ARGUMENT**

**POINT I**

**THE CITY IS ENTITLED TO SUMMARY JUDGMENT.**

A Court should grant summary judgment when, "upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court, as a matter of law, in directing judgment in favor of any party." C.P.L.R. § 3212; see also Andre v. Pomeroy, 35 N.Y.2d 361, 364 (1974).

The Court of Appeals laid out the well-settled standard for determining a motion for summary judgment:

> To grant summary judgment it must clearly appear that no material and triable issue of fact is presented. This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is 'arguable'; 'issue-finding, rather than issue determination, is the key to the procedure.'

Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395, 404 (1957) (citations omitted); see also In re Beckford, 280 A.D.2d 472, 473 (2d Dep't 2001) (citing Sillman); Celardo v. Bell, 222 A.D.2d 547, 548 (2d Dep't 1995) (same). In addition, a party opposing a motion must submit admissible evidentiary proof sufficient to raise material questions of fact that require a trial. "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient." Zuckerman v. City of New York, 49 N.Y.2d 557, 562 (1980).

As discussed herein, 477 West 142nd Street HDFC fails to raise any valid defense to Manhattan 46, relying instead upon unsubstantiated allegations that provide no defense as a matter of law. For the reasons stated below, the City is entitled to summary judgment.

3