## POINT II

## 477 WEST 142ND STREET HDFC RECEIVED NOTICE OF MANHATTAN 46 AND FAILED TO REDEEM THE PREMISES, SO THIS COURT HAS JURISDICTION OVER THE ACTION.

### A. The City Complied With All Relevant Notice Provisions in the Administrative Code.

The City complied with all requirements in the Admin. Code for service, preparation, and filing of notice of the *in rem* action. This Court clearly has jurisdiction over 477 West 142nd Street HDFC. Upon commencement of an *in rem* tax foreclosure action, the New York City Department of Finance ("Finance") is required to mail a copy of such notice to a party interested in the proceeding who has filed an owner or *in rem* registration card with the City. See Admin. Code § 11-406(c). Where the City shows that the notice of foreclosure was properly addressed and mailed to an interested party, there is a presumption that the notice was received. See Sendel v. Diskin, 277 A.D.2d 757, 758-59 (3d Dep't 2000); Law v. Benedict, 197 A.D.2d 808, 810 (3d Dep't 1993). A mere denial of receipt is insufficient to rebut this presumption. See In Re Tax Foreclosure Action No. 44, 2 A.D.3d 241 (1st Dep't 2003) (citing In Re Tax Foreclosure Action No. 33, 141 A.D.2d 437, 437-38 (1st Dep't 1988)).

Moreover, even if the interested party can show that it did not receive the notice of foreclosure, the party's receipt of actual notice will defeat its claim of failure of notice. See Law, 197 A.D.2d at 809-10 ("The absence of strict technical compliance with each statute in the notification scheme for an in rem tax foreclosure proceeding is not a fatal defect if the interested parties receive actual notice, which is the goal of the scheme.") The purpose of the notice provisions of the Admin. Code is to allow an interested party to enter an Answer, thereby severing the premises from the *in rem* action, or to present evidence to Finance that property taxes and related charges have been paid, which is a complete defense to foreclosure. See

Admin. Code §§ 11-409(a)-(b). Actual notice of an *in rem* tax foreclosure action satisfies that statutory purpose.

The City has shown that it complied with all notice requirements of Title 11, Chapter 4 of the Admin. Code to give notice to 477 West 142nd Street HDFC of Manhattan 46. As set forth in the Spitalnick Aff., the City complied with all statutory filing, posting, publication and mailing requirements. Finance mailed a Notice of Foreclosure regarding Manhattan 46 to defendant 477 West 142nd Street HDFC, which had filed an *in rem* registration card with Finance, to 477 West 142nd Street, New York, NY 10031-6239, the address at which it requested notice. See Spitalnick Aff., Exhibits E and F. In fact, the Court's judgment in Manhattan 46 recites compliance by the City with such provisions. See Spitalnick Aff., Exhibit G. Furthermore, 477 West 142nd Street HDFC's filing of its Answer is proof that 477 West 142nd Street HDFC had notice of Manhattan 46 pursuant to either Finance's mailing or posting of the notice of public foreclosure or actual notice of the *in rem* tax foreclosure.

More importantly, 477 West 142nd Street HDFC was afforded due process by receiving notice of the *in rem* action according to the statutory notice provisions of the Admin. Code. Courts have held that the City's statutory scheme for giving notice to property owners met the requirements of due process. See ISCA Enters. V. City of New York, 77 N.Y.2d 688 (1991); Kennedy v. Mossafa, 100 N.Y.2d 1 (2003). The city's notice by request procedure met the requirements of due process, because it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." See ISCA Enters., 77 N.Y.2d at 699, *citing* Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950). Here, where the City followed statutory requirements in giving 477 West 142nd Street HDFC notice of

Manhattan 46, due process requirements were fulfilled. Accordingly, the City is entitled to summary judgment.

**B. 477 West 142nd Street HDFC Failed to Redeem the Premises Within the Redemption Period.**

As set forth in the Notice of Foreclosure, an interested party to an *in rem* action may redeem any parcel named in the list of delinquent taxes by paying all taxes and related charges, interest and penalties. See Admin. Code § 11-407(a). Upon redemption of a parcel, the parcel must be withdrawn from the *in rem* action. See Admin. Code § 11-407(b). In Manhattan 46, the City complied with all Admin. Code requirements for filing and publication of the notice of foreclosure. See Spitalnick Aff., Exhibit F. 477 West 142nd Street HDFC has presented no evidence that it redeemed the parcel through payment of taxes.

## POINT III

### 477 WEST 142ND STREET HDFC HAS NO VALID DEFENSE TO THE *IN REM* TAX FORECLOSURE ACTION.

There are only two valid defenses to an *in rem* tax foreclosure action: payment and exemption. 477 West 142nd Street HDFC has not alleged either defense, and has presented no evidence indicating payment or exemption. It is indisputable that here neither defense is available. Therefore, the City is entitled to summary judgment.

Payment of taxes is a complete defense to an *in rem* tax foreclosure action. Admin. Code § 11-409(b) states: "Proof that the taxes which made said property subject to foreclosure hereunder together with interest and penalties thereon, were paid before filing of the list of delinquent taxes...shall constitute a complete defense." However, 477 West 142nd Street HDFC has not paid the taxes and related charges on the Parcel. Finance records clearly show that as of September 21, 2006, 477 West 142nd Street HDFC owes $475,172.96 in taxes and

other charges to the City. See Spitalnick Aff., Exhibit B. 477 West 142nd Street HDFC has had much opportunity to cure the tax delinquency, but has failed to do so.

Exemption from taxation is a also a complete defense to an *in rem* tax foreclosure action. See Admin. Code § 11-409(b) ("Proof that...the property was not subject to tax shall constitute a complete defense.") 477 West 142nd Street HDFC has not alleged, or presented evidence, that the Parcel is subject to tax exemption. In fact, 477 West 142nd Street HDFC merely denies the allegations of delinquent property taxes, and other charges, without showing payment or exemption. See Answer, ¶ 1. 477 West 142nd Street HDFC has not and cannot come forward with any proof of payment of the outstanding taxes and charges, or of exemption from taxation. Moreover, 477 West 142nd Street HDFC failed to verify its Answer, a requirement for any answer to an *in rem* foreclosure action. See Admin. Code §§ 11-406 and 11-409. Thus, 477 West 142nd Street HDFC has no valid defense to its inclusion in Manhattan 46. The City is entitled to summary judgment.

**POINT IV**

**477 WEST 142ND STREET HDFC MAY NOT CHALLENGE THE AMOUNT OF UNPAID TAXES AND RELATED CHARGES IN THIS ACTION.**

477 West 142nd Street HDFC denies that it owes delinquent property taxes and related charges. 477 West 142nd Street HDFC alleges that Finance has failed to provide 477 West 142nd Street HDFC with an accurate amount of property taxes and related charges due. See Answer, ¶ 1. These are inaccurate self-serving assertions, unsupported by any evidence. Taxes, assessments, and other charges named in the List of Delinquent Taxes are presumed to be valid. See Admin. Code § 11-411. It is undisputed that 477 West 142nd Street HDFC has not paid the taxes and other outstanding charges in approximately 14 years and as of September 21, 2006

owes $475,172.96 in delinquent property taxes and related charges. See Spitalnick Aff., Exhibits A and B. 477 West 142nd Street HDFC has not and cannot come forward with any proof of payment of the outstanding taxes and charges.

