UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DR. DELOIS BLAKELY, BISHOP SHIRLEY PITTS,
MS. MARGARET CALLENDER

Plaintiff(s)

07 CV 3951 (DC)

Vs.

NEW YORK CITY CORPORATION COUNSEL,
MICHAEL A. CORDOZO; NEW YORK CITY
CORPORATION ASSISTANT COUNSEL, LESLIE
SPITALNICK; 100 CHURCH STREET, NY, NY 10007;
MARTHA E. STARK, NY CITY COMMISSIONER OF
FINANCE, 66 JOHN STREET, 3RD FLOOR, NEW
YORK, NY 10038; SHAUN DONOVAN, NY CITY
HPD COMMISSIONER THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION &
DEVELOPMENT HPD, 100 GOLD STREET, ROOM
1R, NEW YORK, NY 10038; MYRIAM ELLIS, IN HER
OFFICIAL CAPACITY AS HPD REPRESENTATIVE,
100 GOLD STREET, ROOM 1R, NEW YORK, NY
10038; MARK MATTHEW, 100 GOLD STREET,
ROOM 1R, NEW YORK, NY 10038

Defendant(s)

------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

          MICHAEL A. CARDOZO
          Corporation Counsel
           of the City of New York
          Attorney for City Defendants
          100 Church Street, Room 5-154
          New York, New York 10007
          (212) 788-0461

September 11, 2007

GABRIEL TAUSSIG
PAULA VAN METER
CHRISTINA L. HOGGAN
  Of Counsel

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 3

ARGUMENT

    POINT I

        PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER CLAIMS AS SHE DOES NOT OWN THE SUBJECT PREMISES ............................................................... 3

    POINT II

        PLAINTIFF'S 18 U.S.C. §§ 241, 242 AND 245 AND 42 U.S.C. § 3631 CLAIMS FAIL TO STATE A CLAIM AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION .................................................. 5

    POINT III

        PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 .................................................................................................. 5

    POINT IV

        AS PLAINTIFF FAILS TO STATE A CLAIM AGAINST CITY DEFENDANTS UNDER FEDERAL LAW, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS ............................................................................................. 8

CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Alfaro Motors, Inc. v. Ward,
    814 F.2d 883 (2d Cir. 1987)...................................................................5, 6

Bingham v. Zolt,
    66 F.3d 553 (2d Cir 1995).......................................................................4

Brandstein,
    20 F. Supp. at 370 ..................................................................................4

Ceribelli v. Elghanayan,
    990 F.2d 62 (2d Cir. 1993).......................................................................4

Dugar v. Coughlin,
    613 F. Supp. 849 (S.D.N.Y 1985) ............................................................5

Fine v. City of New York,
    529 F.2d 70 (2d Cir. 1975).......................................................................6

Harhay v. Town of Ellington Board of Education,
    323 F.2d 206 (2d Cir. 2003).....................................................................7

Hume v. U.S.,
    132 U.S. 406 [1889].................................................................................6

Johnson v. Fankell,
    520 U.S. 911 (1997).................................................................................7

Koch v. Yunich,
    533 F.2d 80 (2d Cir. 1976).......................................................................5

Marinoff v. United States Dep't of Hous. & Urban Dev.,
    892 F. Supp. 493 (S.D.N.Y 1995)
    aff'd, 78 F.3d 64 (2d Cir. N.Y. 1996).......................................................5

Roffman v. City of New York,
    2002 U.S. Dist. LEXIS 23665 (S.D.N.Y. 2002).......................................5

Shapiro Bernstein & Co.,
    386 F.2d at 427 .......................................................................................4

X-Men Sec., Inc. v. Pataki,

| **Cases** | **Page** |
| --- | --- |
| 196 F.3d 56 (1999) | 7 |

**Statutes**

| | |
| --- | --- |
| 42 U.S.C. §1983 | 3, 5, 6, 7 |
| 42 U.S.C. § 3631 | 3, 5 |
| 18 U.S.C. §§ 241, 242 | 3, 5 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DR. DELOIS BLAKELY, BISHOP SHIRLEY PITTS,
MS. MARGARET CALLENDER

Plaintiff(s)

07 CV 3951 (DC)

Vs.

NEW YORK CITY CORPORATION COUNSEL,
MICHAEL A. CORDOZO; NEW YORK CITY
CORPORATION ASSISTANT COUNSEL, LESLIE
SPITALNICK; 100 CHURCH STREET, NY, NY 10007;
MARTHA E. STARK, NY CITY COMMISSIONER OF
FINANCE, 66 JOHN STREET, 3RD FLOOR, NEW
YORK, NY 10038; SHAUN DONOVAN, NY CITY
HPD COMMISSIONER THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION &
DEVELOPMENT HPD, 100 GOLD STREET, ROOM
1R, NEW YORK, NY 10038; MYRIAM ELLIS, IN HER
OFFICIAL CAPACITY AS HPD REPRESENTATIVE,
100 GOLD STREET, ROOM 1R, NEW YORK, NY
10038; MARK MATTHEW, 100 GOLD STREET,
ROOM 1R, NEW YORK, NY 10038

