```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
DR. DELOIS BLAKELY,                      :
                                         :
                       Plaintiff,        :   07 Civ. 3951 (DLC)
                                         :
            -v-                          :   ORDER AND OPINION
                                         :
MICHAEL A. CARDOZO, LESLIE SPITALNICK,    :
MARTHA E. STARK, SHAUN DONOVAN, MYRIAM   :
ELLIS, MARK MATTHEWS,                    :
                       Defendants.       :
                                         :
----------------------------------------X
```

Appearances:

Pro Se Plaintiff:
Dr. Delois Blakely
477 West 142nd Street
New York, New York 10031

For Defendants:
Christina L. Hoggan
Assistant Corporation Counsel of the City of New York
100 Church Street, Room 5-154
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Dr. Delois Blakely brings the instant action against various officials of the City of New York (the "City"), alleging that the City has violated her federal statutory and constitutional rights by initiating an in rem tax foreclosure action against 477 West 142nd Street, New York, New York (the "property"), a property owned by the 477 West 142nd Street Housing Development Fund Corporation (the "HDFC"), of which Blakely claims to be a shareholder.  The defendant City

officials (the "defendants") have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Blakely lacks standing to prosecute this action or, in the alternative, that she has failed to state a claim upon which relief can be granted. Because Blakely lacks standing to sue, the defendants' motion to dismiss is granted.

BACKGROUND

The following facts are undisputed. The HFDC, duly organized as a corporation under the New York Private Housing Finance Law, purchased the property at 477 West 142nd Street from the City in 1982 and covenanted with the City to operate the premises solely as a housing project for persons or families of low income. Blakely lives on the property and claims to be a shareholder in the HDFC. On January 9, 2004, the City commenced an in rem tax foreclosure action against certain delinquent tax parcels, including 477 West 142nd Street. See In Rem Tax Foreclosure Action No. 46, Borough of Manhattan, Index No. 580001/04 ("Manhattan 46"). As of that date, the outstanding taxes and other charges against the property amounted to $302,370.03; as of September 21, 2006, this figure had increased to $475,172.96. HDFC answered in Manhattan 46 on April 29, 2004, resulting in the severance of the property from the foreclosure action. See N.Y. City Admin. Code § 11-409.

The City moved for summary judgment in the Supreme Court, New York County, on December 22, 2006.  On April 16, 2007, Shirley Pitts, suing as Vice President and a shareholder of HDFC and represented by counsel, filed an opposition.  HDFC did not file its own submission, and the court treated Pitts' opposition as HDFC's own.  The City served Pitts with its reply papers on April 19, 2007, and on April 23, the court granted the City's motion for summary judgment.  The City filed a proposed judgment of foreclosure on May 21, 2007.  Three days later, on May 24, the HDFC, represented by counsel, moved for reargument and sought vacatur of the Supreme Court's April 23, 2007 decision.  The HDFC claimed that it failed to submit its own opposition to the City's motion for summary judgment because of miscommunication among the interested parties.  On June 6, the City served opposition papers on the HDFC in response to its May 24 motion for reargument and vacatur, and the HDFC replied on June 8.  By decision dated June 11, 2007, the Supreme Court vacated its April 23, 2007 decision and reconsidered the City's motion for summary judgment.  After reviewing the parties' submissions, the court again found that the HDFC had defaulted and, on reargument, had not "proffered evidence of inaccuracy of calculation and what correct amount is due."  Accordingly, the Supreme Court again granted summary judgment to the City.

3

On May 21, 2007, Blakely, along with Bishop Shirley Pitts and Margaret Calender, filed the instant suit seeking injunctive and declaratory relief under 18 U.S.C. §§ 241, 242, and 245, and 42 U.S.C. §§ 1983 and 3631.  On July 9, Pitts and Calender withdrew their claims pursuant to a Stipulation to Discontinue Action.  Blakely, pro se and proceeding as the sole plaintiff, requests appointment of an independent attorney to recalculate the debt owed by the HDFC to the City; an injunction to prevent the City from foreclosing on the property for six months so that the HDFC can "obtain grants and pay outstanding taxes"; a transfer of the property to the New Future Foundation, a nonprofit organization of which Blakely is president, and a declaration that transfer to any other third party would be "void on its face"; and ten million dollars in monetary damages. The City moves to dismiss, claiming principally that Blakely lacks standing to prosecute this action, and that she has failed to state a claim under the various statutes listed in the complaint.

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).  It may

"dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth therein. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (citation omitted); see also McCarthy, 482 F.3d at 191. Standing is assessed on the basis of the pleadings, and thus a court accepts as true "all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Bldg. & Constr. Trades Council v. Downtown Dev., Inc., 448 F.3d 138, 144 (2d Cir. 2006) (citation omitted).

The defendants claim that Blakely lacks standing to prosecute this suit because she does not own the premises subject to the in rem foreclosure action. To the extent Blakely seeks to bring the action on behalf of the HDFC, they contend that she is not authorized to do so because a corporation cannot proceed pro se. Blakely counters that she has standing because she brings this suit as a "private shareholder[]" of the HDFC. She further argues that she was deceived by the City into believing that she was the owner of the property by its sanctioning of the HDFC as a corporate body comprised of the owners of apartments at 477 West 142nd Street, and that she would suffer a constitutionally cognizable injury if the City were now to preclude her from bringing suit on behalf of the HDFC.

To have standing under Article III of the United States Constitution, "a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision."  Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  "[T]he harm must be 'actual or imminent,' not 'conjectural or hypothetical.'"  Id. at 264 (citing Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990)).

Because the property at 477 West 142nd Street is the object of the City's in rem foreclosure action, only the property's legal owner, the HDFC, can be alleged to have suffered the requisite injury to confer standing.  Blakely, a shareholder of the HDFC, is "injured only as a result of the injury to another, i.e., the corporation, and therefore generally lacks standing."  Bingham v. Zolt, 66 F.3d 553, 562 (2d Cir. 1995).  Because she has not alleged that the City "has violated an independent duty" to her as a shareholder in the HDFC, Ceribelli v. Elghanayan, 990 F.2d 62, 63 (2d Cir. 1993), she lacks standing to pursue this action.  To the extent she seeks to represent the interests of the HDFC in suing the City, it is clear that she may not do so pro se, as the Second Circuit has stated that "a natural person must represent the corporation in court," and

consequently "insisted that that person be an attorney licensed to practice law before our courts." Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983).

CONCLUSION

The defendants' motion to dismiss is granted for plaintiff's lack of standing. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         September 17, 2007

              _____
                      DENISE COTE
              United States District Judge

COPIES SENT TO:

Delois Blakely
New Future Foundation, Inc.
HDFC
477 West 142nd Street, Suite 2
New York, NY 10031

Christina Lee Hoggan
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007