Moreover, 477 West 142nd Street HDFC may not challenge the assessment of real property taxes in this forum. A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue. See N.Y. City Charter §§ 163-166; 78 South First Street Hous. Dev. Fund Corp. v. Crotty, 75 N.Y.2d 982, 984 (1990); People ex rel. Bowery Sav. Bank v. Lilly, 293 N.Y. 833 (1944); People ex rel. Northchester Corp. v. Miller, 288 N.Y. 163, 169 (1942); G.A.D. Holding Co. v. City of New York Dept. of Fin., 192 A.D.2d 441, 442 (1st Dep't 1993).

477 West 142nd Street HDFC fails to assert or come forward with any proof of having timely challenged the property tax assessment. Since 477 West 142nd Street HDFC did not commence a timely proceeding to challenge the taxes due, it cannot raise this issue in Manhattan 46. Therefore, 477 West 142nd Street HDFC's attempt to challenge the amount of taxes owed on the Parcel is without merit. 477 West 142nd Street HDFC, having failed to properly challenge these assessments, is therefore time-barred from doing so now.

## POINT V

### THE CITY ACTED IN GOOD FAITH WITH 477 WEST 142ND STREET HDFC TO INSTITUTE A REGULATORY AGREEMENT, BUT 477 WEST 142ND STREET HDFC FAILED TO ENTER INTO ANY SUCH AGREEMENT.

477 West 142nd Street HDFC alleges that "[e]mployees of [HPD] assured [477 West 142nd Street] HDFC that certain programs and agreements could be used in order to provide [477 West 142nd Street] HDFC with additional time to raise funds necessary to cure

arrears." Answer, ¶ 2. Although the City indeed made numerous efforts to encourage 477 West 142nd Street HDFC to rectify the situation to avoid foreclosure and made specific suggestions as to how that could be done, 477 West 142nd Street HDFC wholly failed to take advantage of any of HPD's efforts. The City negotiated in good faith, but 477 West 142nd Street HDFC failed to enter into a regulatory agreement. The City is entitled to summary judgment.

477 West 142nd Street HDFC further alleges that the Dr. Delois Blakely, President of the 477 West 142nd Street HDFC Board of Directors "has been in constant conversation with HPD to work out a mutually acceptable resolution." Answer, ¶ 6. Although HPD met with 477 West 142nd Street HDFC to discuss the possibility of 477 West 142nd Street HDFC receiving tax amnesty, were it to enter into a regulatory agreement with HPD, 477 West 142nd Street HDFC has simply failed to take submit any of the required documentation to apply for a regulatory agreement. 477 West 142nd Street HDFC's other allegations, that its shareholders have agreed to an increased maintenance charge, that it has taken steps to lease vacant retail space, and that it has hired professionals to facilitate financing and rehabilitation of the Parcel, are, in the absence of a regulatory agreement or payment of arrears, simply irrelevant. See Answer, ¶¶ 3-5. While these may be steps to resolving tax delinquency, the process must be completed.

477 West 142nd Street HDFC has failed to raise a legally valid defense to the *in rem* foreclosure action, and because there are no triable issues of fact to be decided herein, the City's motion for summary judgment should be granted, and a judgment of foreclosure entered against the Parcel.

## CONCLUSION

The City respectfully requests that the Court grant the City's motion for summary judgment and direct the clerk to enter a judgment of foreclosure with regard to the Parcel, and such other relief as the Court deems necessary and proper.

Dated: New York, New York
December 22, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
100 Church Street, Room 3-116
New York, New York 10007
(212) 788-1230
By: Leslie Spitalnick
Assistant Corporation Counsel
(Awaiting Admission)

By: Andrea Feller
ANDREA FELLER
Assistant Corporation Counsel

# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------X

IN REM TAX FORECLOSURE ACTION No. 46
BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8
TAX CLASSES 1 AND 2

------------------------------------X

**Index #:580001/04**

**AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE**

Joseph Medic, Esq., an attorney duly licensed to practice before the Courts of this State hereby affirms the following to be true under penalties of perjury:

1. I am an associate of the law firm of Posner & Posner, attorneys for SHIRLEY PITTS, Vice-president and shareholder of 477 West 142nd Street Housing Development Fund Corporation ("HDFC"), the respondent in this action, and as such, I am fully familiar with the facts and circumstances as set forth herein upon a review of the file maintained by this office.

2. The City of New York ("City") is seeking to foreclose on the property known as 477 West 142nd Street, in the County, City and State of New York, ("Premises") on the grounds that HDFC owes the City approximately Five Hundred Thousand Dollars ($500,000.00) in accrued taxes and water bills, including accruing interest.

3. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of triable issues or where the existence of issues is arguable. *American Home Assurance Co. v. Amerford International Corp.*, 606 N.Y.S.2d 229; 200 A.D.2d 472 (1st Dept., 1994).

4. According to the affidavit of Ms. Pitts, a HDFC shareholder in good standing, the amount that the City alleges HDFC owes, Four Hundred Ninety Seven Thousand Three Hundred Sixty Five Dollars and Thirty One Cents ($497,365.31), is incorrect. (Affidavit of Shirley Pitts attached hereto as Exhibit "A.")

5. Specifically, Ms. Pitts states that the amount of water charges currently owed by HDFC, which, according to the City, amounts to approximately Ninety Thousand Dollars ($90,000.00), is excessive and that any amount due to the City should be significantly less. As a result, an issue of fact exists as to the correct amount, if any, due and owing on the Premises, and the City is not entitled to summary judgment. *American Home Assurance Co. v. Amerford International Corp. Id.*

6. Furthermore, as explained in her affidavit, Ms. Pitts is attempting to obtain a lender to allow HDFC to borrow funds in order to pay off unpaid taxes, charges and

interest, if any.

7.   Since an issue of fact exists as to the amount owed, if any, by HDFC to the City, and since Ms. Pitts is attempting to obtain funds with which to pay off any owed taxes, charges and interest, the City is not entitled to a summary judgment of foreclosure.

**WHEREFORE**, It is respectfully requested that the City of New York's motion for summary judgment of foreclosure be denied, and for such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           April 13, 2007.

Joseph Medic, Esq.
POSNER & POSNER
Attorneys for
SHIRLEY PITTS, an individual
shareholder of Defendant 477
West 142nd Street HDFC
170 Broadway, Suite 1010
New York, New York 10038
(212) 385-1772

To:  Leslie Spitalnick, ACC
     Andrea Feller, Esq.
     Corporation Counsel for
     The City of New York
     Commercial & Real Estate
     Litigation Division
     100 Church Street
     New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------X

IN REM TAX FORECLOSURE ACTION No. 46
BOROUGH OF MANHATTAN

**Index #:580001/04**

**AFFIDAVIT IN OPPOSITION**

SECTIONS 3, 6, 7 AND 8
TAX CLASSES 1 AND 2

--------------------------------------X

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Shirley Pitts, being duly sworn, deposes and states as follows:

1. I am Vice-president and individual shareholder in good standing of 477 West 142nd Street Housing Development Fund Corporation ("HDFC") the respondent in this action, I reside in Apartment 7 at 477 West 142nd Street, in the County, City and State of New York, ("Premises") and I submit this affidavit in opposition to the City of New York's motion for summary judgment of foreclosure.