Defendant(s)

------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF THEIR MOTION TO DISMISS

Defendants LESLIE SPITALNICK, Assistant Corporation Counsel of the City of New York; MARTHA E. STARK, Commissioner of the New York City Department of Finance ("DOF"); SHAUN DONOVAN, Commissioner of the New York City Department of Housing Preservation and Development ("HPD"); MYRIAM ELLIS, in her official capacity as an HPD employee; and MARK MATTHEW, in his official capacity as an HPD employee, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, and MICHAEL A. CORDOZO, Corporation Counsel of the City of New York, respectfully submit this reply

memorandum of law in further support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

### Preliminary Statement

In the instant action, *Pro Se* Plaintiff[1], asserts that Defendants, in commencing an in rem tax foreclosure action against 477 West 142nd Street, New York, New York (the "subject premises"), violated 18 U.S.C. §§ 241, 242 and 245, as well as 42 U.S.C. § 3631 and 42 U.S.C. §1983.  As set forth in Defendants' Motion to Dismiss, Plaintiff fails to state a claim as 1) she does not have standing to bring the instant action insofar as she does not own the subject premises, but rather 477 West 142nd Street HDFC ("HDFC") does, 2) 18 U.S.C. § 241, 242 and 245 and 42 U.S.C. § 3631 do not provide for a private cause of action, and 3) Plaintiff fails to set forth how or which of her constitutional rights were violated under 42 U.S.C. §1983.  Plaintiff, in opposition to Defendants' Motion to Dismiss, alleges that 1) she has standing as a shareholder of HDFC, 2) her 18 U.S.C. §§ 241, 242 and 245, and 42 U.S.C. § 3631 claims were referenced to amplify Plaintiff's case which is based on a 42 U.S.C. § 1983 violation, and 3) that Defendants Cardozo and Spitalnick are not entitled to immunity.

### ARGUMENT

### POINT I

**PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER CLAIMS AS SHE DOES NOT OWN THE SUBJECT PREMISES**

It appears that Plaintiff is asserting that she has standing to challenge Defendants' actions in imposing and enforcing liens against the subject premises since she is a shareholder of HDFC which in turn owns the subject premises.  That Plaintiff is one of the shareholders of

---

[1] Defendants Margaret Callender and Bishop Shirley Pitts withdrew their claims pursuant to a Stipulation to Discontinue Action which was so ordered by the Court on July 9, 2007.

HDFC is irrelevant. "When the claim is that corporate property has been removed from the corporation, it is the corporation -- having an independent legal identity -- that must seek, on its own or derivatively, to redress its injury. The shareholder in such a case is injured only as a result of the injury to another, i.e., the corporation, and therefore generally lacks standing." Bingham v. Zolt, 66 F.3d 553, 561-62 (2d Cir 1995). "Under New York law, a shareholder may bring an individual suit if the defendant has violated an independent duty to the shareholder, whether or not the corporation may also bring an action." Ceribelli v. Elghanayan, 990 F.2d 62, 63-64 (2d Cir. 1993) citations omitted. Here, Plaintiff does not allege that Defendants violated an independent duty owed to her as a shareholder. Rather, Plaintiff alleges that corporate property, i.e., the subject premises, is being removed from HDFC ownership as a result of Defendants imposing and enforcing liens against the subject premises. Consequently, Plaintiff lacks standing.

Further, as set forth in Defendants' motion, to the extent Plaintiff seeks to bring the action on behalf of HDFC, notwithstanding her allegations to the contrary, she is not authorized to do so. That Plaintiff is a shareholder of HDFC is not sufficient to allow her to represent HDFC in Court. "Since, of necessity, a natural person must represent the corporation in court, [the Second Circuit] ha[s] insisted that that person be an attorney licensed to practice law before our courts." Id. citing Shapiro Bernstein & Co., 386 F.2d at 427; Brandstein, 20 F. Supp. at 370. As Plaintiff is not an attorney licensed to practice law, she may not represent HDFC.

Consequently, the instant action should be dismissed as Plaintiff does not have standing.

## POINT II

### PLAINTIFF'S 18 U.S.C. §§ 241, 242 AND 245 AND 42 U.S.C. § 3631 CLAIMS FAIL TO STATE A CLAIM AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION

Plaintiff's claims under 18 U.S.C. §§ 241, 242 and 245 and 42 U.S.C. § 3631 fail as the statutes do not provide for a private right of action. Rather, they are criminal statutes utilized by federal prosecutors. See e.g. Dugar v. Coughlin, 613 F. Supp 849, 852 (S.D.N.Y 1985). Marinoff v. United States Dep't of Hous. & Urban Dev., 892 F. Supp. 493 (S.D.N.Y 1995), adopting Marinoff v. United States Dep't of Hous. & Urban Dev., 892 F. Supp. 493 (S.D.N.Y 1994), aff'd 78 F.3d 64, 1996 (2d Cir. N.Y. 1996). Plaintiff does not dispute such. Consequently, as it is undisputed that 18 U.S.C. §§ 241, 242 and 245 and 42 U.S.C. § 3631 do not provide for a private right of action, Plaintiff's claim should be dismissed.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Roffman v. City of New York, 2002 U.S. Dist. LEXIS 23665, *10 (S.D.N.Y. 2002). See also Gomez, 446 U.S. at 640. "[I]t is well settled that to state a civil rights claim under 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) citing Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976);

Fine v. City of New York, 529 F.2d 70, 73 (2d Cir. 1975)). Here, Plaintiff, seeking to challenge Defendants' imposition and enforcement of liens against the subject premises, alleged in her Complaint that the liens were "punitive, suspicious, and racially motivated." See Complaint at ¶ 10. This conclusory statement is insufficient to state a 42 U.S.C. § 1983 claim.