2. The City of New York (the "City") has brought an action against HDFC for failing to pay the City Five Hundred Thousand Dollars ($500,000.00) in unpaid taxes, charges and interest, and that the City is seeking to foreclose on the Premises.

3. As a HDFC shareholder, HDFC does not owe the City Five

Five hundred Thousand Dollars for unpaid taxes, charges and interest.

4. If HDFC does, in fact, owe any money to the City, the amount owed is significantly less than the amount the City alleges is due and owing.

5. As an example, I reviewed a particularized list of taxes, charges and interest due and owing on the Premises and the City states that the current water bill owed to the City is approximately Ninety Thousand Dollars ($90,000.00).

6. If in fact HDFC does owe the City for its water usage, the amount due the City is significantly less than Ninety Thousand Dollars ($90,000.00).

7. I am also in the process of obtaining a lender to allow HDFC to borrow funds so that any unpaid taxes, charges and interest can be paid and foreclosure avoided.

SHIRLEY PITTS

Sworn to before me this
28th day of March, 2007

Notary Public

JOSEPH MEDIC
Notary Public, State of New York
No. 02ME6092145
Qualified in Westchester County
Commission Expires May 12, 2007

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK    Index No. 580001 Year 04

IN REM TAX PREPARATION ACTION NO. 46,

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8
TAX CLASS 1 AND 2

**AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF FORECLOSURE AND AFFIDAVIT IN OPPOSITION**

**POSNER & POSNER**
ATTORNEYS AT LAW

*Attorney(s) for*
**Plaintiff.**

*Office and Post Office Address, Telephone*
170 BROADWAY, SUITE 1010
NEW YORK, NEW YORK 10038
TEL.: (212) 385-1772
FAX: (212) 385-2061

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: ______________________

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy
will be presented for settlement to the HON. one of the judges of the
within named Court, at
on at M.

Dated,

Yours, etc.

# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JANE S. SOLOMON PART 55

Index Number : 580001/2004

FORECLOSURE ACTION NO. 46

VS.

X

SEQUENCE NUMBER : 002

SUMMARY JUDGMENT

RECEIVED APR 24 2007 IAS MOTION SUPPORT OFFICE

INDEX NO. ______

MOTION DATE ______

MOTION SEQ. NO. ______

MOTION CAL. NO. ______

this motion to/for ______

FILED APR 24 2007 COUNTY CLERK'S OFFICE NEW YORK

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is granted. There is nothing in the opposing papers which defeats the City's claim. Moreover, it is noted that (1) opposing papers from Ms Pitts are on the merits; (2) City's reply indicates defendant 477 W 142 St HDFC, owner of Block 2058 Lot 29 has been empowered to work this dispute out; (3) Atty of record for HDFC did not put opp. papers - see his email (attached) so that Ms. Pitts' papers are on behalf of HDFC. Settle judgment on notice to both Ms. Medic & Ms Stone.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 4/23/07

[signature] JANE S. SOLOMON

Check one: ☒ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------ x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**REPLY AFFIRMATION**

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

------------------------------------------------------------------------ x

**LESLIE SPITALNICK**, an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalties of perjury:

1. I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for Movant the City of New York (the "City") in the above-captioned action. I am fully familiar with the facts and circumstances set forth herein based upon the books and records of the City, upon public records, upon conversations with City employees, and upon my personal knowledge.

2. I make this affirmation in reply to the affirmation of Joseph Medic, Esq. ("Medic Aff.") and the affidavit of Shirley Pitts ("Pitts Aff.") submitted in opposition to the City's motion for an Order pursuant to New York Civil Practice Law and Rules § 3212 and § 11-401, et seq. of the Administrative Code of the City of New York ("Admin. Code"), specifically § 11-412.1 for summary judgment, specifically for a judgment of foreclosure concerning the parcel of real property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the borough of Manhattan (the "Parcel") and in further support of the City's motion.

3.      The facts and circumstances of this motion are fully set forth in the Affidavit of Leslie Spitalnick, sworn to December 22, 2006 (the "Dec. 22 Spitalnick Aff."), and the Affidavit of Myriam Ellis, sworn to December 19, 2006 (the "Ellis Aff."), and the exhibits annexed thereto.

4.      In its opposition to the City's motion, Ms. Pitts, representing herself as Vice-president and shareholder of 477 West 142nd Street Housing Development Fund Corporation, makes two arguments, both of them without merit.[1]  First, she argues that the amount of delinquent property taxes and other charges that the City alleges in its motion are owed by the HDFC is incorrect and excessive; and second, that Ms. Pitts is attempting to obtain a loan to allow the HDFC to borrow funds in order to pay the delinquent property taxes and other charges.  As a matter of law, a challenge to the amount of unpaid taxes and other charges is time-barred.  In addition, an alleged attempt at this time by Ms. Pitts to obtain a loan to pay off the delinquent property taxes and other charges is irrelevant to the motion and does not present an issue of fact.  In any event, there was ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement.

The HDFC May Not Challenge the Amount of Unpaid Taxes and Related Charges in This Action.

5.      Ms. Pitts argues that the City is not entitled to summary judgment of foreclosure because "[a]s an HDFC shareholder, HDFC does not owe the City Five Hundred

---

[1] 477 West 142nd Street Housing Development Fund Corporation (the "HDFC"), through its attorney Ernest Gary, Esq., interposed an answer in this action on April 29, 2004, thus severing the property from the action.  The City served the instant motion for summary judgment on the HDFC on December 28, 2006.  Thereafter, the HDFC retained new counsel, Richard Paul Stone, Esq., and adjourned this motion.  However, the HDFC has not submitted opposition papers to the City's motion.  Ms. Pitts though representing herself as a Vice-president and shareholder of the HDFC is not a party to the action and does not allege to represent the HDFC or any other shareholders.

Thousand Dollars for unpaid taxes, charges and interest. If HDFC does, in fact, owe any money to the City, the amount owed is significantly less than the amount the City alleges is due and owing." Pitts Aff. ¶¶3-4.

6. Ms. Pitts' statement that any amount owed is significantly less than the amount alleged by the City is conclusory and unsupported by any evidence. To the contrary, taxes, assessments, and other charges named in the List of Delinquent Taxes regarding the Parcel filed in the office of the County Clerk of New York County are presumed to be valid. See Dec. 22 Spitalnick Aff., ¶ 25. Department of Finance records clearly and unambiguously show that the HDFC has not paid the taxes and other outstanding charges on the Parcel in over 14 years and owes a significant amount of taxes and related charges, specifically, as of September 21, 2006 owes $475,172.96 in delinquent taxes and charges.

7. In addition, the HDFC may not challenge the assessment of real property taxes at this time. A Real Property Tax Law Article 7 tax certiorari proceeding provides the exclusive remedy for challenging a tax assessment, and the challenge must be commenced before October 25 of each tax year at issue.