Plaintiff, in her opposition does not contest that her allegation is insufficient to assert a 42 U.S.C. § 1983 claim as it is a "broad, simple, and conclusory statement[]." See Alfaro Motors, Inc., 814 F.2d at 887. Rather, Plaintiff, alleges that the City deceived HDFC when it sold the subject premises to HDFC. Specifically, Plaintiff asserts that the City is

> guilty of deception and using under the color of law the powers granted it by New York State legislature to deprive plaintiffs of their constitutionally protected rights. The city of New York is responsible for assigning fraudulent deeds, as a method of creating surrogates (SHAREHOLDERS OF HDFC) to become 'burden-bearers' of its flailing and unmanageable property, whom they deceived into entering into a covenant that qualifies as an unconscionable bargain within the meaning of Hume v. U.S., 132 US 406 [1889]."

Plaintiffs argument fails on several grounds. First, Plaintiff's assertions are irrelevant. The circumstances surrounding the initial 1982 purchase of the subject premises has no bearing on whether Plaintiff's pleadings, which assert a 42 U.S.C. § 1983 claim due to Defendants actions in imposing and enforcing liens, are deficient and should be dismissed as they fail to state a claim. Second, even if found relevant, the argument still fails as 1) Plaintiff's new allegation is a "broad, simple, and conclusory statement[]," and 2) Plaintiff fails to assert which of her Constitutional rights were violated when HDFC purchased the subject premises from the City. Consequently, due to the deficiencies in Plaintiff's pleadings, Plaintiff fails to state a claim, and the Complaint should be dismissed.

Plaintiff, in further opposition to Defendants' motion, argues that Defendants Cardozo and Spitalnick are not immune from liability. To this end, Plaintiff asserts that Defendants' motion is insufficient to establish that Defendants Cardozo and Spitalnick are entitled to qualified immunity. Plaintiff is incorrect. Qualified immunity is available where "the complaint fails to allege a violation of clearly established law." Johnson v. Fankell, 520 U.S. 911, 915 (1997).

> An analysis of a qualified immunity claim consists of a three-step inquiry:
>
> First, we must determine whether plaintiff has alleged a violation of a constitutional right. Then we consider if the violated right was clearly established at the time of the conduct. Finally, if plaintiff had a clearly established, constitutionally protected right that was violated by the actions of the Board, he or she must demonstrate that defendants' actions were not objectively reasonable.
>
> Harhay v. Town of Ellington Board of Education, 323 F.2d 206, 211 (2d Cir. 2003)(internal citations omitted).

A defendant "may benefit from qualified immunity if plaintiff is unable to establish any of these three elements." Id. at 211-212. "The issue of 'whether the plaintiff has asserted a violation of a constitutional right at all' is a 'purely legal question.' If the complaint does not allege a cognizable federal claim, the defendant is entitled to have his qualified-immunity motion granted promptly as a matter of law." X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 66 (1999) (internal citations omitted). Here, Plaintiff has failed to assert that Defendants Cardozo and Spitalnick acted unreasonably or violated any of her constitutional rights by commencing an in rem tax foreclosure against HDFC. Accordingly, the 42 U.S.C. § 1983 claim should be dismissed, if not in its entirety, as to Mr. Cardozo and Ms. Spitalnick.

## POINT IV

### AS PLAINTIFF FAILS TO STATE A CLAIM AGAINST CITY DEFENDANTS UNDER FEDERAL LAW, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff, in her opposition, does not contest that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, i.e., her attempt to challenge the calculation of the tax lien which is presently being foreclosed upon, or that if the Court opted to do so, that Plaintiff's state law claims should be dismissed because they fail to state a claim which relief can be granted under state law. As such, the Court should decline to exercise supplemental jurisdiction, or to the extent the Court opts to exercise supplemental jurisdiction, it should dismiss Plaintiff's state law claims as they fail to state a claim.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss, Defendants respectfully request that the Complaint be dismissed in its entirety. In the event that the Court denies this motion, the undersigned requests 30 days from service of the Court's decision to serve an answer to the Complaint.

Dated:    New York, New York
          September 11, 2007

                        Respectfully submitted,

                        MICHAEL A. CARDOZO
                        Corporation Counsel
                          of the City of New York
                        Attorney for City Defendants
                        100 Church Street, Room 5-154
                        New York, New York 10007
                        (212) 788-0461

By: _____
      Christina L. Hoggan (CH 6877)
      Assistant Corporation Counsel