The HDFC Failed to Take Advantage of the City's Efforts to Encourage it to Enter into a Regulatory Agreement.

8. Ms. Pitts alleges that she is currently in the process of obtaining a loan to pay off the delinquent property taxes and other charges. However, such an attempt to obtain a loan at this point is irrelevant and does not provide a defense to foreclosure judgment. In any event, the HDFC had ample time since the January 2004 commencement of the underlying foreclosure action to rectify the situation by entering into a regulatory agreement or repay the arrears within the statutory time periods set forth by the Admin. Code.

9. As explained in the Ellis Aff., although the City made numerous efforts to encourage the HDFC to rectify the situation to avoid foreclosure, giving specific suggestions as to how that could be done, neither the HDFC nor any other interested party took advantage of these efforts. The Parcel is being foreclosed because the HDFC owes $475,172.96 in unpaid property taxes and other charges as of September 21, 2006 and is unwilling or unable to enter into a regulatory agreement to repay the arrears and thereby qualify for tax amnesty.

10. It should also be noted that upon entry of foreclosure judgment, there is still a four month mandatory redemption period, during which an owner or interested party may pay the delinquent charges. See Admin. Code 11-412.1 (d). Thus, Ms. Pitts may continue to seek financing in an attempt to pay the delinquent charges at this time or even after judgment.

11. For all the reasons contained in the papers submitted by the City on this motion for summary judgment, it is respectfully submitted that its motion should be granted in all respects.

**WHEREFORE**, the City respectfully requests that the Court grant its motion for summary judgment and direct the clerk to enter a judgment of foreclosure, and grant such other relief as the Court deems necessary and proper.

Dated: New York, New York
April 19, 2007

LESLIE SPITALNICK

Index No. 580001/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7, AND 8

TAX CLASSES 1 AND 2

**REPLY AFFIRMATION**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Leslie Spitalnick*
*Tel: (212) 788-1230*
*NYCLIS No. 2006-006993*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ........................................................, *200*......

........................................................................................ *Esq.*

*Attorney for*..........................................................................

# Exhibit H

At an IAS Part 55 of the Supreme Court of the State of New York, held in the County of New York, at the County Court House, located at 60 Centre Street, in the Borough of Manhattan, City and State of New York, on the 11 day of June 2007.

PRESENT:

HON: JANE S. SOLOMON

Justice.

RECEIVED
JUN 1 2 2007
IAS MOTION SUPPORT OFFICE

---------------------------------------------------------------------- x

IN REM TAX FORECLOSURE ACTION NO. 46

BOROUGH OF MANHATTAN

SECTIONS 3, 6, 7 AND 8

TAX CLASSES 1 AND 2

---------------------------------------------------------------------- x

**~~PROPOSED~~ JUDGMENT OF FORECLOSURE PURSUANT TO ADMINISTRATIVE CODE SECTION 11-412.1**

Index No. 580001/04

Premises:

477 West 142nd Street
(Block 2058, Lot 29)

Plaintiff the City of New York (the "City") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, having duly moved for an order pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 3212 and Administrative Code of the City of New York ("Admin. Code") § 11-401 et seq., specifically § 11-412.1, for an Order of summary judgment of foreclosure in favor of the City pursuant to § 11-412.1 of the Admin. Code, concerning the parcel of property that is designated on the New York County Tax Map as Block 2058, Lot 29, also known as 477 West 142nd Street, New York, in the Borough of Manhattan ("the Parcel") on the grounds that there are no triable issues of fact and there are no valid

defenses to the *in rem* tax foreclosure action commenced by the City, thereby warranting judgment in favor of the City as a matter of law;

**NOW**, upon reading and filing the notice of motion dated December 22, 2006, the Affidavit of Leslie Spitalnick, sworn to December 22, 2006, in support of the motion, the Affidavit of Myriam Ellis, sworn to December 19, 2006 and the exhibits annexed thereto, and the accompanying memorandum of law in support of the motion; a the Affirmation of Joseph Medic, Esq. in opposition to the motion, dated April 13, 2007, and the Affidavit of Shirley Pitts in opposition to the motion, sworn to March 28, 2007, and the Reply Affirmation of Leslie Spitalnick, dated April 19, 2007; + the papers submitted on decision issued on 6-11-07 and

Upon the List of Delinquent Taxes duly verified and duly filed herein pursuant to Admin. Code § 11-405 in the Office of the Clerk of New York County on January 9, 2004; and

Upon the Affirmation of Regularity of Andrea Feller, Assistant Corporation Counsel, dated June 29, 2005 and exhibits annexed thereto (the "Aff. of Regularity") previously filed in this action; and

Upon the severance of the Parcel from this action due to service of a timely Answer pursuant to Admin. Code § 11-409; and

Upon the Decision dated July 28, 2005 and the Judgment of Foreclosure dated July 28, 2005 and entered in the office of the New York County Clerk on August 11, 2005, in which the Parcel was not included because of its severance from the action, and which Judgment, inter alia, granted the City leave to proceed against each parcel severed from the action in the manner prescribed by law to a final disposition under the caption of this action; and

Upon due proof that the City duly notified 477 West 142nd Street HDFC (the "HDFC", the owner of the Parcel, of the commencement of the action by mailing the Notice of Foreclosure to the HDFC at the address designated for that purpose by the HDFC, and

Upon all prior papers and proceedings had herein; and said motion having regularly come on to be heard before this Court and the parties having duly appeared by their Counsel; and after due deliberation the Court having granted the motion; it is hereby

**ORDERED, ADJUDGED AND DECREED**, that the City's motion for summary judgment be, and the same hereby is, granted in all respects; and it is further

**ORDERED, ADJUDGED AND DECREED**, that final judgment is herein granted to the City of New York with respect to the Parcel; and it further

**ORDERED, ADJUDGED AND DECREED**, that the City is the owner and holder of unpaid tax liens affecting the Parcel in the amounts with interest thereon as shown in the List of Delinquent Taxes on file herein; and it is further

**ORDERED, ADJUDGED AND DECREED**, that a sale of the Parcel is dispensed with and that the Commissioner of Finance is hereby authorized to prepare and execute a deed conveying to the City or to a third party deemed qualified and designated by the Commissioner of the New York City Department of Housing Preservation and Development (the "Commissioner of HPD") full and complete title to the Parcel; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon the execution of said deed to the City or to a third party deemed qualified and designated by the Commissioner of HPD, the grantee shall have possession and shall be seized of an estate in fee simple absolute in such land and all persons, including the State of New York, infants, incompetents, absentees and nonresidents who may have had any rights, title, interest, claim, lien or equity of redemption, in

or upon such lands shall be barred and forever foreclosed of all such rights, title, interest, claim, lien or equity of redemption, as provided by Admin. Code § 11-412.1, except as otherwise provided by Admin. Code § 11-424.1; and it is further

**ORDERED, ADJUDGED AND DECREED**, that any such conveyance to a third party deemed qualified and designated by the Commissioner of HPD shall be for an existing use; and it is hereby further

**ORDERED, ADJUDGED AND DECREED**, that unless and until the Commissioner of Finance executes a deed conveying the Parcel pursuant to Admin. Code § 11-412.1 to the City or to a third party deemed qualified and designated by the Commissioner of HPD, the HDFC shall continue to have all of the rights, liabilities, responsibilities, duties and obligations of an owner, including, but not limited to, maintaining such lands in compliance with the housing maintenance, building and fire codes and all other applicable laws, however, that upon entry of judgment, HPD or its authorized agent, may have access to the Parcel for the purposes of conducting inspections; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event the Parcel is not conveyed to the City or to a third party deemed qualified and designated by the Commissioner of HPD within the statutory eight-month period, plus a 45-day toll for City Council review for transfer to a third party, commencing upon entry of the judgment pursuant to Admin. Code §§ 11-412.1and 11-412.2 (unless the statutory period is tolled or extended by operation of law), the Commissioner of Finance shall direct the Corporation Counsel of the City of New York to

prepare and cause to be entered an order discontinuing the instant *in rem* tax foreclosure proceeding as to the Parcel and vacating and setting aside the final judgment as to the Parcel.

ENTER

J.S.C.

JANE S. SOLOMON

# Exhibit I

MS-1/9
RR

IAS Part 55

EX PARTE MOTION OFFICE
APPROVED FOR THE PAYMENT OF MOTION FEE ONLY

At the Supreme Court of the State of New York, County of New York, at the court house located at 60 Centre Street, New York, New York, on the 23 day of May 2007.

PRESENT:

Solomon
J.S.C.

012632

| | |
|---|---|
| IN REM TAX FORECLOSURE ACTION NO. 46<br>BOROUGH OF MANHATTAN<br>SECTIONS 3, 6, 7 AND 8<br>TAX CLASSES 1 AND 2 | Index No: 580001/2004<br>Premises 477 West 142nd Street (Block 2058 - Lot 29)<br>ORDER TO SHOW CAUSE |

INDEX NUMBER 580001 YEAR 2004
15 MOTIONS 45.00
TOTAL 45.00
CHECK 45.00
TIME TERM
25432 2000 07 MAY 22 10:14 AM 60-

Upon the supporting affirmation of Richard Paul Stone, Esq., dated May 21, 2007, and the attached exhibits, submitted on behalf of 477 West 142nd Street Housing Development Fund Corporation (the "HDFC") and there appearing good cause,

IT IS ORDERED that the City of New York appear and show cause on June 11, 2007 at 10 AM ~~___, 20076~~, why an order should not enter:

A. pursuant to CPLR 2221, granting the HDFC reargument of the City's motion for summary judgment of foreclosure against the HDFC on the single issue of whether its proceeding remains timely and valid; *or*

B. if this court finds the HDFC in default, pursuant to CPLR 5015, vacating that default and hearing again the City's motion with consideration for the arguments submitted herewith; or

C. in the alternative to A or B and/or the requested TRO, staying the signing and/or entry of the proposed judgment of foreclosure 21 days to allow the HDFC to pay into court the entire sum allegedly due to the City as taxes with funds it is obtaining by giving a mortgage on which it is preparing to close; and

D. once the HDFC's funds are w[illegible] the court, scheduling a hearing for the City to demonstrate that the figure it asserts for taxes is correct;

along with such other and further relief this court deems just and proper, and

IT IS FURTHER ORDERED that all proceedings are hereby stayed pending the hearing ~~and determination~~ of this motion; and

JANE S. SOLOMON

IT IS FURTHER ORDERED that ~~fax~~/hand/overnight service of a conformed copy of these papers on the Corporation Counsel and counsel for non-party Shirley Pitts by the close of business on May 30, 2007, will be deemed sufficient service.

Oral Argument directed:

J.S.C.

JANE S. SOLOMON

ENTER:

J.S.C.

JANE S. SOLOMON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| ------------------------------------------------------------ x | |
|---|---|
| IN REM TAX FORECLOSURE ACTION NO. 46 : | Index No: 580001/2004 |
| BOROUGH OF MANHATTAN : | Premises 477 West 142nd Street |
| SECTIONS 3, 6, 7 AND 8 : | (Block 2058 - Lot 29) |
| TAX CLASSES 1 AND 2 : | AFFIRMATION |
| ------------------------------------------------------------ x | |

Richard Paul Stone, an attorney licensed to practice before the courts of the State of New York, affirms as follow subject to the penalties for perjury.

1. I submit this affirmation in support of the motion of 477 West 142nd Street Housing Development Funding Corporation (the "HDFC"), brought by order to show cause, for an order:

A. pursuant to CPLR 2221, granting the HDFC reargument of the City's motion for summary judgment of foreclosure against the HDFC on the single issue of whether its proceeding remains timely and valid; *or*

B. if this court finds the HDFC in default, pursuant to CPLR 5015, vacating that default and hearing again the City's motion with consideration for the arguments submitted herewith; or

C. in the alternative to A or B and/or the requested TRO, staying the signing and/or entry of the proposed judgment of foreclosure 21 days to allow the HDFC to pay into court the entire sum allegedly due to the City as taxes with funds it is obtaining by giving a mortgage on which it is preparing to close; and

D. once the HDFC's funds are with the court, scheduling a hearing for the City to demonstrate that the figure it asserts for taxes is correct;

and for a TRO to protect the HDFC's ability to obtain a meaningful remedy, along with such other and further relief this court deems just and proper.

**Preliminary Statement**

2.    The HDFC was created in 1982 when Queen Mother Delois Blakely, PhD. took charge of an abandoned building and, with remarkable perseverance and sweat equity, turned out the squatters and created a haven for underprivileged in the neighborhood. She is known worldwide as the "Mayor of Harlem" (see press clippings as Exhibit A). The HDFC has admittedly fallen behind in taxes and other City charges.

3.    By the time I was retained four months ago, the City's motion for summary judgment against the HDFC was pending. I advised its officers to tap into its $5 million in equity to satisfy the obligation to the City, renovate the significant rental space along the east side of Amsterdam Avenue, and upgrade infrastructure. With time short, I met with HPD and we began to set a schedule of meetings towards this goal.

4.    However, I came down with pneumonia and Queen Mother Blakely had to travel to Mali to return the remains of children killed in a well-publicized fire in the Bronx (press clippings attached as Exhibit B). Another HDFC officer, Queen Mother Bishop Pitts, engaged counsel to protect her interest and, when I returned from my illness, I understood new counsel for Bishop Pitts were taking over for the HDFC.

5.    Queen Mother Blakely has returned from Mali and late last week contacted me to say the HDFC wanted me on the case. Upon my review of the order granting the City's motion I learned that counsel for Bishop Pitts had not officially represented the HDFC, and that they had not taken what I believe is the strongest legal position on the HDFC's behalf - that the motion for summary judgment is too late. On that basis, the HDFC asks that any notion of default be vacated and that they have just the opportunity to raise that issue so that any appeal with be properly postured.

6. Moving to a long-term view, the HDFC is also completing arrangements for financing to satisfy its obligation to the City. Regardless of whether this court agrees that the proceeding is void as expired, the HDFC recognizes its obligation to pays its taxes and is preparing to do just that. While the HDFC recognizes that the law presumes the City's charges are accurate, it notes that HPD has been unable to even remotely demonstrate the accuracy of the amount the City demands: Since the HDFC serves the poor, it urges that justice will be best served if it protects the City by depositing the entire amount claimed with the court and to then pay to the City that amount the City is able to demonstrate at a hearing is fairly and accurately owed. The HDFC will be able to then clear its obligations and allow it to move forward with its mission of serving the poor in its challenged neighborhood.

**Factual and Procedural Background**

7. This proceeding was commenced against various properties within the sections identified in the caption, based on a general judgment of foreclosure signed by this court on July 28, 2005, and filed August 11, 2005 (the "Judgment") (a copy is attached as Exhibit C).

8. As set forth in the Affidavit of Shaun Donovan, submitted in support of the City's motion resulting in the Judgment, the filing of that Judgment began the running of an eight month period within which the City was bound to resolve the status of the properties affected thereby (a copy is attached as Exhibit D).

> The proposed judgement of in rem foreclosure in the above-referenced action would authorize the City to implement the Third Party Transfer Program for the residential properties included in the Judgment.

(Exh. D, ¶1). Commissioner Donovan further amplified the process.

> Owners, mortgagees, and other interested parties retain the right to redeem their property during the first four months after the [Judgment] is entered. . . .
>
> If the Commissioner of Finance has not transferred title to a third party deemed qualified and designated by HPD of to the City within the statutory period after [the Judgment] is entered, the in rem action is to be discontinued with respect to any parcel not transferred, in which case *the delinquent owner will remain the owner of record*. For the City to then take title or transfer title to a third party deemed qualified and designated by HPD, the Commissioner of Finance must initiate a new tax foreclosure proceeding.

(Exh. D, ¶¶7-8 [emphasis added]). The Commissioner of Finance also submitted an Affidavit of Regularity, in which she specified that the "statutory period" to which Commissioner Donovan referred, is eight months (a copy is attached as Exhibit E).

> Pursuant to law, the [Judgment] provides that the Commissioner of Finance has eight months, commencing from the date the [Judgment] is entered, in which to transfer foreclosed parcels to either the City or to a third party deemed qualified and designated by the Commissioner of HPD. See Admin. Code § 11-2.12.1(c). For the first four months following the date of entry, owners, mortgagees and other interested parties have the opportunity to redeem their properties. See Admin. Code § 11-4.12.1(d). . . . Following the expiration of the four-month redemption period, the Commissioner of Finance then has an additional four months to convey the properties to either the City or to third parties deemed qualified and designated by the Commissioner of Housing Preservation and Development. See Admin. Code § 11-412.1.(c). *If the Commissioner of Finance does not transfer title within the eight month period, the in rem action is discontinued with respect to parcels not so transferred, and title remains with the owner*.

(Exh. E, ¶¶4-5 [emphasis added]).

9. The City resolved the status of most of the properties during the intervening period but, by notice dated December 22, 2006, moved for summary judgment against the property at 477 West 142nd Street (the "Property") owned by the HDFC.

10.    In or about January 20, 2007, I was engaged as counsel for the HDFC. I came to the HDFC through a community service agency for which I perform a variety of legal services, Heritage Health & Housing, Inc, which agreed to pay my fee as a community benefit.

11.    With the motion for summary judgment returnable January 29th, I met with two HDFC officers, Queen Mother Delois Blakely, PhD and Queen Mother Bishop Shirley Pitts. Noting the very late stage of this proceeding, I indicated that the HDFC would either have to come up with the money due or defer payment based on the tardiness of this motion which required that the proceeding be dismissed. To effect one solution or the other, I needed more time and the City graciously adjourned the motion.

12.    I then met with the City's representatives on February 20, 2007, to discuss a possible resolution. We agreed to meet on at the Property to evaluate its condition and the corporate viability of the HDFC. I met again with Queen Mother Blakely and Queen Mother Pitts, explaining the City's position that the HDFC had to either accept "tax amnesty", which would forgive a tiny percentage of the monies due but defer repayment of the balance subject to various requirements such as removal of all building violations and acceptance of a business plan to make the corporation viable, or a third party transfer whereby HPD would select a new owner which would create a commercially viable structure that may require the current tenants to vacate. To enable us to explore a compromise, the City again adjourned its motion.

13.    Over the two weeks following my meeting with HPD three things happened: (1) HDFC officer Queen Mother Bishop Shirley Pitts engaged Posner & Posner to represent her; I did not understand this since she is not a defendant and her interest was the same as that of the HDFC; (2) In a totally unrelated event, Heritage

Health & Housing, Inc. informed me that it would not be able to continue paying my bill; I spoke with Queen Mother Blakely and advised her that I would work for free until the HDFC could make arrangements to confirm new counsel; (3) I came down with pneumonia and was unable to work in any significant capacity for an extended period.

14.     When I returned to work, I spoke with Joseph Medic, Esq. of Posner & Posner and understood that they would be taking over the representation of the HDFC, since their work for Queen Mother Pitts would protect the HDFC and other fees would be redundant. I was not contacted by further by either Queen Mother Pitts nor Queen Mother Blakely. I attempted to contact Queen Mother Blakely but Queen Mother Pitts, who was represented by counsel. Mr. Medic repeatedly requested my file so he could resolve the matter with the City, meaning he was representing the HDFC.

15.     What I did not know is that Queen Mother Blakely had had to leave the United States for Mali in West Africa while I was ill. There had been a terrible fire in the Bronx, widely reported in the media, which took the lives of a number of children and adults from Mali and Queen Mother Blakely was asked to return the remains to the remove Malian villages whence they came (Exh. A). She left on March 16, 2007, near the end of my illness, and did not return until May 1, 2007.

16.     It was in this context that, on April 9th, I sent Mr. Medic of Posner & Posner a consent to change attorney on the understanding that he would arrange for its execution by his new client. I also understood that he would submit opposition papers on behalf of both the HDFC and Queen Mother Pitts, who is not a party individually. Consistent with my understanding that I was off the case, that firm never served me with its opposition.

17.    On April 19th, I received the City's reply papers and learned that Posner & Posner had served opposition only on behalf of Queen Mother Pitts, who is not even a defendant.   With the return date the next day, I drafted an affirmation setting forth the history and indicating that I had understood I had been substituted, that the HDFC had been protected but that, if that was not the case, I wanted a brief adjournment to allow me to prepare opposition to the City's motion *pro bono* (a copy is attached as Exhibit F).  I had a conflict on the return date of April 20th in the Appellate Division and could not appear on this case.  I subsequently spoke with Mr. Medic who indicated that his firm had intended to protect the HDFC's interest and that I did not have to appear or submit papers.  He further indicated that the substitution stipulation would be completed.

18.    I met with her and Queen Mother Pitts on Friday, May 18th, the latter in her capacity as an officer of the HDFC.  They notified me that the HDFC had voted to close on a loan secured by a first mortgage on the Property.  While the terms are somewhat onerous, the amount borrowed will clearly allow the HDFC to both deposit the sum the City demands with the court and perform the work on the Property necessary to clear any persisting violations, generate significant commercial rent and stabilize the property.  I agreed that, despite the fact that the HDFC cannot guarantee me payment, I would make this motion to both assert the legal argument that this proceeding is improper, and to seek the very brief time the HDFC needs to complete its financing and protect these homes.

POINT I

**THIS PROCEEDING HAS EXPIRED AND THERE NO LONGER EXISTS JURISDICTION TO FORECLOSE ON THE EQUITY OF REDEMPTION, TO TERMINATE THE HDFC'S OWNERSHIP**

19. Based on the affidavits of the commissioners of the City's departments of finance and housing preservation and development, this motion is void. It is undisputed that (i) the Judgment was entered August 11, 2005, (ii) the eight month period for the City to transfer the Property expired April 11, 2006, and (iii) this motion was not made until December 22, 2006. Based on the very authorities the Cited in obtaining the Judgment, this proceeding expired by operation of law and no judgment may now be obtained against the HDFC.

20. This legal truth may be applied in either of two contexts: If this court finds the HDFC in default of the City's motion, even though it should not at this time have been entered, the HDFC asserts CPLR 5015 based on excusable default since it was clearly the HDFC's understanding that it had both appeared in the action by its answer and on this motion. If this court finds that the HDFC was before this court on the City's motion but ruled against it, the HDFC respectfully relies on CPLR 2221 and seeks reargument based on the plain application of Admin Code 11-4.12.1(c and d) which required the City to act within eight months of the entry of the Judgment.

THE BALANCE OF THIS PAGE INTENTIONALLY BLANK

POINT II

**THE HDFC IS PREPARED TO REDEEM AND SIMPLE FAIRNESS REQUIRES THAT AFTER THREE YEARS OF LITIGATION, IT HAVE A VERY BRIEF PERIOD TO COMPLETE ITS REDEMPTION**

21. The HDFC has taken advantage of the significant equity in the Property and is arranging to give a mortgage securing a loan in an amount in excess of $1 million which will allow it to not only redeem the Property but to make the monthly payments while it invests in the infrastructure necessary to make it self-sustaining. The Property includes significant commercial space along the east side of Amsterdam Avenue north of 142nd Street and, with the funds being borrowed, anticipates that that space will sustain the operating plan for the Property. I have a good faith belief that this transaction can be closed, and the required funds paid into court, within 21 days of the entry of this court's order.

22. The HDFC has also expressed concern, as I mentioned at the February 20, 2007, meeting with the City's representatives, about the accuracy of the asserted taxes and charges. The accuracy of these numbers is dire since the vast majority of the monies owed are interest on the taxes and charges, at exceptionally high rates, up to 18%. When I spoke to the City's Claudel Cayemittes, he opined that the Department of Finance had the capability of demonstrating the basis for the charges and the base number on which the interest was calculated.

23. These funds the HDFC is borrowing are precious for two reasons. First, they secure these families' homes. Second, they allow the continuing community work of Queen Mother Blakely and Queen Mother Bishop Pitts. This, in light of the availability of the data on the taxes and charges suggests that simple equity requires a

simple hearing, which could be obviated if proper documentation is provided. Therefore, the HDFC prays that, once it pays the entire claimed amount into court, a hearing be scheduled for the City to demonstrate the accuracy of the charges.

POINT III

**THE HDFC IS ENTITLED TO A TRO BASED ON THE LIKELIHOOD OF IT PREVAILING ON THE MERITS AND THE EQUITY IN ITS GOOD FAITH ATTEMPT TO REDEEM ITS OWNERS' HOMES**

24. Based on the HDFC's legal argument, which is grounded on the City's own papers, and the equity in allowing these residents a fair chance to redeem the Property and protect their homes, this court is direct to CPLR 6301 which provides for the remedy of temporary restraint when action would "render the judgment ineffectual". The judgment that should be effected is dismissal of this proceeding against the Property and taking any further action at this stage will, undoubtedly, render that result ineffectual as the signing of a new deed will foreclosure the HDFC's owners' equity of redemption. Therefore, the HDFC respectfully asserts that all matters should be restrained until this motion can be heard and determined.

25. **There has been no prior request for this relief.**

Dated: New York, New York
May 21, 2007

Richard Paul Stone

Exhibit A

Contact: Queen Mother Dr. Delois Blakely
Emails: drblakely5@aol.com – queenmothercoffee@yahoo.com
Phone: (212) 368-3739

FOR IMMEDIATE RELEASE

# QUEEN MOTHER DR. DELOIS BLAKELY, COMMUNITY MAYOR OF HARLEM TENDS TO GRIEVING MOTHERS OVER THE FIRE TRAGEDY IN THE BRONX

**(Thursday, March 8, 2007)** – Queen Mother Dr. Delois Blakely, Community Mayor of Harlem and Harlem Women *International* comforts the grieving Magassa mothers over the fire tragedy and lost children in the Bronx, New York on the United Nations International Women's Day.

"This is a horrific event for the World African Community; not only a Malian misfortune, an International concern, so during this time of sadness we ask for all women all over the world to pray for the families and send their blessings for these grieving mothers on the United Nations International Women's Day."

Queen Mother Dr. Delois Blakely accompanied Mr. Cheick Diarra, Ambassador of Mali to the United Nations and the Official Government Delegation of Mali, West Africa, visiting the surviving mother and children at Lincoln and Jacobi Hospitals, touching and praying over them giving them love.

Queen Mother Dr. Blakely attended the meeting at the Islamic Cultural Center with the immediate families and the Islamic, Political Leaders and Civic Community as well as meeting with Councilwoman Helen Diane Foster and the 16th District Clergy Council discussing the action plans needed on behalf of the surviving victims of this tragedy. Afterwards, Queen Mother took a spiritual incantation at the fire site, prayed for the lost of family members and met with and consoled the grieving mother of the five (5) deceased children and other members of the family.

As the official link between the continent of Africa and the United States of America, Queen Mother Dr. Delois Blakely will continue to console the families during the planning of burial in New York City oand in Mali, West Africa as well as to ensure a resolution in this tragedy.

####

NEWSDAY.COM WEDNESDAY, MARCH 14, 2007 | CITY EDITION 50¢

# Harlem 'mayor' is not new to mournful journeys

BY DANIEL MASSEY
daniel.massey@newsday.com

Queen Mother Delois Blakely prepares to go to Mali.

She accompanied Amadou Diallo's body back to Guinea in 1999 and sat through every day of the two trials of the New York City Police officer who in 2003 shot and killed Burkina Faso native Ousmane Zongo in a Manhattan storage warehouse.

Now, as New York City's West African community copes with the deaths of nine children and a mother in last week's Bronx house fire, the honorary mayor of Harlem has her suitcases packed and her passport in hand.

Queen Mother Delois Blakely traveled yesterday morning to the Malian Mission in Manhattan, where an official stamped her passport with a five-year multiple entry visa, allowing her to accompany the bodies of the wife and four children of Mamadou Soumare to Mali later this week for burial.

"When they're ready to move out, Queen Mother is ready to move out," she said. "The father is going to need comfort. He'll have his brothers but he'll need a mother."

Soumare expects to be granted permission today to travel to Mali, a trip he plans to take this week, later returning to the United States.

Blakely, 65, a Harlem fixture, was born in Fort Lauderdale, Fla., and came to New York at the age of 16 to enter the Convent of the Franciscan Handmaids of Mary.

She spent 10 years as a nun before leaving the convent to earn a master's degree at Harvard University and a doctorate in education at Teachers College at Columbia University, she said.

She started the New Future Foundation, a nonprofit organization that builds bridges between young people from different cultures. Her work caught the eye of Queen Mother Audley Moore, a Harlem civil rights leader who was given that title by a king from Ghana. Blakely was Moore's assistant for 20 years — standing with her as they welcomed Nelson and Winnie Mandela to New York in 1990 — until Moore's death in 1997.

[illegible] then assumed the role of Queen Mother and one of her early responsibilities was to fly to Guinea to help bury Diallo.

Since Thursday, Blakely has been a constant around both Mamadou Soumare and Moussa Magassa, the father who lost five children in the fire. She was with the families when they met with Mayor Michael Bloomberg Friday and again when they sat with Gov. Eliot Spitzer on Sunday. During the funeral procession Monday, she rode in the first hearse, which carried the body of Maryam Sidibe, Soumare's wife.

Baba Jagana, a Bronx imam, accompanied Blakely to get her visa yesterday morning.

"She feels our pain and we

# Drame du Bronx: Horreur, Tristesse, Prières et Solidarité

Queen Mother: Une américaine qui intervient toujours pour et avec la communauté africaine

<<Aw salam oualeikoum!

A mon frère M. le Ministre à mon frère le Président Toure, à une famille du Mali, spécialement je m'adresse aux personnes âgées du Mali. Nous sommes [illegible] dans [illegible] pas la volonté divine [illegible] [illegible] accepter [illegible] [illegible]

Le représentant du Bureau de liaison NYPD-Communauté africaine: Sidiq wai

<<Avant de dire quoi que ce soit, je vous demanderai de vous lever, de vous donner la main et d'observer une minute de silence à la mémoire de nos disparus.

(Après une pause), Je ne suis pas un prêcheur, mais aujourd'hui Dieu m'a [illegible] une prière que je voudrais partager avec vous. Dieu Tout-puissant, nos enfants [illegible] [illegible] entre eux [illegible] [illegible]

FROM : NEWFUTUREFOUNDATIONINC PHONE NO. : 2128624149 May. 19 2007 12:40AM P3

**Exhibit B**





HarlemLIVE
Harlem's Youth Internet Publication

# The Mayor Of Harlem

by: Jerlena Rhodes

Photographs by: Angel Colon

**The Community Mayor Of Harlem Dr. Blakely**

There are many good things in Harlem and there are many bad things. It's sad that we only hear about the bad and not the good, such as "The Community Mayor Of Harlem".

"The Community Mayor Of Harlem" is an honorary position given to someone for their great support and dedication to the community. Dr. Ben Watkins was the last elected honorary Mayor in Harlem. Dr. Larry Desmond who was also elected honorary Mayor of Harlem in the past was the one who recommended Dr. Delois Blakely to be Community Mayor of Harlem. Each day Dr. Blakely deals with the needs of youth

and children. She was sworn in along with 25 other Community Mayors from other areas around the United States by Mayor Rudolph Giuliani. She was appointed by the Chief of Community Mayors. The Chief of Community Mayors is a non governmental organization and is known internationally. Community Mayors are found all over the nation.

**H.E. Colonel (Rtd.) Yahya A.J.J. Jammeh President of the Republic of the Gambia and Commander-In-Chief of the armed forces.**

Dr. Blakely was appointed "The Community Mayor Of Harlem" by the Chief of Community Mayors. She was sworn in by Mayor Rudolph Giuliani. Her duty as the "Community Mayor of Harlem" is to deal with the needs for youth and children as well as the special needs for children who are homeless, handicapped, and are in foster care. She is also recognized for the commitment and dedication to the children and youth of Harlem. In 1982,her title was known as the "Deputy Mayor" but in 1995 her title changed to "The Community Mayor of Harlem".

When she was a very young girl, growing up in Ft. Lauderdale, Florida, Dr. Blakely's mother died, leaving responsibility for raising five girls with her father to raise. She grew up around Simanur Indians and is part Native American and African. As a child, Ms. Blakely loved going to church to sing. When she was 14 years

old, she decided she wanted to be a missionary for the church, wanting to help people who were less fortunate. Also while growing up she was into medicine.

Dr. Blakely never finished high school and as the years went by she became interested in becoming a nun. She came to Harlem at the age of 16 in 1958 and served as a nun until 1969. Over the years, Dr. Blakely has been promoting Harlem all over the world. She worked in the Kennedy Center in the Nursery for the Nuns located next to the Bath House on 135th Street. She taught children there and later she taught in prisons. She remembers when Harlem Hospital was being built.

Dr. Blakely has a book out which is called "The Street Nun". She talks about life as a nun in Harlem.

"I want to save the world through the youth," says Dr. Blakely, "Harlem is the Black Mecca".

In Gambia, Dr. Blakely is a Gambian citizen. She is known as Dr. Fatou Delois Blakely Kinteh.

---

|| Home Page | Welcome | Contents | Staff ||

Back to the top

harlemlive@ aol.com

Think different.



# Queen Mother Dr. Blakely

COMMUNITY MAYOR OF HARLEM, NEW YORK

Home | Biography | New York Links | Community Mayors, Inc.

## PROTECT OUR YOUTH FROM GANG VIOLENCE/OPPOSE THE DEATH PENALTY

> Statement on the Execution of Stanley "Tookie" Williams

The execution of Stanley "Tookie" Williams on December 13, 2005, was a human tragedy of monumental scope. If we are to ever overcome the scourge of gang control over the minds and lives of our youth, we must embrace those, like Tookie, who redeem themselves.

Although founding the notorius Crips gang, Tookie turned his life around. He became an educator of youths discouraging them from joining gangs. He wrote books for young people to deter them from the gang lifestyle. For this, he was nominated for the Nobel Peace Prize on several occasions.

Tookie was a role model for redemption. He was living proof that no matter what bad you have done in your life, you could change and do good. His execution does nothing to encourage others to choose the road for peace -- this is the tragedy in his execution. We have lost a powerful educator.

-- *Queen Mother Dr. Delois Blakely*

Silent Vigil...Queen Mother Dr. Delois Blakey protests outside San Quentin with about 2000 people, at the time of execution of Williams.
Photo: *AP*

> Final Pleas Fail to Save Reformed Gang Leader by Gerard Wright, 12/14/05

STANLEY Tookie Williams, convicted murderer and the latest cause clebre in America's 30-year debate over the death penalty, was executed yesterday. more

## FIGHT POLICE BRUTALITY

Dr. Blakely comforting Salimata Sanfo, the widow of slain African immigrant Ousmane Zongo, outside New York State Supreme Court in Manhattan. Police officer Bryan

## WELCOME TOURISTS TO HARLEM

Dr. Blakely welcoming New York delegate Lolita Vazquez to Harlem near Apollo Theatre.
Photo: *Mikki Harris*

## AFRICAN BURIAL GROUND NAMING CEREMONY

Queen Mother Dr. Blakely leads the African Burial